PAUL H. NEUHARTH, JR (State Bar # 147073)
1140 Union Street, Suite 102
San Diego, CA 92101
Telephone: (619) 231-0401
Facsimile: (619) 231-8759

Attorney for Plaintiff
EDWARD PERUTA

FILED
09 OCT 23 AM 11:59
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

EDWARD PERUTA,

  Plaintiff,

vs.

COUNTY OF SAN DIEGO, WILLIAM D. GORE, INDIVIDUALLY AND IN HIS CAPACITY AS SHERIFF,

  Defendants.

Case No.: '09 CV 2371 IEG - BLM

COMPLAINT FOR DAMAGES
42 U.S.C. §§ 1983, 1988

COME NOW the Plaintiff Edward Peruta, by and through undersigned counsel, and complaint of Defendants as follows:

**THE PARTIES**

1. Petitioner Edward Peruta (hereinafter referred to as "Plaintiff/Petitioner") is a natural person and a citizen of the United States and of the State of California, residing in San Diego County, California.

2. Defendant San Diego County is a municipal entity organized under the Constitution and laws of the State of California.

COMPLAINT FOR DAMAGES - 1



3. Defendant William Gore is the Sheriff of San Diego County, and as such, he is responsible for formulating, executing and administering the challenged laws, customs and practices against plaintiffs, and is in fact presently enforcing the challenged laws, customs, and practices against plaintiff. Defendant Gore is sued in both his individual and official capacities.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202, and 42 U.S.C. § 1983

5. Venue lies in this court pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

*Background*

6. The Second Amendment to the United States Constitution provides: "A well regulated Militia being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

7. The Second Amendment, by way of the Fourteenth Amendment of the United States Constitution, prohibits states from depriving law-abiding individuals of their right to keep and bear arms.

8. The Second Amendment guarantees the right to carry handguns for self-defense.

9. States are allowed to regulate the carrying of handguns, such that states can prohibit the possession of firearms by felons and the mentally ill, or prohibit the carrying of firearms in sensitive places such as schools and government buildings.

COMPLAINT FOR DAMAGES - 2

10. States are not allowed to completely ban the carrying of handguns for self-defense, or impose regulations on the right to carry handguns that are inconsistent with the Second Amendment.

11. With few exceptions, California has banned the carrying of concealed weapons, (California Penal Code § 12025), and public carrying of loaded handguns, (California Penal Code § 12031).

12. California does allow for the issuance of a permit to carry a concealed loaded handgun in public, for self defense, and in small population counties, an individual may obtain a license to carry a loaded and exposed handgun. California Penal Code § 12050(a).

13. To obtain a permit to carry a handgun, applicants must pass a criminal background check, as required by California Penal Code §12052, and successfully complete a handgun training course, as required by California Penal Code §12050(a)(1)(E). An applicant must submit an application for a permit to carry a handgun to the county sheriff in which the applicant resides or spends a substantial amount of time in regard to the applicant's principal place of employment or business being located in that county. Before the county sheriff issues a license to carry a concealed weapon, the county sheriff makes a determination as to whether the applicant is of good moral character and has good cause for a license to carry a concealed weapon.

14. Even if an applicant successfully completes a background check and the handgun training course, the permit will only be issued if in the discretion of the county sheriff, it is found that the applicant is of good moral character and has shown that there is a good cause for the permit. California Penal Code §§ 12050(a)(1)(A), (B). Because county sheriffs have discretion in determining whether an applicant is of good moral character, and whether an

applicant has "good cause" for a permit, there is no continuity in the issuance of handgun carrying permits. In some counties, such as San Diego, applicants are rarely issued a handgun carrying permit, but in other counties, handgun carrying permits are issued to most law-abiding applicants.

15. Because county sheriffs have discretion in determining whether an applicant is of good moral character, and whether an applicant has good cause for a permit, the issuance of a license to carry a concealed weapon leads to the disparate treatment of applicants in California applying for a license to carry a concealed weapon. As such, applicants are not protected by the Equal Protection clause of the 14th Amendment of the United States Constitution.

16. Defendants' policy of requiring fulltime residence in San Diego County before issuing a license to carry a concealed weapon, violates the right to travel guaranteed by the 14th Amendment of the United States Constitution.

*Violations of Plaintiff's Right to Bear Arms*

17. Plaintiff Edward Peruta maintains several residences across the United States, including but not limited to a residence in San Diego County. Plaintiff maintains a permanent mailing address in San Diego, California, where he and his wife have a room in which they keep a wardrobe and other personal items.

18. Plaintiff and his wife have made their motor home their permanent residence, and stay in San Diego for extended period of times. Plaintiff reserved space at Campland on the Bay, in San Diego, California, from November 15, 2008 through April 15, 2009. He had also reserved space at the same place from February, 2007 through April, 2007.

COMPLAINT FOR DAMAGES - 4

19. Plaintiff is the founder, and sole stockholder of American News and Information Services, Inc., a news and information company that operates throughout the United States, and which gathers and provides raw, breaking news video, photographs, and news tips to various mainstream media outlets.

20. As part of Plaintiff's media duties, he often enters high crime areas, which puts him at risk of criminal assaults and in need of the ability to defend himself against the real possibility of being the target of violent crimes.

21. Plaintiff Peruta and his wife travel extensively throughout the United States in their motor home, carrying large sums of cash, valuables and equipment, which makes them a target for violent crimes.

22. As part of Plaintiff's travels, he and his wife often find it necessary to stay in extremely remote rural areas of the United States, including California, which makes them vulnerable physical attacks, due to the fact that they are often limited in their ability to receive immediate assistance from law enforcement or other public safety personnel.

23. Plaintiff is a certified National Rifles Association, (N.R.A.), instructor with the authority to train and certify individuals in the N.R.A. Basic Pistol Safety Course.

24. Plaintiff has a valid pistol permit issued by the State of Connecticut, and is recognized by the Department of Public Safety to teach the pistol course required to obtain a Connecticut Pistol Permit.

25. Plaintiff was assigned as a marine small arms instructor, (rifle and pistol), at the United States Naval Academy, in 1969.

26. Plaintiff successfully completed the Connecticut Municipal Training Course, in 1970.

27. Plaintiff is a former law enforcement officer from the state of Connecticut. Plaintiff was a law enforcement officer from 1969 to 1971.

28. Plaintiff obtained, and provided to the San Diego County Sheriff, the required 8 Hour Firearms Safety and Proficiency Certificate, in accordance with California Penal Code § 12050(E)(i).

29. The Firearms Licensing and Permits Unit of the State of California Department of Justice found Plaintiff eligible to possess firearms.

30. The Second Amendment right to bear arms, and the inherent right of self-defense and self-preservation it advances, are not considered by Defendant San Diego County to constitute "good cause" for the issuance of a permit to carry a concealed weapon.

31. Defendant Sheriff William Gore is continuing San Diego County's "good cause" policy for denying permits to carry a concealed weapon.

32. Pursuant to Defendant San Diego County's "good cause" policy, Plaintiff was denied a permit to carry a concealed weapon by Defendant Sheriff William Gore's predecessor, and it is obvious that re-submission of the same application to Defendant Sheriff Gore would be futile.

33. But for the lack of a permit to carry a concealed weapon, Plaintiff would carry a concealed weapon for self-defense.

34. On November 17, 2008, Plaintiff requested a license to carry a concealed weapon from the San Diego County Sheriff's License Division, at which time he was interviewed by a licensing supervisor to determine whether he satisfied the licensing criteria.

35. On February 3, 2009, Plaintiff submitted an application for a license to carry a concealed weapon.

36. Plaintiff was denied a license to carry a concealed weapon, because the San Diego County Sheriff's licensing division made a finding that Plaintiff did not have good cause, and was not a resident of San Diego County. It was deemed that Plaintiff did not have good cause, because Plaintiff could not document any specific threat of harm, and primary reasons for desiring a license to carry a concealed weapon were due to the fact that he often carried large amounts of cash, valuables and equipment in his motor home, and also because his duties as a news investigator placed him in high crime areas.

37. Defendants have deprived Plaintiff of his right to carry a handgun for self-defense purposes, which is guaranteed by the Second Amendment, because there is a general ban on the exposed carrying of loaded handguns, and because of subjective "good cause" policy.

38. Plaintiff has shown that he has "good cause" for the license to carry a concealed weapon. However, the Defendants' arbitrary and capricious application of California Penal Code § 12050's "good cause" requirement has resulted in the denial to Plaintiff of a license to carry a concealed weapon, and violates Plaintiff's right to equal protection of the laws that is guaranteed by the 14th Amendment of the United States Constitution.

39. Plaintiff has shown he is a resident of San Diego County. However, Defendants' application of California Penal Code § 12050's residency requirement, has developed into an irrational and unjustified policy that requires fulltime residency in San Diego County, and violates Plaintiff's right to travel that is guaranteed by the 14th Amendment of the United States Constitution.

///

///

COMPLAINT FOR DAMAGES - 7

## FIRST CLAIM FOR RELIEF
## U.S. CONST., AMEND. II – RIGHT TO BEAR ARMS, 42 U.S.C. § 1983
## AGAINST ALL DEFENDANTS

40. Plaintiff/Petitioner hereby realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 35 above as set forth herein in full.

41. Plaintiff is a law abiding individual, competent in the safe handling and operation of handguns, and in need of the ability to defend himself and his wife against violent attacks. Plaintiff is also in need of the ability to defend his valuable property, which he travels throughout California with. Accordingly, there exists no reason to deny Plaintiff a permit to carry a concealed weapon under California Penal Code § 12050.

42. By maintaining and enforcing a set of customs, practices, and policies depriving Plaintiff of a permit to carry a concealed weapon, including but limited to requiring subjective "good cause" beyond the interest in self-defense and conditioning the consideration of an application for a permit to carry a concealed weapon on a durational residency requirement, Defendants are propagating customs, policies, and practices that violate the Second and Fourteenth Amendments to the United States Constitution, damaging Plaintiff's rights in violation of 42 U.S.C. § 1983. Plaintiffs are therefore entitled to permanent injunctive relief against such customs, policies, and practices.

## SECOND CLAIM FOR RELIEF
## U.S. CONST., AMEND. XIV-EQUAL PROTECTION, 42 U.S.C. § 1983
## AGAINST ALL DEFENDANTS

43. Paragraphs 1 through 38 are incorporated as though fully stated in herein.

///

///

44. Plaintiff alleges that Defendants' "good cause" policy is not objective and results in the unequal treatment of similarly situated individuals applying for a license to carry a concealed weapon.

45. By maintaining and enforcing a set of customs, practices, and policies arbitrarily denying Plaintiff of a permit to carry handguns based on a subjective determination of their "good cause" for the permit and their length of residence in the county, Defendants are propagating customs, policies, and practices that violate Plaintiff's rights to equal protection of the laws under the Fourteenth Amendment to the United States Constitution, damaging Plaintiff in violation of 42 U.S.C. § 1983. Plaintiff is therefore entitled to permanent injunctive relief against such customs, policies, and practices.

### THIRD CLAIM FOR RELIEF
### U.S. CONST., AMEND. XIV-RIGHT TO TRAVEL, 42 U.S.C. § 1983
### AGAINST ALL DEFENDANTS

46. Paragraphs 1 through 40 are incorporated as though fully stated herein.

47. The Fourteenth Amendment guarantees individuals the right to interstate and intrastate travel.

48. By demanding that individuals reside fulltime in San Diego County before allowing them to apply for a permit to carry a concealed weapon, Defendants Gore and San Diego County are propagating customs, policies, and practices that violate Plaintiff's right to travel under the Fourteenth Amendment to the United States Constitution, damaging Plaintiff's in violation of 42 U.S.C. § 1983. Plaintiff is therefore entitled to permanent injunctive relief against such customs, policies and practices.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in his favor and against Defendants as follows:

1. An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing the "good moral character" and "good cause" requirements of California Penal Code §12050 against applicants applying for carrying concealed weapons permits who seek the permit for self-defense and are otherwise qualified to obtain a handgun carrying permit under that section;

2. An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from requiring any duration of local residence prior to accepting an application under California Penal Code § 12050;

3. Declaratory relief that the "good moral character" and "good cause" provisions of the California Penal Code § 12050 are unconstitutional either on their face and/or as applied to bar applicants who are otherwise legally qualified to possess firearms and who assert self-defense as their "good cause" for seeking a permit to carry a concealed weapon;

4. Costs of Suit, including attorney fees and costs pursuant to 42 U.S.C. § 1988;

5. Any other further relief as the Court deems just and appropriate.

Respectfully Submitted,

Dated: 10-22-09

PAUL H. NEUHARTH, JR.
Attorney for Plaintiff, PERUTA

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
PERUTA, EDWARD

**DEFENDANTS**
COUNTY OF SAN DIEGO, WILLIAM D. GORE, INDIVIDUALLY AND IN HIS CAPACITY AS SHERIFF

(b) County of Residence of First Listed Plaintiff  **SAN DIEGO**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  **SAN DIEGO**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

'09 OCT 23 AM 11:58

'09 CV 2371 IEG  BLM

(c) Attorney's (Firm Name, Address, and Telephone Number)
PAUL H. NEUHARTH, (SBN147073) 1140 UNION ST, STE. 102, SAN DIEGO, CA 92101, TEL. (619) 231-0401

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / **PERSONAL INJURY** ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  | ☐ 365 Personal Injury - Product Liability |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability / ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
|  |  | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** ☐ 530 General |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
| ☐ 290 All Other Real Property |  | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions |  |  |
|  | ☒ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 1983, 1988

Brief description of cause:
VIOLATION OF PLAINTIFF'S RIGHT TO BEAR ARMS, EQUAL PROTECTION AND RIGHT TO

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE                           DOCKET NUMBER

DATE  10-22-09
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #  6621    AMOUNT  350.00    APPLYING IFP    JUDGE    MAG. JUDGE

CF    NS 10/23/09

```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS006621
Cashier ID: msweaney
Transaction Date: 10/23/2009
Payer Name: PAUL H NEUHARTH APC
--------------------------------
CIVIL FILING FEE
 For: PERUTA V COUNTY OF SD
 Case/Party: D-CAS-3-09-CV-002371-001
 Amount:        $350.00
--------------------------------
CHECK
 Check/Money Order Num: 2480
 Amt Tendered:  $350.00
--------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```