1  JOHN J. SANSONE, County Counsel
   Answering Defendant of San Diego
2  By JAMES M. CHAPIN, Senior Deputy (SBN 118530)
   1600 Pacific Highway, Room 355
3  San Diego, CA  92101
   Telephone:  (619) 531-5244
4  james.chapin@sdcounty.ca.gov
   Attorneys for Defendant William D. Gore

5

6

7

8              UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10

11  EDWARD PERUTA,                        )  USSD No. **09-CV-2371 IEG (BLM)**
                                          )
12              Plaintiff,                )
                                          )
13      v.                                )  **DEFENDANT WILLIAM D. GORE'S
                                          )  NOTICE OF LODGMENT IN
14  COUNTY OF SAN DIEGO, WILLIAM D.       )  SUPPORT OF MOTION TO DISMISS
    GORE, INDIVIDUALLY AND IN HIS         )  COMPLAINT**
15  CAPACITY AS SHERIFF,                  )  [Fed.R.Civ.P., 12(b)(6]
                                          )
16              Defendants.               )  Date:   December 21, 2009
                                          )  Time:   10:30 a.m.
17                                        )  Dept:   1 – Courtroom of the
                                          )          Hon. Irma E. Gonzalez
18  _____)

19       Defendant William D. Gore hereby lodges copies of the following exhibit in

20  support of his motion to dismiss complaint, as follows:

21       **Exhibit A:**  Penal Code Sections 12050-12054

22  DATED: November 12, 2009          JOHN J. SANSONE, County Counsel

23                                    By: s/ JAMES M. CHAPIN, Senior Deputy
                                      Attorneys for Defendant William D. Gore
24

25

26

27

28

                                      1
                                                      09-CV-2371 IEG (BLM)

# EXHIBIT A

# PENAL CODE
# SECTION 12050-12054

12050.   (a) (1) (A) The sheriff of a county, upon proof that the
person applying is of good moral character, that good cause exists
for the issuance, and that the person applying satisfies any one of
the conditions specified in subparagraph (D) and has completed a
course of training as described in subparagraph (E), may issue to
that person a license to carry a pistol, revolver, or other firearm
capable of being concealed upon the person in either one of the
following formats:
   (i) A license to carry concealed a pistol, revolver, or other
firearm capable of being concealed upon the person.
   (ii) Where the population of the county is less than 200,000
persons according to the most recent federal decennial census, a
license to carry loaded and exposed in that county a pistol,
revolver, or other firearm capable of being concealed upon the
person.
   (B) The chief or other head of a municipal police department of
any city or city and county, upon proof that the person applying is
of good moral character, that good cause exists for the issuance, and
that the person applying is a resident of that city and has
completed a course of training as described in subparagraph (E), may
issue to that person a license to carry a pistol, revolver, or other
firearm capable of being concealed upon the person in either one of
the following formats:
   (i) A license to carry concealed a pistol, revolver, or other
firearm capable of being concealed upon the person.
   (ii) Where the population of the county in which the city is
located is less than 200,000 persons according to the most recent
federal decennial census, a license to carry loaded and exposed in
that county a pistol, revolver, or other firearm capable of being
concealed upon the person.
   (C) The sheriff of a county or the chief or other head of a
municipal police department of any city or city and county, upon
proof that the person applying is of good moral character, that good
cause exists for the issuance, and that the person applying is a
person who has been deputized or appointed as a peace officer
pursuant to subdivision (a) or (b) of Section 830.6 by that sheriff
or that chief of police or other head of a municipal police
department, may issue to that person a license to carry concealed a
pistol, revolver, or other firearm capable of being concealed upon
the person. Direct or indirect fees for the issuance of a license
pursuant to this subparagraph may be waived. The fact that an
applicant for a license to carry a pistol, revolver, or other firearm
capable of being concealed upon the person has been deputized or
appointed as a peace officer pursuant to subdivision (a) or (b) of
Section 830.6 shall be considered only for the purpose of issuing a
license pursuant to this subparagraph, and shall not be considered
for the purpose of issuing a license pursuant to subparagraph (A) or
(B).
   (D) For the purpose of subparagraph (A), the applicant shall
satisfy any one of the following:

Exhibit A

(i) Is a resident of the county or a city within the county.

(ii) Spends a substantial period of time in the applicant's principal place of employment or business in the county or a city within the county.

(E) (i) For new license applicants, the course of training may be any course acceptable to the licensing authority, shall not exceed 16 hours, and shall include instruction on at least firearm safety and the law regarding the permissible use of a firearm. Notwithstanding this clause, the licensing authority may require a community college course certified by the Commission on Peace Officer Standards and Training, up to a maximum of 24 hours, but only if required uniformly of all license applicants without exception.

(ii) For license renewal applicants, the course of training may be any course acceptable to the licensing authority, shall be no less than four hours, and shall include instruction on at least firearm safety and the law regarding the permissible use of a firearm. No course of training shall be required for any person certified by the licensing authority as a trainer for purposes of this subparagraph, in order for that person to renew a license issued pursuant to this section.

(2) (A) (i) Except as otherwise provided in clause (ii), subparagraphs (C) and (D) of this paragraph, and subparagraph (B) of paragraph (4) of subdivision (f), a license issued pursuant to subparagraph (A) or (B) of paragraph (1) is valid for any period of time not to exceed two years from the date of the license.

(ii) If the licensee's place of employment or business was the basis for issuance of the license pursuant to subparagraph (A) of paragraph (1), the license is valid for any period of time not to exceed 90 days from the date of the license. The license shall be valid only in the county in which the license was originally issued. The licensee shall give a copy of this license to the licensing authority of the city, county, or city and county in which he or she resides. The licensing authority that originally issued the license shall inform the licensee verbally and in writing in at least 16-point type of this obligation to give a copy of the license to the licensing authority of the city, county, or city and county of residence. Any application to renew or extend the validity of, or reissue, the license may be granted only upon the concurrence of the licensing authority that originally issued the license and the licensing authority of the city, county, or city and county in which the licensee resides.

(B) A license issued pursuant to subparagraph (C) of paragraph (1) to a peace officer appointed pursuant to Section 830.6 is valid for any period of time not to exceed four years from the date of the license, except that the license shall be invalid upon the conclusion of the person's appointment pursuant to Section 830.6 if the four-year period has not otherwise expired or any other condition imposed pursuant to this section does not limit the validity of the license to a shorter time period.

(C) A license issued pursuant to subparagraph (A) or (B) of paragraph (1) is valid for any period of time not to exceed three years from the date of the license if the license is issued to any of the following individuals:

(i) A judge of a California court of record.

(ii) A full-time court commissioner of a California court of record.

(iii) A judge of a federal court.

**Exhibit A**

(iv) A magistrate of a federal court.

(D) A license issued pursuant to subparagraph (A) or (B) of paragraph (1) is valid for any period of time not to exceed four years from the date of the license if the license is issued to a custodial officer who is an employee of the sheriff as provided in Section 831.5, except that the license shall be invalid upon the conclusion of the person's employment pursuant to Section 831.5 if the four-year period has not otherwise expired or any other condition imposed pursuant to this section does not limit the validity of the license to a shorter time period.

(3) For purposes of this subdivision, a city or county may be considered an applicant's "principal place of employment or business" only if the applicant is physically present in the jurisdiction during a substantial part of his or her working hours for purposes of that employment or business.

(b) A license may include any reasonable restrictions or conditions which the issuing authority deems warranted, including restrictions as to the time, place, manner, and circumstances under which the person may carry a pistol, revolver, or other firearm capable of being concealed upon the person.

(c) Any restrictions imposed pursuant to subdivision (b) shall be indicated on any license issued.

(d) A license shall not be issued if the Department of Justice determines that the person is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm.

(e) (1) The license shall be revoked by the local licensing authority if at any time either the local licensing authority is notified by the Department of Justice that a licensee is prohibited by state or federal law from owning or purchasing firearms, or the local licensing authority determines that the person is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm.

(2) If at any time the Department of Justice determines that a licensee is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm, the department shall immediately notify the local licensing authority of the determination.

(3) If the local licensing authority revokes the license, the Department of Justice shall be notified of the revocation pursuant to Section 12053. The licensee shall also be immediately notified of the revocation in writing.

(f) (1) A person issued a license pursuant to this section may apply to the licensing authority for an amendment to the license to do one or more of the following:

(A) Add or delete authority to carry a particular pistol, revolver, or other firearm capable of being concealed upon the person.

(B) Authorize the licensee to carry concealed a pistol, revolver, or other firearm capable of being concealed upon the person.

(C) If the population of the county is less than 200,000 persons according to the most recent federal decennial census, authorize the licensee to carry loaded and exposed in that county a pistol, revolver, or other firearm capable of being concealed upon the person.

(D) Change any restrictions or conditions on the license, including restrictions as to the time, place, manner, and circumstances under which the person may carry a pistol, revolver, or

**Exhibit A**

other firearm capable of being concealed upon the person.
    (2) When the licensee changes his or her address, the license
shall be amended to reflect the new address and a new license shall
be issued pursuant to paragraph (3).
    (3) If the licensing authority amends the license, a new license
shall be issued to the licensee reflecting the amendments.
    (4) (A) The licensee shall notify the licensing authority in
writing within 10 days of any change in the licensee's place of
residence.
    (B) If the license is one to carry concealed a pistol, revolver,
or other firearm capable of being concealed upon the person, then it
may not be revoked solely because the licensee changes his or her
place of residence to another county if the licensee has not breached
any conditions or restrictions set forth in the license and has not
become prohibited by state or federal law from possessing, receiving,
owning, or purchasing a firearm. However, any license issued
pursuant to subparagraph (A) or (B) of paragraph (1) of subdivision
(a) shall expire 90 days after the licensee moves from the county of
issuance if the licensee's place of residence was the basis for
issuance of the license.
    (C) If the license is one to carry loaded and exposed a pistol,
revolver, or other firearm capable of being concealed upon the
person, the license shall be revoked immediately if the licensee
changes his or her place of residence to another county.
    (5) An amendment to the license does not extend the original
expiration date of the license and the license shall be subject to
renewal at the same time as if the license had not been amended.
    (6) An application to amend a license does not constitute an
application for renewal of the license.
    (g) Nothing in this article shall preclude the chief or other head
of a municipal police department of any city from entering an
agreement with the sheriff of the county in which the city is located
for the sheriff to process all applications for licenses, renewals
of licenses, and amendments to licenses, pursuant to this article.


12050.2.  Within three months of the effective date of the act
adding this section, each licensing authority shall publish and make
available a written policy summarizing the provisions of
subparagraphs (A) and (B) of paragraph (1) of subdivision (a) of
Section 12050.


12051.  (a) (1) The standard application form for licenses described
in paragraph (3) shall require information from the applicant
including, but not limited to, the name, occupation, residence and
business address of the applicant, his or her age, height, weight,
color of eyes and hair, and reason for desiring a license to carry
the weapon. Applications for licenses shall be filed in writing, and
signed by the applicant. Any license issued upon the application
shall set forth the licensee's name, occupation, residence and
business address, his or her age, height, weight, color of eyes and
hair, the reason for desiring a license to carry the weapon, and
shall, in addition, contain a description of the weapon or weapons
authorized to be carried, giving the name of the manufacturer, the

**Exhibit A**

serial number, and the caliber. The license issued to the licensee may be laminated.

(2) Applications for amendments to licenses shall be filed in writing and signed by the applicant, and shall state what type of amendment is sought pursuant to subdivision (f) of Section 12050 and the reason for desiring the amendment.

(3) (A) Applications for amendments to licenses, applications for licenses, amendments to licenses, and licenses shall be uniform throughout the state, upon forms to be prescribed by the Attorney General. The Attorney General shall convene a committee composed of one representative of the California State Sheriffs' Association, one representative of the California Police Chiefs' Association, and one representative of the Department of Justice to review, and as deemed appropriate, revise the standard application form for licenses. The committee shall meet for this purpose if two of the committee's members deem that necessary. The application shall include a section summarizing the statutory provisions of state law that result in the automatic denial of a license.

(B) The forms shall contain a provision whereby the applicant attests to the truth of statements contained in the application.

(C) An applicant shall not be required to complete any additional application or form for a license, or to provide any information other than that necessary to complete the standard application form described in subparagraph (A), except to clarify or interpret information provided by the applicant on the standard application form.

(D) The standard application form described in subparagraph (A) is deemed to be a local form expressly exempt from the requirements of the Administrative Procedures Act, Chapter 3.5 (commencing with Section 11340) of Part 1 of Division 3 of Title 2 of the Government Code.

(b) Any person who files an application required by subdivision (a) knowing that statements contained therein are false is guilty of a misdemeanor.

(c) Any person who knowingly makes a false statement on the application regarding any of the following shall be guilty of a felony:

(1) The denial or revocation of a license, or the denial of an amendment to a license, issued pursuant to Section 12050.

(2) A criminal conviction.

(3) A finding of not guilty by reason of insanity.

(4) The use of a controlled substance.

(5) A dishonorable discharge from military service.

(6) A commitment to a mental institution.

(7) A renunciation of United States citizenship.


12052.  (a) The fingerprints of each applicant shall be taken and two copies on forms prescribed by the Department of Justice shall be forwarded to the department. Upon receipt of the fingerprints and the fee as prescribed in Section 12054, the department shall promptly furnish the forwarding licensing authority a report of all data and information pertaining to any applicant of which there is a record in its office, including information as to whether the person is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm. No license shall be issued by any

**Exhibit A**

licensing authority until after receipt of the report from the
department.
     (b) However, if the license applicant has previously applied to
the same licensing authority for a license to carry firearms pursuant
to Section 12050 and the applicant's fingerprints and fee have been
previously forwarded to the Department of Justice, as provided by
this section, the licensing authority shall note the previous
identification numbers and other data that would provide positive
identification in the files of the Department of Justice on the copy
of any subsequent license submitted to the department in conformance
with Section 12053 and no additional application form or fingerprints
shall be required.
     (c) If the license applicant has a license issued pursuant to
Section 12050 and the applicant's fingerprints have been previously
forwarded to the Department of Justice, as provided in this section,
the licensing authority shall note the previous identification
numbers and other data that would provide positive identification in
the files of the Department of Justice on the copy of any subsequent
license submitted to the department in conformance with Section 12053
and no additional fingerprints shall be required.


12052.5.   The licensing authority shall give written notice to the
applicant indicating if the license is approved or denied within 90
days of the initial application for a new license or a license
renewal or 30 days after receipt of the applicant's criminal
background check from the Department of Justice, whichever is later.


12053.   (a) A record of the following shall be maintained in the
office of the licensing authority:
     (1) The denial of a license.
     (2) The denial of an amendment to a license.
     (3) The issuance of a license.
     (4) The amendment of a license.
     (5) The revocation of a license.
     (b) Copies of each of the following shall be filed immediately by
the issuing officer or authority with the Department of Justice:
     (1) The denial of a license.
     (2) The denial of an amendment to a license.
     (3) The issuance of a license.
     (4) The amendment of a license.
     (5) The revocation of a license.
     (c) Commencing on or before January 1, 2000, and annually
thereafter, each licensing authority shall submit to the Attorney
General the total number of licenses issued to peace officers,
pursuant to subparagraph (C) of paragraph (1) of subdivision (a) of
Section 12050, and to judges, pursuant to subparagraph (A) or (B) of
paragraph (1) of subdivision (a) of Section 12050. The Attorney
General shall collect and record the information submitted pursuant
to this subdivision by county and licensing authority.

**Exhibit A**

12054. (a) Each applicant for a new license or for the renewal of a license shall pay at the time of filing his or her application a fee determined by the Department of Justice not to exceed the application processing costs of the Department of Justice for the direct costs of furnishing the report required by Section 12052. After the department establishes fees sufficient to reimburse the department for processing costs, fees charged shall increase at a rate not to exceed the legislatively approved annual cost-of-living adjustments for the department's budget. The officer receiving the application and the fee shall transmit the fee, with the fingerprints if required, to the Department of Justice. The licensing authority of any city, city and county, or county may charge an additional fee in an amount equal to the actual costs for processing the application for a new license, excluding fingerprint and training costs, but in no case to exceed one hundred dollars ($100), and shall transmit the additional fee, if any, to the city, city and county, or county treasury. The first 20 percent of this additional local fee may be collected upon filing of the initial application. The balance of the fee shall be collected only upon issuance of the license.

The licensing authority may charge an additional fee, not to exceed twenty-five dollars ($25), for processing the application for a license renewal, and shall transmit an additional fee, if any, to the city, city and county, or county treasury. These local fees may be increased at a rate not to exceed any increase in the California Consumer Price Index as compiled and reported by the California Department of Industrial Relations.

(b) In the case of an amended license pursuant to subdivision (f) of Section 12050, the licensing authority of any city, city and county, or county may charge a fee, not to exceed ten dollars ($10), except that the fee may be increased at a rate not to exceed any increase in the California Consumer Price Index as compiled and reported by the California Department of Industrial Relations, for processing the amended license and shall transmit the fee to the city, city and county, or county treasury.

(c) If psychological testing on the initial application is required by the licensing authority, the license applicant shall be referred to a licensed psychologist used by the licensing authority for the psychological testing of its own employees. The applicant may be charged for the actual cost of the testing in an amount not to exceed one hundred fifty dollars ($150). Additional psychological testing of an applicant seeking license renewal shall be required only if there is compelling evidence to indicate that a test is necessary. The cost to the applicant for this additional testing shall not exceed one hundred fifty dollars ($150).

(d) Except as authorized pursuant to subdivisions (a), (b), and (c), no requirement, charge, assessment, fee, or condition that requires the payment of any additional funds by the applicant may be imposed by any licensing authority as a condition of the application for a license.

**Exhibit A**