PAUL H. NEUHARTH, JR (State Bar # 147073)
1140 Union Street, Suite 102
San Diego, CA 92101
Telephone No.: (619) 231-0401
Facsimile No.: (619) 231-8759
Email: pneuharth@sbcglobal.net

Attorney for Plaintiff
EDWARD PERUTA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD PERUTA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO,<br>WILLIAM D. GORE,<br>INDIVIDUALLY AND IN HIS<br>CAPACITY AS SHERIFF<br><br>　　　　Defendants. | Case No.: 09-CV-2371-IEG (BLM)<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT WILLIAM GORE'S MOTION TO DISMISS**<br><br>Date: December 21, 2009<br>Time: 10:30a.m.<br>Dept.: 1- Courtroom of the Hon. Irma E. Gonzalez |

## TABLE OF CONTENTS

INTRODUCTION..................................................................................................1

ARGUMENT........................................................................................................3

I. THERE IS A CONSTITUTIONAL RIGHT TO KEEP AND BEAR ARMS.......................................................................................................3

    A. The good cause requirement of California Penal Code section 12050 violates the Second Amendment ...............................3

    B. Defendant Gore's policy of requiring full time residency Violates Plaintiff's Second Amendment right to keep and bear arms ..............................................................................8

II. DEFENDANT GORE'S UNEQUAL TREATMENT OF PLAINTIFF IS A VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION...............................................................10

III. DEFENDANT GORE'S POLICY OF REQUIRING FULLTIME RESIDENCY VIOLATES PLAINTIFF'S RIGHT TO TRAVEL...............................................................................15

CONCLUSION.................................................................................................15

Case No. 09CV2371 IEG (BLM)

## TABLE OF AUTHORITIES

**CASES**                                                                                           **PAGE(S)**

*District of Columbia v. Heller*, 128 S. Ct. 2783; 171 L.Ed.2d 637 (2008).....................3

*United States v. Hall* (S.D.W.Va., Aug. 4, 2008, No. 2:08-00006) 2008 U.S.Dist., Lexis 59641)........................................................................................................................3

*State v. Chandler*, 5 La. Ann. 489 – 90 (1850)....................................................................4

*Nunn v. State*, 1 Ga. 243, (1846).........................................................................................4

*United States v. Miller*, 307 U.S. 174, 59 S. Ct. 816, 83 L. Ed. 1206 (1939) ...................6

*City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985) ..................10

*New Orleans v. Dukes*, 427 U.S. 297, 303-04 (1976)........................................................10

*Attorney Gen. of New York v. Soto-Lopez*, 476 U.S. 898, 904 (1986).........................11, 15


**STATUTES**                                                                                       **PAGE(S)**

California Penal Code

    Section 12031, subds.(a),(c)...................................................................................5

    Section 12025............................................................................................................5

    Section 12025, subd.(d)............................................................................................5

    Section 12050........................................................................................................5, 7

California Election Code

    Section 349, subd.(b)..............................................................................................12

    Section 349, subd.(c)..........................................................................................8, 12

    Section 2032..............................................................................................................8

## PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

COME NOW Plaintiff Edward Peruta, by and through counsel, and submit his Memorandum of Points and Authorities in Opposition to Defendants' Motion to Dismiss.

### INTRODUCTION

Plaintiff, Edward Peruta, alleges he was denied a permit to carry a concealed weapon because Defendant Gore found that Mr. Peruta did not have good cause and that he was not a resident of San Diego. Plaintiff opposes Defendant Gore's motion to dismiss because the complaint does state claims based on constitutional grounds.

California Penal Code section 12050 is challenged on the grounds that the good cause requirement, on its face and/or the application of, violates the Second Amendment to bear arms. In California only persons that obtain the license to carry a concealed weapon may lawfully possess a loaded firearm for the lawful purpose of being armed and ready in case of conflict with another person. California Penal Code section 12050 grants county sheriffs the authority to issue permits to carry concealed weapons. That authority provides county sheriffs with the unbridled discretion to decide whether an applicant has good cause for a permit to carry a concealed weapon. Defendant Gore has taken that authority and arbitrarily denied plaintiff a permit to carry a concealed weapon. By arbitrarily denying Plaintiff a permit to carry a concealed weapon, Defendant Gore violated Plaintiff's Second Amendment right to bears arms so that he may be armed and ready in case of conflict with another person.

Plaintiff showed good cause for the issuance of a concealed carrying permit. Plaintiff's good cause is based in part on the facts that he is at risk for violent attacks because he lives fulltime in his motor home in which he carries large amounts of cash and valuables; his business as a news media member places him in dangerous high crime areas, and; he often stays in remote areas removed from immediate assistance from law enforcement. (Complaint ¶ 19 – 22.)

Defendant Gore's application of the residency and good cause requirements of California Penal Code section 12050 are challenged on the grounds that his actions violate the Equal

Protection Clause of the Fourteenth Amendment. Defendant Gore's actions have violated the Equal Protection Clause because he is not treating Plaintiff like other residents of San Diego. Plaintiff became a resident in San Diego when he established a habitation in San Diego for a fixed period of time. Defendant Gore has arbitrarily refused to recognize Plaintiff as a resident and in doing so he violated the Equal Protection Clause. Further, Defendant Gore's refusal to find good cause for a permit to carry a concealed weapon is irrational and in violation of the Equal Protection Clause.

Plaintiff showed he was a resident of San Diego. Plaintiff's San Diego residency is based in part on the facts that he has maintained a single room residence in San Diego, and was residing in his motor home at Campland on the Bay for a fixed period of time when he applied for the concealed carrying weapons permit. (Complaint ¶ 17-18.)

Defendant Gore's application of the residency requirement is also challenged on the grounds that his actions violate the constitutional right to travel. Plaintiff's right to travel has been infringed because Defendant Gore is requiring that Plaintiff live fulltime in San Diego in order to be considered a resident so that he may grant a permit to carry a concealed weapon. By requiring Plaintiff live fulltime in San Diego, Defendant Gore has infringed upon Plaintiff's right to travel.

Penal Code sections 12025, 12031, and 12050 are filed herewith as "Exhibit A." *West Virginia Firearm Laws*, 2009 handbook, is filed herewith as "Exhibit B." California Election Codes 349 and 2032 are filed herewith as "Exhibit C." Plaintiff Edward Peruta's California identification is filed herewith as "Exhibit D."

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

# ARGUMENT

## I.
## THERE IS A CONSTITUTIONAL RIGHT TO KEEP AND BEAR ARMS

### A.
### THE GOOD CAUSE REQUIREMENT OF CALIFORNIA PENAL CODE § 12050 VIOLATES THE SECOND AMENDMENT

Plaintiff's first cause of action alleges in part that the statutory "good cause" requirement violates his right to keep and bear arms under the Second Amendment of the United States Constitution.

As agreed with by Defendant Gore, the United States Supreme Court, in *District of Columbia v. Heller*, 128 S. Ct. 2783; 171 L.Ed.2d 637 (2008), made clear that the Second Amendment guarantees the individual right to possess and carry weapons in case of confrontation, self-defense, or other traditionally lawful purposes, unconnected with service in a militia. However, as Defendant Gore correctly stated, this right is not unlimited. The Court identified some presumptively lawful regulatory purposes, which included "prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *Heller*, at 2817; 171 L.Ed.2d at 678–679. By no means did the Court intend for this to be an exhaustive list of presumptively lawful regulatory purposes of the right to bear arms. *Heller*, at 2817; 171 L.Ed.2d at 679, (fn. 26).

Contrary to Defendant Gore's assertions, Plaintiff does not argue that all regulatory measures limiting his Second Amendment right to keep and bear arms are unlawful. In fact, Plaintiff does not argue that a complete prohibition on carrying concealed weapons necessarily violates the Second Amendment. In *Heller*, the Court noted that the majority of 19th – Century courts held prohibitions on carrying concealed weapons lawful. *Heller*, at 2817; 171 L.Ed.2d at 678–679. However, the Court did not clearly affirm those 19th-Century court decisions. Defendant Gore cites *United States v. Hall* (S.D.W.Va., Aug. 4, 2008, No. 2:08-00006) 2008

3

U.S.Dist.. Lexis 59641), in support of the position that state laws which prohibit the carrying of concealed weapons do not violate the Second Amendment. It appears, though, in states that prohibit the carrying of concealed weapons residents are allowed to openly carry weapons for self-defense purposes, unlike in California. In West Virginia, the state in which *Hall* was decided, "no license is necessary to visibly carry a handgun if the person may lawfully possess a firearm." *West Virginia Firearm Laws*, 2009 handbook, pg. 1. Additionally, in *State v. Chandler*, 5 La. Ann. 489 – 90 (1850), the court held that a state law making it unlawful to carry a concealed weapon was not a violation of the citizens right to bear arms guaranteed by the United States Constitution, because "[i]t interfered with no man's right to carry arms… 'in full open view…'" *Chandler*, at 5 La. Ann. 489 – 90. Further, in *Nunn v. State*, 1 Ga. 243, (1846), the court declared a state law that sought to suppress the secretly carrying of certain weapons was valid because there was no prohibition against openly bearing arms. *Nunn v. State*, at 251. These cases indicate that prohibitions on carrying concealed weapons do not violate the Second Amendment if individuals still have the opportunity to bear arms lawfully, such as openly carrying arms. Thus, Defendant Gore's proposition that prohibitions on carrying concealed weapons are lawful is only sometimes true, because the lawfulness of the prohibition is dependent on the other state law weapons regulations, such as open carrying laws.

The purpose of the Second Amendment is to ensure the individual right to self-defense in case of conflict with another person. In *Heller*, the Court affirmed Justice Ginsburg's definition of the meaning of "bear arms." Justice Ginsburg defined "bear arms" to mean "wear, bear, or carry…upon the person or in the clothing or in a pocket, for the purpose…of being armed and ready for offensive or defensive action in a case of conflict with another person." *Heller*, at 2794; 171 L.Ed.2d at 652 - 653. From this definition, it is clear that the intent of the Second Amendment is to ensure the individual right of being armed and ready in case of conflict with another person. Being armed and ready clearly means carrying a weapon that is immediately capable of being used for its intended purpose. This means an individual must be able to lawfully carry a loaded firearm. Just the carrying of arms does not make an individual ready in case of conflict with another person. Thus, an individual cannot lawfully be armed and ready if

the law prohibits the wearing, bearing or carrying of a loaded firearm without a permit and the permit is impossible to obtain.

Currently, California's gun carrying laws do not allow for an individual to be armed and ready for conflict with another person unless that person holds a license or permit to carry a concealed weapon. The opposite is true. Notwithstanding any other gun regulation laws, it is unlawful for an individual to carry a loaded firearm without a concealed carrying weapons permit. *California Penal Code* section 12031(a)(1). Additionally, it is unlawful to carry a weapon without a concealed carrying weapons permit if the weapon is capable of being concealed, whether it is loaded or unloaded. *California Penal Code* section 12025. Although, under *California Penal Code* section 12025(d), an individual may carry a firearm without a permit if it is carried in a belt holster, an individual is completely prohibited from carrying loaded firearm without a concealed carrying weapons permit. Therefore, without a permit to carry a concealed weapon it is impossible for California residents, such as Mr. Peruta, to invoke their Second Amendment right to bear arms in order to be armed and ready in case of conflict another person.

Apparently, California lawmakers believed that by enacting Penal Code 12050, lawful citizens such as Plaintiff could invoke their Second Amendment right to keep and bear arms by obtaining a permit to carry a concealed weapon. The problem with Penal Code section 12050 is the good cause requirement. County sheriffs have the unbridled discretion of determining whether to grant or not grant such permits after making a determination of whether the applicant has good cause. Additionally, good cause is not defined, leaving the meaning vague and ambiguous without providing any guidelines for determining whether an applicant has good cause. What this all means, is that lawful citizens solely desiring to invoke their constitutional right to be armed and ready for self-defense purposes may be denied a permit to carry a concealed weapon if the county sheriff determines they have no good cause. Thus, for lawful citizens residing in California, a person's Second Amendment right is dependent upon county sheriffs' policies and practices for determining whether an applicant has good cause for a carrying concealed weapons permit. Clearly, the intent of the Second Amendment was not to

make an individual's right to keep and bear arms dependent upon a third person, such as a county sheriff's unguided opinion of whether an individual has good cause or not.

Defendant Gore appears to take the position that *Heller* only established the right to possess a gun in the home in case of conflict with another person. *Heller* stands for much more than just the right to possess a gun in the home, as the Second Amendment does not only protect to the right to keep and bear arms in the home. Assumingly, if the Court in *Heller* intended to limit the right to keep and bear arms to one's home then it would have made that limitation clear. However, nowhere in *Heller* does the Court state that right to keep and bear arms is limited to the home. What *Heller* does make clear, is that the "inherent right of self-defense has been central to the Second Amendment." *Heller*, at 2817. This is a right that has never been limited to self-defense in one's home and cannot be limited to one's home because many law abiding citizens do not have homes. The United States Constitution provided rights to all citizens of this country and did not discriminate between persons with and without homes.

Defendant Gore also incorrectly takes the position that *Heller* is about protecting the manner how weapons are used. Defendant Gore stated that carrying a concealed firearm on the person or in a vehicle is not in the nature of a common use of a gun, which according to Defendant Gore was declared protected by *Heller*. (Motion to Dismiss, pg. 3 lines 15-17.) However, it is not the nature of a common use of a gun that *Heller* protects. Instead, it is the type of weapon that is protected, and those protected weapons are weapons of common use. The *Heller* Court, in affirming *United States v. Miller*, 307 U.S. 174, 59 S. Ct. 816, 83 L. Ed. 1206, 1939-1 C.B. 373 (1939), declared, "the sorts of weapons protected were those 'in common use at the time.'" *Heller*, at 2817. "[T]he Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes, such as short-barreled rifles." *Heller*, at 2815. Thus, according to *Heller*, it is not the manner in which the weapon is used that is protected, but the types of weapons commonly used that are protected.

The inherent right to self-defense has been central to the Second Amendment right. The Second Amendment is clearly all about an individual's right to self-defense. California has attempted to make that inherent right dependent upon the opinion of a third person, such as the

county sheriff, who determines whether a person has good cause or not. The Second Amendment does not state that an individual has the right to bear arms if good cause can be shown. The right to bear arms is given so that an individual can be armed and ready to defend against conflict with another person. California has violated that enumerated constitutional right by completely prohibiting the carrying of loaded firearms, either openly or concealed, without a permit that is not obtainable until a county sheriff with unbridled discretion determines an individual has good cause.

Although it should not be necessary, Plaintiff provided good cause for the issuance of a concealed carrying weapons permit. Plaintiff has good cause for a permit because he is at risk of violent attacks due to the fact that Plaintiff lives fulltime in his motor home, carrying large amounts of cash and valuables. Also, Plaintiff, who is sixty years of age with health issues, frequently stays in is motor home with his wife in remote places away from the immediate assistance of law enforcement. By staying in these remote areas, Plaintiff is vulnerable to violent predators who take advantage the remote locations removed from any immediate law enforcement assistance. Plaintiff also faces risks of violent attacks because of his business as a breaking news media member. In doing this business, he is often in high crime areas. These are the type of situations for which the Second Amendment is intended to provide protection for. The Second Amendment makes it lawful for people to bear arms in order to be armed and ready in case of conflict with another person. Plaintiff is attempting to invoke that right because he faces real threats of violence. Defendant Gore is denying Plaintiff his right to bear arms by refusing to recognize that Plaintiff has good cause for a license to carry a concealed weapon. Thus, Defendant Gore's application of California Penal Code section 12050 violates the Second Amendment.

Because a showing of good cause, decided by a county sheriff, is required in order for a law abiding citizen to obtain a license to carry a concealed weapon and thereby lawfully bear arms, California Penal Code 12050 violates the Second Amendment of the United States Constitution. Additionally, Defendant Gore's application of California Penal Code section 12050 violates the Second Amendment.

## B.
## DEFENDANT GORE'S POLICY OF REQUIRNG FULL TIME RESIDENCY VIOLATES PLAINTIFF'S SECOND AMENDMENT RIGHT TO KEEP AND BEAR ARMS

Plaintiff's first cause of action also alleges that Defendant Gore's policy of requiring full time residency violates his right to keep and bear arms under the Second Amendment of the United States Constitution. Plaintiff does not contend that a residency requirement violates the Second Amendment, and contends only that the policy of requiring fulltime residency is a violation.

California Penal Code section 12050 is silent as to the definition of a resident. But, California Election Code section 349(c) states, "[t]he residence of a person is that place in which the person's habitation is fixed for some period of time, but wherein he or she does not have the intention of remaining. At a given time, a person may have more than one residence." See, also, California Election section 2032. These code sections leave no doubt that a person is a resident of the place where that person has established a habitation for some fixed period of time, although not indefinitely, and that a person can also have more than one residence. Also, it should be noted that there is no set number of days that it takes to become a resident, but only the act of having a habitation for *some* fixed period of time.

Defendant Gore asserts that Plaintiff admitted to not being a resident of San Diego. (Motion to Dismiss, pg. 1, line 25.) This false assertion of Defendant Gore appears to be based off the fact that Plaintiff lives in a motor home and rents space at Campland on the Bay, in San Diego, rather than living fulltime in a fixed residence. By making the false assertion that Plaintiff admitted to not being a resident, Defendant Gore has clearly made it known that he has established his own definition of a resident, which, apparently means living fulltime in San Diego and possibly even living in a fixed residence. However, requiring a person to be a fulltime resident is contrary to the fact that a residence is temporary in nature and a person may even have more than one residence.

Plaintiff did not admit that he was not a resident of San Diego. Mr. Peruta is a resident of San Diego. Defendant Gore is using Plaintiff's retirement lifestyle against him to find cause not to issue Plaintiff a license to carry a concealed weapon. Plaintiff resides annually in San Diego, usually during the fall and winter months, which is actually common for retired persons such as Plaintiff. At the very least, during the times in which Plaintiff has established his habitation in San Diego, he is a resident.

At the time Plaintiff applied for a permit to carry a concealed weapon, he was staying in his motor home at Campland on the Bay, in San Diego. He had rented space there for five continuous months, not merely a few days or weeks. Plaintiff did not even apply for the concealed carrying weapons permit until he had resided in San Diego for 80 days. This obviously shows that Plaintiff had established his habitation in San Diego for a fixed period of time when he applied for the license, and as such he is and was a resident of San Diego. It should be known that in no way is Plaintiff asserting that he terminated his residency in San Diego after the five months at Campland on the Bay, but provides this information to show that he undoubtedly was a resident when he applied for the concealed carrying weapons permit.

Plaintiff's residency actually dates back fifteen years, although, his stays in San Diego have become more consistent and longer over the most recent years. Between February 2007 and April 2009, Plaintiff spent nearly one-third of this time in San Diego. However, Plaintiff's residency in San Diego goes back fifteen years, because for fifteen years he and his wife have had the exclusive use of a single room residence at 3151 Driscoll Drive, San Diego, CA, in which they have always maintained a wardrobe. Only for a short period of time while Plaintiff's mother was under hospice car was this room used by another person. This fact is completely ignored by Defendant Gore, and shows he has narrowly defined who may qualify as a resident with no regard to the fact that a person is a resident wherever they have established a habitation for some fixed period of time. Clearly, Plaintiff established a habitation for the past fifteen years in San Diego, by not only using, but also keeping a wardrobe at his single room residence located at 3151 Driscoll Drive, San Diego.

By refusing to recognize Plaintiff as a resident of San Diego, Defendant Gore has shown that it is policy and practice to require fulltime residency in San Diego in order to be granted a license to carry a concealed weapon. However, nowhere in California Penal Code section 12050 does it require fulltime residency. Defendant Gore's policy of requiring fulltime residency in order to qualify as a resident violates the Second Amendment. Requiring fulltime residency violates the Second Amendment because it disqualifies every individual that has more than one residence from ever being granted a license to carry a concealed weapon, and as discussed above, possession of the license is the only way a resident of California may lawfully be *armed and ready* in case of conflict against another person.

## II.
## DEFENDANT GORE'S UNEQUAL TREATMENT OF PLAINTIFF IS A VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION

Defendant Gore's application of the good cause and residency requirement of California Penal Code section 12050 violate Plaintiff's right to equal protection of the laws. Plaintiff's right to equal protection of the laws is guaranteed under the Equal Protection Clause of the 14th Amendment of the United States Constitution. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). There are varying standards of review when a law is challenged for violating the Equal Protection Clause. "Unless a classification trammels fundamental personal rights or is drawn upon inherently suspect distinctions such as race, religion, or alienage, our decisions presume the constitutionality of the statutory discriminations and require only that the classification challenged be rationally related to a legitimate state interest." *New Orleans v. Dukes*, 427 U.S. 297, 303-04 (1976). Thus, when a classification does trammel fundamental personal rights, rational basis scrutiny is not the correct standard of review.

The right to bear arms is a constitutional personal right and any legislation regulating that right must not be evaluated under a rational basis test, but instead under a heightened standard of review. In *Heller*, the Court stated that the rational basis test " could not be used to evaluate the extent to which a legislature may regulate a specific enumerated right, be it the freedom of speech, the guarantee against double jeopardy, the right to counsel, or the right to keep and bear arms." *Heller*, at 2818, fn. 27. It went on to say, "if all that was required to overcome the right to keep and bear arms was a rational basis, the Second Amendment would be redundant with all the separate constitutional prohibitions on irrational laws, and would have no effect. *Heller*, at 2818, fn. Further, "[w]henever a state law infringes a constitutionally protected right, [the courts] undertake intensified equal protection scrutiny of that law." *Attorney Gen. of New York v. Soto-Lopez*, 476 U.S. 898, 904 (1986). The Second Amendment is a constitutionally protected right.

Defendant Gore asserts that the rational basis test is the appropriate standard of review in this case because weapon permit applicants do not constitute a protected class. (Motion to Dismiss, pg. 4, line 20.) However, as *Heller* explained, the Second Amendment cannot be evaluated under the rational basis test. The Court declined to establish a level of scrutiny for evaluating the Second Amendment, but it did make clear that rational basis was not appropriate and implied a heightened level of scrutiny was necessary. Thus, Defendant Gore's actions must bear more than just a rational relationship to his action of arbitrarily deciding that Plaintiff did not qualify for the concealed carrying permit.

*Plaintiff is a resident of San Diego but is being treated differently than other residents*

The Equal Protection Clause of the 14th Amendment requires that all similarly situated persons be treated alike. Under California Penal Code section 12050, the appropriate and rightful county to which application should be made for a license to carry a concealed weapon is the county where the individual resides.

Plaintiff is a resident of San Diego but is not being treated like all residents of San Diego. Residents of San Diego are afforded the opportunity to obtain a license to carry a concealed

weapon. Plaintiff, a San Diego resident, is being denied that opportunity because Defendant Gore has arbitrarily decided to demand that Plaintiff show he is resides fulltime in San Diego.

Defendant Gore is discriminating against Mr. Peruta by arbitrarily deciding that Mr. Peruta is not a resident of San Diego. Apparently, Defendant Gore believes he has the discretion to determine who is and who is not a resident of San Diego and is attempting to apply the same definition of a person's domicile to a person's residence. However, a domicile is different than a resident. Penal Code Section 12050 only makes it a requirement that a person be a resident of a county in which they are applying for a concealed carrying weapons permit. Penal Code Section 12050 does not require that a person be domiciled in the county in which they apply for the permit.

There is a distinct difference between a person's domicile and person's residence. First, it should be noted that Penal Code section 12050 does not define residence. However, other California code sections make it clear that a residence is temporary in nature and a person may have more than one residence, where as a domicile is fixed in nature and a person can only have one domicile. See, California Election Code section 349(b),(c). See, also, California Election section 2032. From these code sections, a residence is unmistakably temporary in nature and an individual can have more than one residence.

Defendant Gore has attempted to describe Plaintiff as an occasional visitor and not a resident of San Diego so that Plaintiff can be denied a license to carry a concealed weapon. Defendant Gore is discriminating against Plaintiff because he has more than one residence and lives fulltime in a motor home. Since January 2006, Plaintiff and his wife have resided fulltime in their motor home.

As previously discussed, Plaintiff's San Diego residency dates back 15 years, as he has maintained and had nearly exclusive use of a single room in a residence located at 3151 Driscoll Drive, San Diego, CA. Also, as previously discussed, Plaintiff has resided regularly in San Diego since 2007, although not fulltime. Between February 2007 and April 2009, Plaintiff spent one-third of his time living in San Diego, including continuously living for five months in San Diego between November 15, 2008 and April, 15 2009. It was during that time in which he

applied for the license to carry a concealed weapon. At the very least, Plaintiff resided in San Diego for 80 consecutive days prior to applying for a license to carry a concealed weapon. That is the period of time during which Plaintiff was living in his motor home at Campland on the Bay, in San Diego. Undoubtedly, this shows Plaintiff's San Diego residency. Further, proof that Plaintiff is a San Diego resident is evidenced from the fact that Plaintiff has a California identification card identifying San Diego as his place of residence.

If, at the time Plaintiff applied for the concealed carrying weapons permit in San Diego, Plaintiff would have applied for the permit in any other county; he would have been denied the permit. He would have been denied the permit, because, as the facts show, he was residing in San Diego. Thus, Plaintiff did appropriately apply for a license to carry a concealed weapon in San Diego, because he is a resident of San Diego.

Plaintiff is being discriminated against and is not being treated like other similarly situated residents of San Diego, because Defendant Gore refused to recognize his status as a resident of San Diego. Thus, Defendant Gore is in violation of the 14th Amendment's Equal Protection Clause.

*Defendant Gore discriminated against Plaintiff by arbitrarily determining that Plaintiff did not have good cause for a concealed carrying permit*

California Penal Code section 12050 requires that an applicant applying for a carrying concealed weapons permit show good cause for the permit. California Penal Code section 12050 does not include any definition or guidelines of what constitutes good cause. Determining whether an applicant has good cause for the permit is left to the discretion of county sheriffs. Due to the fact that county sheriff's have complete discretion to determine whether an applicant has good cause nothing is in place to prevent the unequal treatment of applicants. Defendant Gore's actions in denying Plaintiff a license to carry a concealed weapon are irrational and arbitrary.

Plaintiff showed good cause by informing Defendant Gore that his business as a breaking news media member at times places him in violent situations. Plaintiff also informed Defendant Gore that he is retired and often carries valuable and large sums of money while traveling in remote areas alone with wife. Plaintiff's age and health conditions have taken away his ability to defend himself or retreat from attackers. Plaintiff is sixty years old and has a defibrillator in his chest as a result of being struck with a heart attack. As such, Plaintiff is limited in his ability to retreat or protect himself from violent attacks. Violent attacks are a real possibility due to the fact he and his wife travel in rural areas with large sums of cash and valuables because they are retired and live fulltime in a motor home. Often, Plaintiff parks his motor home at rest areas along the highway for the night, which attracts numerous unknown visitors of all walks of life. Frequently, they stay overnight in rural areas, which are commonly visited by retired persons in motor homes. Violent predators take advantage of the remoteness of the location and vulnerability of the elderly. This is a real threat for Plaintiff, and is exactly the type of situation for which the right to bear arms to be *armed and ready* in case of conflict with another person, is intended to provide protection for.

Unfortunately, Defendant Gore refused to fully contemplate the real threat of danger that Plaintiff is at risk for and the necessity to protect himself against those threats. Defendant Gore has an irrational policy of refusing to find good cause unless an applicant can show a specific individual who poses a threat, such as a known domestic violent perpetrator. This is a completely irrational policy because often a person is attacked by an unknown individual. It's also irrational, because, as Plaintiff has shown, there are countless situations that place a person at risk of violent attacks. By placing such narrow limits on finding of good cause, Defendant Gore discriminates against persons such as Plaintiff who have good cause for a concealed carrying permit. Defendant Gore's actions are irrational, arbitrary and violate Mr. Peruta's right to equal protection of the laws.

///

///

## III.
## DEFENDANT GORE'S POLICY OF REQUIRING FULLTIME RESIDENCY VIOLATES PLAINTIFF'S RIGHT TO TRAVEL

Plaintiff's right to travel is being violated because Defendant Gore is demanding that Plaintiff reside fulltime and not travel outside of San Diego before considering whether to grant Plaintiff a license to carry a concealed weapon. "A state law implicates the right to travel when it actually deters such travel..." *Attorney Gen. of New York v. Soto-Lopez*, 476 U.S. 898, 903 (1986). Defendant Gore's fulltime residency requirement actually deters such travel because San Diego residents, such as Plaintiff, must stay fulltime in San Diego in order to have any sort of opportunity to apply and be granted a concealed carrying weapons permit. This deters retired persons, such as Plaintiff, from traveling and spending time outside of San Diego if they desire to lawfully invoke their Second Amendment right to bear arms. Again, this boils down to the fact that in California the only way for a person to bear arms to be *armed and ready* in case of conflict with another person, is to obtain a concealed carrying weapons permit. Plaintiff has established his residency in San Diego, but is being forced to not travel outside of San Diego if he wants to obtain a permit to carry a concealed weapon.

## CONCLUSION

The complaint has stated claims on constitutional grounds. Plaintiff has shown that Defendant Gore has infringed on his constitutionally protected right to bear arms. Additionally, Plaintiff has shown that Defendant Gore has violated the Equal Protection Clause and also Plaintiff's right to travel. Thus, Defendant Gore's motion to dismiss should not be granted.

Respectfully Submitted,

Dated: December 7, 2009

By: s/ PAUL H. NEUHARTH, JR.
PAUL H. NEUHARTH, JR.
Attorney for Plaintiff, Edward Peruta

Edward Peruta v. County of San Diego, et al.
Case No. 09-CV-2371 –IEG (BLM)

## DECLARATION OF SERVICE

I, the undersigned, declare under penalty of perjury that I am over the over the age of 18 years and not a party to the within action. I am employed in, or am a resident of the County of San Diego. My business address is 1140 Union Street, Suite 102, San Diego, California 92101.

On December 7, 2009, I served the following document: **(1) PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT WILLIAM GORE'S MOTION TO DISMISS**, in the following manner:

By electronic filing, I served each of the above-referenced documents by E-filing, in accordance with the rules governing the electronic filing of documents in the United States District Court for the Southern District of California, as to the following parties:

John J. Sansone, County Counsel
Answering Defendant of San Diego
By: James M. Chapin, Senior Deputy (SBN118530)
1600 Pacific Highway, Room 355
San Diego, CA 92101
Telephone (619) 531-5244
James.chapin@sdcounty.ca.gov
Attorney for Defendant William D. Gore

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Diego, California this 7th day of December 2009.

By: s/ PAUL H. NEUHARTH, JR.
Email: pneuharth@sbcglobal.net