# EXHIBIT "A"

DEERING'S CALIFORNIA CODES ANNOTATED
Copyright (c) 2009 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

* THIS DOCUMENT REFLECTS ALL URGENCY LEGISLATION ENACTED THROUGH CH. 643 OF *
THE 2009-2010 REG. SESS., CH. 12 OF THE 2009-2010 2d EX. SESS.,
CH. 30 OF THE 2009-10 3d EX. SESS., CH. 24 OF THE 2009-10 4th EX. SESS.,
THE GOVERNOR'S REORG. PLAN #1 OF 2009, EFF. MAY 10, 2009 & PROP 1F APPROVED
EFF. MAY 20, 2009

PENAL CODE
Part 4. Prevention of Crimes and Apprehension of Criminals
Title 2. Control of Deadly Weapons
Chapter 1. Firearms
Article 2. Unlawful Carrying and Possession of Weapons

**GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

*Cal Pen Code § 12025* (2009)

**§ 12025. Carrying concealed firearm; Misdemeanor or felony offense; Sentencing**

(a) A person is guilty of carrying a concealed firearm when he or she does any of the following:

(1) Carries concealed within any vehicle which is under his or her control or direction any pistol, revolver, or other firearm capable of being concealed upon the person.

(2) Carries concealed upon his or her person any pistol, revolver, or other firearm capable of being concealed upon the person.

(3) Causes to be carried concealed within any vehicle in which he or she is an occupant any pistol, revolver, or other firearm capable of being concealed upon the person.

(b) Carrying a concealed firearm in violation of this section is punishable, as follows:

(1) Where the person previously has been convicted of any felony, or of any crime made punishable by this chapter, as a felony.

(2) Where the firearm is stolen and the person knew or had reasonable cause to believe that it was stolen, as a felony.

(3) Where the person is an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22, under the Street Terrorism Enforcement and Prevention Act (Chapter 11 (commencing with Section 186.20) of Title 7 of Part 1), as a felony.

(4) Where the person is not in lawful possession of the firearm, as defined in this section, or the person is within a class of persons prohibited from possessing or acquiring a firearm pursuant to Section 12021 or 12021.1 of this code or *Section 8100 or 8103 of the Welfare and Institutions Code*, as a felony.

(5) Where the person has been convicted of a crime against a person or property, or of a narcotics or dangerous drug violation, by imprisonment in the state prison, or by imprisonment in a county jail not to exceed one year, by a fine not to exceed one thousand dollars ($1,000), or by both that imprisonment and fine.

(6) By imprisonment in the state prison, or by imprisonment in a county jail not to exceed one year, by a fine not to exceed one thousand dollars ($1,000), or by both that fine and imprisonment if both of the following conditions are met:

(A) Both the pistol, revolver, or other firearm capable of being concealed upon the person and the unexpended ammunition capable of being discharged from that firearm are either in the immediate possession of the person or

readily accessible to that person, or the pistol, revolver, or other firearm capable of being concealed upon the person is loaded as defined in subdivision (g) of Section 12031.

(B) The person is not listed with the Department of Justice pursuant to paragraph (1) of subdivision (c) of Section 11106, as the registered owner of that pistol, revolver, or other firearm capable of being concealed upon the person.

(7) In all cases other than those specified in paragraphs (1) to (6), inclusive, by imprisonment in a county jail not to exceed one year, by a fine not to exceed one thousand dollars ($1,000), or by both that imprisonment and fine.

(c) A peace officer may arrest a person for a violation of paragraph (6) of subdivision (b) if the peace officer has probable cause to believe that the person is not listed with the Department of Justice pursuant to paragraph (1) of subdivision (c) of Section 11106 as the registered owner of the pistol, revolver, or other firearm capable of being concealed upon the person, and one or more of the conditions in subparagraph (A) of paragraph (6) of subdivision (b) is met.

(d)

(1) Every person convicted under this section who previously has been convicted of a misdemeanor offense enumerated in Section 12001.6 shall be punished by imprisonment in a county jail for at least three months and not exceeding six months, or, if granted probation, or if the execution or imposition of sentence is suspended, it shall be a condition thereof that he or she be imprisoned in a county jail for at least three months.

(2) Every person convicted under this section who has previously been convicted of any felony, or of any crime made punishable by this chapter, if probation is granted, or if the execution or imposition of sentence is suspended, it shall be a condition thereof that he or she be imprisoned in a county jail for not less than three months.

(e) The court shall apply the three-month minimum sentence as specified in subdivision (d), except in unusual cases where the interests of justice would best be served by granting probation or suspending the imposition or execution of sentence without the minimum imprisonment required in subdivision (d) or by granting probation or suspending the imposition or execution of sentence with conditions other than those set forth in subdivision (d), in which case, the court shall specify on the record and shall enter on the minutes the circumstances indicating that the interests of justice would best be served by that disposition.

(f) Firearms carried openly in belt holsters are not concealed within the meaning of this section.

(g) For purposes of this section, "lawful possession of the firearm" means that the person who has possession or custody of the firearm either lawfully owns the firearm or has the permission of the lawful owner or a person who otherwise has apparent authority to possess or have custody of the firearm. A person who takes a firearm without the permission of the lawful owner or without the permission of a person who has lawful custody of the firearm does not have lawful possession of the firearm.

(h)

(1) The district attorney of each county shall submit annually a report on or before June 30, to the Attorney General consisting of profiles by race, age, gender, and ethnicity of any person charged with a felony or a misdemeanor under this section and any other offense charged in the same complaint, indictment, or information.

(2) The Attorney General shall submit annually, a report on or before December 31, to the Legislature compiling all of the reports submitted pursuant to paragraph (1).

(3) This subdivision shall remain operative until January 1, 2005, and as of that date shall be repealed.

DEERING'S CALIFORNIA CODES ANNOTATED
Copyright (c) 2009 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

\* THIS DOCUMENT REFLECTS ALL URGENCY LEGISLATION ENACTED THROUGH CH. 643 OF \*
THE 2009-2010 REG. SESS., CH. 12 OF THE 2009-2010 2d EX. SESS.,
CH. 30 OF THE 2009-10 3d EX. SESS., CH. 24 OF THE 2009-10 4th EX. SESS.,
THE GOVERNOR'S REORG. PLAN #1 OF 2009, EFF. MAY 10, 2009 & PROP 1F APPROVED
EFF. MAY 20, 2009

PENAL CODE
Part 4. Prevention of Crimes and Apprehension of Criminals
Title 2. Control of Deadly Weapons
Chapter 1. Firearms
Article 2. Unlawful Carrying and Possession of Weapons

**GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

*Cal Pen Code § 12031* (2009)

**Legislative Alert:** LEXSEE 2009 Cal. ALS 288 -- see section 1, effective 01/01/2010.

**§ 12031. Felony or misdemeanor of carrying loaded firearm in public place or on public street; Exceptions**

(a)

(1) A person is guilty of carrying a loaded firearm when he or she carries a loaded firearm on his or her person or in a vehicle while in any public place or on any public street in an incorporated city or in any public place or on any public street in a prohibited area of unincorporated territory.

(2) Carrying a loaded firearm in violation of this section is punishable, as follows:

(A) Where the person previously has been convicted of any felony, or of any crime made punishable by this chapter, as a felony.

(B) Where the firearm is stolen and the person knew or had reasonable cause to believe that it was stolen, as a felony.

(C) Where the person is an active participant in a criminal street gang, as defined in subdivision (a) of Section 186.22, under the Street Terrorism Enforcement and Prevention Act (Chapter 11 (commencing with Section 186.20) of Title 7 of Part 1), as a felony.

(D) Where the person is not in lawful possession of the firearm, as defined in this section, or is within a class of persons prohibited from possessing or acquiring a firearm pursuant to Section 12021 or 12021.1 of this code or *Section 8100 or 8103 of the Welfare and Institutions Code*, as a felony.

(E) Where the person has been convicted of a crime against a person or property, or of a narcotics or dangerous drug violation, by imprisonment in the state prison, or by imprisonment in a county jail not to exceed one year, by a fine not to exceed one thousand dollars ($1,000), or by both that imprisonment and fine.

(F) Where the person is not listed with the Department of Justice pursuant to Section 11106, as the registered owner of the pistol, revolver, or other firearm capable of being concealed upon the person, by imprisonment in the state prison, or by imprisonment in a county jail not to exceed one year, or by a fine not to exceed one thousand dollars ($1,000), or both that fine and imprisonment.

(G) In all cases other than those specified in subparagraphs (A) to (F), inclusive, as a misdemeanor, punishable by imprisonment in a county jail not to exceed one year, by a fine not to exceed one thousand dollars ($1,000), or by both that imprisonment and fine.

(3) For purposes of this section, "lawful possession of the firearm" means that the person who has possession or custody of the firearm either lawfully acquired and lawfully owns the firearm or has the permission of the lawful owner or person who otherwise has apparent authority to possess or have custody of the firearm. A person who takes a firearm without the permission of the lawful owner or without the permission of a person who has lawful custody of the firearm does not have lawful possession of the firearm.

(4) Nothing in this section shall preclude prosecution under Sections 12021 and 12021.1 of this code, *Section 8100 or 8103 of the Welfare and Institutions Code*, or any other law with a greater penalty than this section.

(5)

(A) Notwithstanding paragraphs (2) and (3) of subdivision (a) of Section 836, a peace officer may make an arrest without a warrant:

(i) When the person arrested has violated this section, although not in the officer's presence.

(ii) Whenever the officer has reasonable cause to believe that the person to be arrested has violated this section, whether or not this section has, in fact, been violated.

(B) A peace officer may arrest a person for a violation of subparagraph (F) of paragraph (2), if the peace officer has probable cause to believe that the person is carrying a loaded pistol, revolver, or other firearm capable of being concealed upon the person in violation of this section and that person is not listed with the Department of Justice pursuant to paragraph (1) of subdivision (c) of Section 11106 as the registered owner of that pistol, revolver, or other firearm capable of being concealed upon the person.

(6)

(A) Every person convicted under this section who has previously been convicted of an offense enumerated in Section 12001.6, or of any crime made punishable under this chapter, shall serve a term of at least three months in a county jail, or, if granted probation or if the execution or imposition of sentence is suspended, it shall be a condition thereof that he or she be imprisoned for a period of at least three months.

(B) The court shall apply the three-month minimum sentence except in unusual cases where the interests of justice would best be served by granting probation or suspending the imposition or execution of sentence without the minimum imprisonment required in this subdivision or by granting probation or suspending the imposition or execution of sentence with conditions other than those set forth in this subdivision, in which case, the court shall specify on the record and shall enter on the minutes the circumstances indicating that the interests of justice would best be served by that disposition.

(7) A violation of this section which is punished by imprisonment in a county jail not exceeding one year shall not constitute a conviction of a crime punishable by imprisonment for a term exceeding one year for the purposes of determining federal firearms eligibility under Section 922(g)(1) of Title 18 of the United States Code.

(b) Subdivision (a) shall not apply to any of the following:

(1) Peace officers listed in Section 830.1 or 830.2, or subdivision (a) of Section 830.33, whether active or honorably retired, other duly appointed peace officers, honorably retired peace officers listed in subdivision (c) of Section 830.5, other honorably retired peace officers who during the course and scope of their employment as peace officers were authorized to, and did, carry firearms, full-time paid peace officers of other states and the federal government who are carrying out official duties while in California, or any person summoned by any of those officers to assist in making arrests or preserving the peace while the person is actually engaged in assisting that officer. Any peace officer described in this paragraph who has been honorably retired shall be issued an identification certificate by the law enforcement agency from which the officer has retired. The issuing agency may charge a fee necessary to cover any reasonable expenses incurred by the agency in issuing certificates pursuant to this paragraph and paragraph (3).

Any officer, except an officer listed in Section 830.1 or 830.2, subdivision (a) of Section 830.33, or subdivision (c) of Section 830.5 who retired prior to January 1, 1981, shall have an endorsement on the identification certificate stating that the issuing agency approves the officer's carrying of a loaded firearm.

No endorsement or renewal endorsement issued pursuant to paragraph (2) shall be effective unless it is in the format set forth in subparagraph (D) of paragraph (1) of subdivision (a) of Section 12027, except that any peace officer listed in subdivision (f) of Section 830.2 or in subdivision (c) of Section 830.5, who is retired between

January 2, 1981, and on or before December 31, 1988, and who is authorized to carry a loaded firearm pursuant to this section, shall not be required to have an endorsement in the format set forth in subparagraph (D) of paragraph (1) of subdivision (a) of Section 12027 until the time of the issuance, on or after January 1, 1989, of a renewal endorsement pursuant to paragraph (2).

(2) A retired peace officer, except an officer listed in Section 830.1 or 830.2, subdivision (a) of Section 830.33, or subdivision (c) of Section 830.5 who retired prior to January 1, 1981, shall petition the issuing agency for renewal of his or her privilege to carry a loaded firearm every five years. An honorably retired peace officer listed in Section 830.1 or 830.2, subdivision (a) of Section 830.33, or subdivision (c) of Section 830.5 who retired prior to January 1, 1981, shall not be required to obtain an endorsement from the issuing agency to carry a loaded firearm. The agency from which a peace officer is honorably retired may, upon initial retirement of the peace officer, or at any time subsequent thereto, deny or revoke for good cause the retired officer's privilege to carry a loaded firearm. A peace officer who is listed in Section 830.1 or 830.2, subdivision (a) of Section 830.33, or subdivision (c) of Section 830.5 who is retired prior to January 1, 1981, shall have his or her privilege to carry a loaded firearm denied or revoked by having the agency from which the officer retired stamp on the officer's identification certificate "No CCW privilege."

(3) An honorably retired peace officer who is listed in subdivision (c) of Section 830.5 and authorized to carry loaded firearms by this subdivision shall meet the training requirements of Section 832 and shall qualify with the firearm at least annually. The individual retired peace officer shall be responsible for maintaining his or her eligibility to carry a loaded firearm. The Department of Justice shall provide subsequent arrest notification pursuant to Section 11105.2 regarding honorably retired peace officers listed in subdivision (c) of Section 830.5 to the agency from which the officer has retired.

(4) Members of the military forces of this state or of the United States engaged in the performance of their duties.

(5) Persons who are using target ranges for the purpose of practice shooting with a firearm or who are members of shooting clubs while hunting on the premises of those clubs.

(6) The carrying of pistols, revolvers, or other firearms capable of being concealed upon the person by persons who are authorized to carry those weapons pursuant to Article 3 (commencing with Section 12050) of Chapter 1 of Title 2 of Part 4.

(7) Armored vehicle guards, as defined in *Section 7521 of the Business and Professions Code,* (A) if hired prior to January 1, 1977, or (B) if hired on or after that date, if they have received a firearms qualification card from the Department of Consumer Affairs, in each case while acting within the course and scope of their employment.

(8) Upon approval of the sheriff of the county in which they reside, honorably retired federal officers or agents of federal law enforcement agencies, including, but not limited to, the Federal Bureau of Investigation, the Secret Service, the United States Customs Service, the Federal Bureau of Alcohol, Tobacco, and Firearms, the Federal Bureau of Narcotics, the Drug Enforcement Administration, the United States Border Patrol, and officers or agents of the Internal Revenue Service who were authorized to carry weapons while on duty, who were assigned to duty within the state for a period of not less than one year, or who retired from active service in the state.

Retired federal officers or agents shall provide the sheriff with certification from the agency from which they retired certifying their service in the state, the nature of their retirement, and indicating the agency's concurrence that the retired federal officer or agent should be accorded the privilege of carrying a loaded firearm.

Upon approval, the sheriff shall issue a permit to the retired federal officer or agent indicating that he or she may carry a loaded firearm in accordance with this paragraph. The permit shall be valid for a period not exceeding five years, shall be carried by the retiree while carrying a loaded firearm, and may be revoked for good cause.

The sheriff of the county in which the retired federal officer or agent resides may require recertification prior to a permit renewal, and may suspend the privilege for cause. The sheriff may charge a fee necessary to cover any reasonable expenses incurred by the county.

(c) Subdivision (a) shall not apply to any of the following who have completed a regular course in firearms training approved by the Commission on Peace Officer Standards and Training:

(1) Patrol special police officers appointed by the police commission of any city, county, or city and county under the express terms of its charter who also, under the express terms of the charter, (A) are subject to suspension

or dismissal after a hearing on charges duly filed with the commission after a fair and impartial trial, (B) are not less than 18 years of age or more than 40 years of age, (C) possess physical qualifications prescribed by the commission, and (D) are designated by the police commission as the owners of a certain beat or territory as may be fixed from time to time by the police commission.

(2) The carrying of weapons by animal control officers or zookeepers, regularly compensated as such by a governmental agency when acting in the course and scope of their employment and when designated by a local ordinance or, if the governmental agency is not authorized to act by ordinance, by a resolution, either individually or by class, to carry the weapons, or by persons who are authorized to carry the weapons pursuant to *Section 14502 of the Corporations Code*, while actually engaged in the performance of their duties pursuant to that section.

(3) Harbor police officers designated pursuant to *Section 663.5 of the Harbors and Navigation Code*.

(d) Subdivision (a) shall not apply to any of the following who have been issued a certificate pursuant to Section 12033. The certificate shall not be required of any person who is a peace officer, who has completed all training required by law for the exercise of his or her power as a peace officer, and who is employed while not on duty as a peace officer.

(1) Guards or messengers of common carriers, banks, and other financial institutions while actually employed in and about the shipment, transportation, or delivery of any money, treasure, bullion, bonds, or other thing of value within this state.

(2) Guards of contract carriers operating armored vehicles pursuant to California Highway Patrol and Public Utilities Commission authority (A) if hired prior to January 1, 1977, or (B) if hired on or after January 1, 1977, if they have completed a course in the carrying and use of firearms which meets the standards prescribed by the Department of Consumer Affairs.

(3) Private investigators and private patrol operators who are licensed pursuant to Chapter 11.5 (commencing with Section 7512) of, and alarm company operators who are licensed pursuant to Chapter 11.6 (commencing with *Section 7590) of, Division 3 of the Business and Professions Code*, while acting within the course and scope of their employment.

(4) Uniformed security guards or night watch persons employed by any public agency, while acting within the scope and course of their employment.

(5) Uniformed security guards, regularly employed and compensated in that capacity by persons engaged in any lawful business, and uniformed alarm agents employed by an alarm company operator, while actually engaged in protecting and preserving the property of their employers or on duty or en route to or from their residences or their places of employment, and security guards and alarm agents en route to or from their residences or employer-required range training. Nothing in this paragraph shall be construed to prohibit cities and counties from enacting ordinances requiring alarm agents to register their names.

(6) Uniformed employees of private patrol operators and private investigators licensed pursuant to Chapter 11.5 (commencing with *Section 7512) of Division 3 of the Business and Professions Code*, while acting within the course and scope of their employment.

(e) In order to determine whether or not a firearm is loaded for the purpose of enforcing this section, peace officers are authorized to examine any firearm carried by anyone on his or her person or in a vehicle while in any public place or on any public street in an incorporated city or prohibited area of an unincorporated territory. Refusal to allow a peace officer to inspect a firearm pursuant to this section constitutes probable cause for arrest for violation of this section.

(f) As used in this section, "prohibited area" means any place where it is unlawful to discharge a weapon.

(g) A firearm shall be deemed to be loaded for the purposes of this section when there is an unexpended cartridge or shell, consisting of a case that holds a charge of powder and a bullet or shot, in, or attached in any manner to, the firearm, including, but not limited to, in the firing chamber, magazine, or clip thereof attached to the firearm; except that a muzzle-loader firearm shall be deemed to be loaded when it is capped or primed and has a powder charge and ball or shot in the barrel or cylinder.

(h) Nothing in this section shall prevent any person engaged in any lawful business, including a nonprofit organization, or any officer, employee, or agent authorized by that person for lawful purposes connected with that

business, from having a loaded firearm within the person's place of business, or any person in lawful possession of private property from having a loaded firearm on that property.

(i) Nothing in this section shall prevent any person from carrying a loaded firearm in an area within an incorporated city while engaged in hunting, provided that the hunting at that place and time is not prohibited by the city council.

(j)

(1) Nothing in this section is intended to preclude the carrying of any loaded firearm, under circumstances where it would otherwise be lawful, by a person who reasonably believes that the person or property of himself or herself or of another is in immediate, grave danger and that the carrying of the weapon is necessary for the preservation of that person or property. As used in this subdivision, "immediate" means the brief interval before and after the local law enforcement agency, when reasonably possible, has been notified of the danger and before the arrival of its assistance.

(2) A violation of this section is justifiable when a person who possesses a firearm reasonably believes that he or she is in grave danger because of circumstances forming the basis of a current restraining order issued by a court against another person or persons who has or have been found to pose a threat to his or her life or safety. This paragraph may not apply when the circumstances involve a mutual restraining order issued pursuant to Division 10 (commencing with *Section 6200) of the Family Code* absent a factual finding of a specific threat to the person's life or safety. It is not the intent of the Legislature to limit, restrict, or narrow the application of current statutory or judicial authority to apply this or other justifications to defendants charged with violating Section 12025 or of committing other similar offenses.

Upon trial for violating this section, the trier of fact shall determine whether the defendant was acting out of a reasonable belief that he or she was in grave danger.

(k) Nothing in this section is intended to preclude the carrying of a loaded firearm by any person while engaged in the act of making or attempting to make a lawful arrest.

(l) Nothing in this section shall prevent any person from having a loaded weapon, if it is otherwise lawful, at his or her place of residence, including any temporary residence or campsite.

(m)

(1) The district attorney of each county shall submit annually a report on or before June 30, to the Attorney General consisting of profiles by race, age, gender, and ethnicity of any person charged with a felony or a misdemeanor under this section and any other offense charged in the same complaint, indictment, or information.

(2) The Attorney General shall submit annually, a report on or before December 31, to the Legislature compiling all of the reports submitted pursuant to paragraph (1).

(3) This subdivision shall remain operative only until January 1, 2005.

DEERING'S CALIFORNIA CODES ANNOTATED
Copyright (c) 2009 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

\* THIS DOCUMENT REFLECTS ALL URGENCY LEGISLATION ENACTED THROUGH CH. 643 OF \*
THE 2009-2010 REG. SESS., CH. 12 OF THE 2009-2010 2d EX. SESS.,
CH. 30 OF THE 2009-10 3d EX. SESS., CH. 24 OF THE 2009-10 4th EX. SESS.,
THE GOVERNOR'S REORG. PLAN #1 OF 2009, EFF. MAY 10, 2009 & PROP 1F APPROVED
EFF. MAY 20, 2009

PENAL CODE
Part 4. Prevention of Crimes and Apprehension of Criminals
Title 2. Control of Deadly Weapons
Chapter 1. Firearms
Article 3. Licenses to Carry Pistols and Revolvers

**GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

*Cal Pen Code § 12050 (2009)*

**Legislative Alert:** LEXSEE 2009 Cal. ALS 288 -- see section 2, effective 01/01/2010.

**§ 12050. Issuance; Restrictions; Revocation; Amendment**

(a)

(1)

(A) The sheriff of a county, upon proof that the person applying is of good moral character, that good cause exists for the issuance, and that the person applying satisfies any one of the conditions specified in subparagraph (D) and has completed a course of training as described in subparagraph (E), may issue to that person a license to carry a pistol, revolver, or other firearm capable of being concealed upon the person in either one of the following formats:

(i) A license to carry concealed a pistol, revolver, or other firearm capable of being concealed upon the person.

(ii) Where the population of the county is less than 200,000 persons according to the most recent federal decennial census, a license to carry loaded and exposed in that county a pistol, revolver, or other firearm capable of being concealed upon the person.

(B) The chief or other head of a municipal police department of any city or city and county, upon proof that the person applying is of good moral character, that good cause exists for the issuance, and that the person applying is a resident of that city and has completed a course of training as described in subparagraph (E), may issue to that person a license to carry a pistol, revolver, or other firearm capable of being concealed upon the person in either one of the following formats:

(i) A license to carry concealed a pistol, revolver, or other firearm capable of being concealed upon the person.

(ii) Where the population of the county in which the city is located is less than 200,000 persons according to the most recent federal decennial census, a license to carry loaded and exposed in that county a pistol, revolver, or other firearm capable of being concealed upon the person.

(C) The sheriff of a county or the chief or other head of a municipal police department of any city or city and county, upon proof that the person applying is of good moral character, that good cause exists for the issuance, and that the person applying is a person who has been deputized or appointed as a peace officer pursuant to subdivision (a) or (b) of Section 830.6 by that sheriff or that chief of police or other head of a municipal police department, may issue to that person a license to carry concealed a pistol, revolver, or other firearm capable of being concealed upon

the person. Direct or indirect fees for the issuance of a license pursuant to this subparagraph may be waived. The fact that an applicant for a license to carry a pistol, revolver, or other firearm capable of being concealed upon the person has been deputized or appointed as a peace officer pursuant to subdivision (a) or (b) of Section 830.6 shall be considered only for the purpose of issuing a license pursuant to this subparagraph, and shall not be considered for the purpose of issuing a license pursuant to subparagraph (A) or (B).

(D) For the purpose of subparagraph (A), the applicant shall satisfy any one of the following:

(i) Is a resident of the county or a city within the county.

(ii) Spends a substantial period of time in the applicant's principal place of employment or business in the county or a city within the county.

(E)

(i) For new license applicants, the course of training may be any course acceptable to the licensing authority, shall not exceed 16 hours, and shall include instruction on at least firearm safety and the law regarding the permissible use of a firearm. Notwithstanding this clause, the licensing authority may require a community college course certified by the Commission on Peace Officer Standards and Training, up to a maximum of 24 hours, but only if required uniformly of all license applicants without exception.

(ii) For license renewal applicants, the course of training may be any course acceptable to the licensing authority, shall be no less than four hours, and shall include instruction on at least firearm safety and the law regarding the permissible use of a firearm. No course of training shall be required for any person certified by the licensing authority as a trainer for purposes of this subparagraph, in order for that person to renew a license issued pursuant to this section.

(2)

(A)

(i) Except as otherwise provided in clause (ii), subparagraphs (C) and (D) of this paragraph, and subparagraph (B) of paragraph (4) of subdivision (f), a license issued pursuant to subparagraph (A) or (B) of paragraph (1) is valid for any period of time not to exceed two years from the date of the license.

(ii) If the licensee's place of employment or business was the basis for issuance of the license pursuant to subparagraph (A) of paragraph (1), the license is valid for any period of time not to exceed 90 days from the date of the license. The license shall be valid only in the county in which the license was originally issued. The licensee shall give a copy of this license to the licensing authority of the city, county, or city and county in which he or she resides. The licensing authority that originally issued the license shall inform the licensee verbally and in writing in at least 16-point type of this obligation to give a copy of the license to the licensing authority of the city, county, or city and county of residence. Any application to renew or extend the validity of, or reissue, the license may be granted only upon the concurrence of the licensing authority that originally issued the license and the licensing authority of the city, county, or city and county in which the licensee resides.

(B) A license issued pursuant to subparagraph (C) of paragraph (1) to a peace officer appointed pursuant to Section 830.6 is valid for any period of time not to exceed four years from the date of the license, except that the license shall be invalid upon the conclusion of the person's appointment pursuant to Section 830.6 if the four-year period has not otherwise expired or any other condition imposed pursuant to this section does not limit the validity of the license to a shorter time period.

(C) A license issued pursuant to subparagraph (A) or (B) of paragraph (1) is valid for any period of time not to exceed three years from the date of the license if the license is issued to any of the following individuals:

(i) A judge of a California court of record.

(ii) A full-time court commissioner of a California court of record.

(iii) A judge of a federal court.

(iv) A magistrate of a federal court.

(D) A license issued pursuant to subparagraph (A) or (B) of paragraph (1) is valid for any period of time not to exceed four years from the date of the license if the license is issued to a custodial officer who is an employee of

the sheriff as provided in Section 831.5, except that the license shall be invalid upon the conclusion of the person's employment pursuant to Section 831.5 if the four-year period has not otherwise expired or any other condition imposed pursuant to this section does not limit the validity of the license to a shorter time period.

(3) For purposes of this subdivision, a city or county may be considered an applicant's "principal place of employment or business" only if the applicant is physically present in the jurisdiction during a substantial part of his or her working hours for purposes of that employment or business.

(b) A license may include any reasonable restrictions or conditions which the issuing authority deems warranted, including restrictions as to the time, place, manner, and circumstances under which the person may carry a pistol, revolver, or other firearm capable of being concealed upon the person.

(c) Any restrictions imposed pursuant to subdivision (b) shall be indicated on any license issued.

(d) A license shall not be issued if the Department of Justice determines that the person is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm.

(e)

(1) The license shall be revoked by the local licensing authority if at any time either the local licensing authority is notified by the Department of Justice that a licensee is prohibited by state or federal law from owning or purchasing firearms, or the local licensing authority determines that the person is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm.

(2) If at any time the Department of Justice determines that a licensee is prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm, the department shall immediately notify the local licensing authority of the determination.

(3) If the local licensing authority revokes the license, the Department of Justice shall be notified of the revocation pursuant to Section 12053. The licensee shall also be immediately notified of the revocation in writing.

(f)

(1) A person issued a license pursuant to this section may apply to the licensing authority for an amendment to the license to do one or more of the following:

(A) Add or delete authority to carry a particular pistol, revolver, or other firearm capable of being concealed upon the person.

(B) Authorize the licensee to carry concealed a pistol, revolver, or other firearm capable of being concealed upon the person.

(C) If the population of the county is less than 200,000 persons according to the most recent federal decennial census, authorize the licensee to carry loaded and exposed in that county a pistol, revolver, or other firearm capable of being concealed upon the person.

(D) Change any restrictions or conditions on the license, including restrictions as to the time, place, manner, and circumstances under which the person may carry a pistol, revolver, or other firearm capable of being concealed upon the person.

(2) When the licensee changes his or her address, the license shall be amended to reflect the new address and a new license shall be issued pursuant to paragraph (3).

(3) If the licensing authority amends the license, a new license shall be issued to the licensee reflecting the amendments.

(4)

(A) The licensee shall notify the licensing authority in writing within 10 days of any change in the licensee's place of residence.

(B) If the license is one to carry concealed a pistol, revolver, or other firearm capable of being concealed upon the person, then it may not be revoked solely because the licensee changes his or her place of residence to another county if the licensee has not breached any conditions or restrictions set forth in the license and has not become prohibited by state or federal law from possessing, receiving, owning, or purchasing a firearm. However, any license

issued pursuant to subparagraph (A) or (B) of paragraph (1) of subdivision (a) shall expire 90 days after the licensee moves from the county of issuance if the licensee's place of residence was the basis for issuance of the license.

(C) If the license is one to carry loaded and exposed a pistol, revolver, or other firearm capable of being concealed upon the person, the license shall be revoked immediately if the licensee changes his or her place of residence to another county.

(5) An amendment to the license does not extend the original expiration date of the license and the license shall be subject to renewal at the same time as if the license had not been amended.

(6) An application to amend a license does not constitute an application for renewal of the license.

(g) Nothing in this article shall preclude the chief or other head of a municipal police department of any city from entering an agreement with the sheriff of the county in which the city is located for the sheriff to process all applications for licenses, renewals of licenses, and amendments to licenses, pursuant to this article.

# EXHIBIT "B"



# WEST VIRGINIA FIREARM LAWS

*Courtesy of*

Darrell V. McGraw, Jr.
Attorney General
of
West Virginia

October 2009

Office of the Attorney General
State Capitol Complex
1900 Kanawha Boulevard, East
Building 1, Room E-26
Charleston, West Virginia 25305
(304) 558-8986 - Consumer Protection and AntiTrust Division
(304) 558-2021 - Main Office
Web address: www.wvago.gov
Email address for handgun questions: wvguninfo@wvago.gov



Fellow West Virginians:

My office has prepared this booklet to assist you in learning about West Virginia firearms law, particularly in the area of concealed licenses and where in the country your West Virginia license is recognized.

As laws are subject to change, up-to-date information is available on our website www.wvago.gov.

Please remember that firearms law is not governed solely by West Virginia law. You must comply with federal laws and regulations, all of which are not contained in this booklet. Concealed handgun licenses are issued by the county sheriff's office in each county. A list of those offices is contained herein.

Sincerely,


Darrell V. McGraw, Jr.
West Virginia Attorney General

# TABLE OF CONTENTS

Information About Obtaining a West Virginia Concealed Handgun License .................... 1-2

Information About Handgun Reciprocity ............................................. 3

Information About Recognition of West Virginia Handgun Licenses ......................... 3

Locations Where Handguns are Restricted or Forbidden .................................. 4

Frequently Asked Questions ..................................................... 5-6

Provisions of 18 U.S.C. § 922(g) Relating to Those Persons Who Cannot Possess
Firearms and Federal Law Exempting Active and Retired Law Enforcement Offices
From State CCW Laws ........................................................ 7-10

Selected West Virginia Firearm Laws ............................................ 11-29

List of County Sheriff's Offices ................................................. 30-32

Concealed Handgun Application .................................................. 33

# License to Carry a Concealed Handgun

A person who wishes to carry a concealed handgun must obtain a license. A license is not required for a person to own a handgun, keep it in his or her home, place of business or other real property. No license is necessary to visibly carry a handgun if the person may lawfully possess a firearm.

Licenses to carry a concealed handgun may be obtained from the sheriff of the county in which the applicant is a resident.

Carrying a concealed handgun without a license is a misdemeanor punishable by incarceration for up to one year and a fine of one hundred to one thousand dollars for a first offense. A second conviction is a felony punishable by incarceration for not less than one nor more than five years and a fine of not less than one thousand nor more than five thousand dollars. W. Va. Code § 61-7-3. Federal law creates exemptions from state CCW laws for active and certain retired law enforcement officers. Copies of those statutes in effect as of the date of this booklet's publication (October 2009) are contained herein.

An applicant for a concealed handgun license must complete an application form. The fees associated with a license application are $75.00 payable to the sheriff's office and $15.00 to the West Virginia State Police for the criminal background check. One may often obtain a laminated wallet size copy of the license through the sheriff's office. Fees for this vary. State law requires the possession of one's license when carrying a concealed handgun.

The West Virginia State Police strongly recommend that if one does not have a concealed handgun permit, all weapons transported in a motor vehicle should be unloaded with the ammunition stored separately.

Lastly, West Virginia law requires that hunting weapons being transported in a vehicle be unloaded and in cases.

It is important to note that while West Virginia is an "open carry" state the ability to carry openly is deemed by law enforcement to apply only to West Virginia residents. West Virginia law enforcement's interpretation of "open carry" is that the handgun must be visible from three sides.