```
JOHN J. SANSONE, County Counsel
Answering Defendant of San Diego
By JAMES M. CHAPIN, Senior Deputy (SBN 118530)
1600 Pacific Highway, Room 355
San Diego, CA  92101
Telephone:  (619) 531-5244
james.chapin@sdcounty.ca.gov
```

Attorneys for Defendant William D. Gore

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD PERUTA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF SAN DIEGO, WILLIAM D. GORE, INDIVIDUALLY AND IN HIS CAPACITY AS SHERIFF,<br><br>　　　　Defendants. | USSD No. **09-CV-2371 IEG (BLM)**<br><br>**DEFENDANT WILLIAM D. GORE'S REPLY POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br>**[Fed.R.Civ.P., 12(b)(6)]**<br><br>Date:　December 21, 2009<br>Time:　10:30 a.m.<br>Dept:　1 – Courtroom of the<br>　　　　Hon. Irma E. Gonzalez |

## I

## THE SECOND AMENDMENT

Plaintiff's opposition claims that the Second Amendment gives him the constitutional right to "bear arms in order to be armed and ready in case of conflict with another person." That is not the holding of *District of Columbia v. Heller*, 554 U.S. __; 128 S. Ct. 2783; 171 L.Ed.2d 637 (2008) (see analysis in motion points and authorities.) There are numerous federal and state statutory proscriptions on the carrying of loaded and concealed firearms. If Plaintiff's position was accurate, gang members and drug dealers could lawfully carry loaded, concealed weapons without restriction. The *Heller* court emphasized that the right to keep and bear arms is "not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *Id.* at

___; 171 L.Ed.2d at 678.  And it endorsed regulatory measures that are presumptively lawful.  *Heller* at ___, n. 26; 171 L.Ed.2d at 678, n. 26.  Plaintiff cites to no case nationwide which has stuck down concealed weapons regulations since *Heller*. California law specifically permits Plaintiff to possess a loaded weapon in his residence, including any temporary residence or campsite, which would include his recreational vehicle.  Penal Code § 12031(l).

## II

## THERE IS NO CONSTITUTIONALLY PROTECTED INTEREST IN A CONCEALED WEAPONS PERMIT

Penal Code section 12050 gives extremely broad discretion to the sheriff concerning the issuance of such licenses.  *Nichols v. County of Santa Clara*, 223 Cal. App. 3d 1236, 1241 (1990); *Salute v. Pitchess*, 61 Cal. App. 3d 557, 560 (1976).  In *CBS, Inc. v. Block*, 42 Cal.3d 646, 655 (1986), that discretion was described as "unfettered."  The court noted that in Los Angeles County, with a population of over 7 million, the sheriff had issued only 35 licenses, while in Orange County, the sheriff had issued over 400.  *Id.* at pp. 649, 655. Licenses to carry a concealed firearm are rarities. The statute leaves their issuance to the unfettered discretion of the sheriff, in the interest of controlling dangerous weapons.  *Id.* at p. 655.

In *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972) the court stated:  "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it."

"In light of this statute's delegation of such broad discretion to the sheriff, it is well established that an *applicant* for a license to carry a concealed firearm has no legitimate claim of entitlement to it under state law, and therefore has no 'property' interest to be protected by the due process clause of the United States Constitution." *Nichols v. County of Santa Clara*, 223 Cal. App. 3d at 1241; *Erdelyi v. O'Brien*, 680 F.2d 61, 63 (9th Cir. 1982).

Plaintiff cannot state a constitutional claim because he has no protected property interest which triggers 42 U.S.C. section 1983. *Erdelyi v. O'Brien*, 680 F.2d 61 (9th Cir. 1982); *Nichols v. County of Santa Clara*, 223 Cal. App. 3d at 1245.

### III

### EQUAL PROTECTION

Plaintiff's allegations further fail to state an equal protection claim as set forth in the motion filed herein. He fails to allege intentional discrimination by the Defendant and appears to claim that the sheriff has his own narrow interpretation of the residency requirement. As long as that interpretation is consistent, the sheriff is not treating persons differently. Plaintiff points to a definition of residency from the Elections Code. A more common definition is that used in Revenue and Taxation Code section 17014(a) which defines a resident as "[e]very individual who is in this state for other than a temporary or transitory purpose." Plaintiff in his Complaint clearly places himself in San Diego County for a temporary or transient purpose.

Further, he fails to allege facts which support his claim that the good cause determination of the sheriff is constitutionally flawed. While Plaintiff makes allegations of his need for a permit, he fails to state what *evidence* he produced to Defendant to meet his burden of proof in the application process.

Most significantly, since the statute requires that Plaintiff meet all *three* requirements of Penal Code section 12050 to be eligible for a permit, the failure to meet the residency provision alone ends his constitutional claim. See also, 62 Cal. Ops. Atty. Gen. 708 (1979).

### CONCLUSION

The Complaint fails to state a claim upon which relief can be granted. The motion to dismiss should be granted without leave to amend.

DATED: December 14, 2009          Respectfully submitted,

JOHN J. SANSONE, County Counsel

By: s/ JAMES M. CHAPIN, Senior Deputy
Attorneys for Defendant William D. Gore
E-Mail: james.chapin@sdcounty.ca.gov

## Declaration of Service

I, the undersigned, declare:

I, the undersigned, declare under penalty of perjury that I am over the age of eighteen years and not a party to the case; I am employed in, or am a resident of, the County of San Diego, California, where the service occurred; and my business address is: 1600 Pacific Highway, Room 355, San Diego, California.

On December 14, 2009, I served the following documents: **DEFENDANT WILLIAM D. GORE'S REPLY POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT [Fed.R.Civ.P., 12(b)(6]** in the following manner:

☐ By placing a copy in a separate envelope, with postage fully prepaid, for each addressee named below and depositing each in the U. S. Mail at San Diego, California.

☒ By electronic filing, I served each of the above referenced documents by E-filing, in accordance with the rules governing the electronic filing of documents in the United States District Court for the Southern District of California, as to the following parties:

Paul H. Neuharth, Jr., Esq.
Law Offices of Paul H Neuharth
1140 Union Street, Suite 102
San Diego, CA  92101
T: (619) 231-0401
F: (619) 231-8759
E-mail: pneuharth@sbcglobal.net
(Attorney for Plaintiff)

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 14, 2009, at San Diego, California.

> By: s/ JAMES M. CHAPIN
> E-mail: james.chapin@sdcounty.ca.gov

Edward Peruta v. County of San Diego, et al.; USDC No. 09-CV-2371-IEG (BLM)