```
C.D. Michel – SBN 144257
Don B. Kates – SBN 39193
cmichel@michellawyers.com
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile:  (562) 216-4445
Attorneys for Plaintiffs / Petitioners

Paul Neuharth, Jr. (State Bar #147073)
pneuharth@sbcglobal.net
PAUL NEUHARTH, JR., APC
1440 Union Street, Suite 102
San Diego, CA 92101
Telephone: (619) 231-0401
Facsimile:  (619) 231-8759
Attorney for Plaintiff / Petitioner EDWARD PERUTA
```

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD PERUTA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO,<br>WILLIAM D. GORE,<br>INDIVIDUALLY AND IN HIS<br>CAPACITY AS SHERIFF,<br><br>　　　　Defendants. | CASE NO. 09-CV-2371 IEG (BLM)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Date:　　　June 1, 2010<br>Time:　　　10:30 a.m.<br>Courtroom: 1, Fourth Floor<br>Hon. Irma E. Gonzales |

## I.　INTRODUCTION

Through this motion, Plaintiff seeks leave to file a First Amended Complaint pursuant to FRCP 15(a). Plaintiff's First Amended Complaint, attached to Plaintiff's Notice of Motion as Exhibit "A," adds claims that Defendant's conduct violates Penal Code section 12050, the requirements of Due Process, and the Privileges and Immunities Clause of the United States Constitution based on new information Plaintiff has learned and on theories developed since the filing of its original Complaint. Plaintiff's Amended Complaint also joins four (4) individual plaintiffs and one (1) organizational plaintiff.

1   Plaintiff's First Amended Complaint is timely, does not cause any prejudice to
2   Defendants, and should therefore be permitted by this Court.

## II. STATEMENT OF FACTS

Plaintiff filed this lawsuit on October 9, 2009.  Defendant, Sheriff William D. Gore, filed a motion to dismiss Plaintiff's complaint on November 12, 2009. This Court denied Defendant's motion on January 14, 2010. Since filing the Complaint, Plaintiff has discovered additional information and developed new legal theories necessitating the filing of the an amended complaint.  (Plaintiff's First Amended Complaint is attached to Plaintiff's Notice of Motion as Exhibit "A.")

Plaintiff has learned the identities of other individuals who were unlawfully denied issuance of concealed weapons permits by Defendants, and who wish to be included as plaintiffs in this suit. (See Declaration of C.D. Michel, "Michel Decl." at ¶¶ 4-5.)  Through ongoing informal discovery efforts and further research on behalf of plaintiffs joining in this suit, plaintiffs have determined and allege that Defendant's conduct violates the requirements set forth in Penal Code section 12050, the Privileges and Immunities Clause of the United States Constitution, and the requirements of Due Process. (Michel Decl. at ¶ 4-5.)   Plaintiffs also seek a declaration from the Court that the right to self defense constitutes "good cause" for the issuance of a concealed carry weapons permit. (See Exhibit "A.")

Plaintiff's counsel has contacted Defendants' counsel to seek Defendants' written consent to the amendment pursuant to FRCP 15. (Michel Decl. at ¶ 6.) However, Defendants have not consented to the filing of this First Amended Complaint as of the time of filing due to objections to Plaintiffs' amended claims (Michel Decl. at ¶ 6.)  Accordingly, Plaintiff seeks an order permitting Plaintiff to file the First Amended Complaint attached to Plaintiff's Notice of Motion as Exhibit "A."

/ / /
/ / /

## III. ARGUMENT

### A. Leave Should Be Granted To Amend the Complaint

FRCP 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." The United States Supreme Court and the Ninth Circuit courts have repeatedly reaffirmed that leave to amend is to be granted with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted); see, e.g., *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) (leave to amend should be freely given); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend.") (emphasis in original); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (courts should be guided by policy favoring decisions on the merits "rather than on the pleadings or technicalities"). This liberality in granting leave to amend is not dependent on whether the amendment will add new parties. *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Rather, the primary factors relied upon by the Supreme Court and the Ninth Circuit in denying a motion for leave to amend are "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *Id*. None of these factors are present in this case.

### B. Amendment Should Be Permitted

Plaintiff's First Amended Complaint is timely and should be allowed. Plaintiff falls well within the liberal standard for freely allowing the amendment of pleadings. See *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("In the absence of . . . undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment . . . the leave sought should, as the rules require, be 'freely given.'")

/ / /

/ / /

Moreover, Defendants will not be prejudiced by the filing of Plaintiff's First Amended Complaint. Plaintiff's First Amended Complaint does not change the nature of the lawsuit, nor are Defendants precluded from seeking discovery in relation to the First Amended Complaint. Accordingly, Defendants will not be prejudiced by an order granting leave to file Plaintiffs' First Amended Complaint.

Plaintiff offers its Amended Complaint in good faith and without undue delay. Since filing its original complaint, Plaintiff has discovered new information regarding Defendants' policies and practices. Specifically, Plaintiff has learned that Defendants' unlawful policies regarding the issuance of concealed carry weapons permits have been applied beyond Plaintiff Peruta's individual case to other residents of San Diego County. These residents now joining as plaintiffs in this suit have determined and allege that Defendant's conduct violates the requirements set forth in Penal Code section 12050, the Privileges and Immunities Clause of the United States Constitution, and the requirements of Due Process.

This information supports Plaintiff's new claims as well as Plaintiff's assertion of additional details in support of its previously asserted claims. *See Coilcraft, Inc. v. Inductor Warehouse*, 2000 U.S. Dist. LEXIS 6097, *8-9 (no bad faith where plaintiff made "reasonable inquiry" into facts supporting new claim, introduced relevant evidence, and "has never mis-characterized the nature of the lawsuit").

In sum, Plaintiff's First Amended Complaint is submitted for filing timely and in good faith, contains claims similar to those originally asserted and does not prejudice Defendants. Consequently, none of the factors on which courts base denial of motions for leave to amend are present here. Thus, Plaintiff's motion for leave should be granted.

/ / /

/ / /

/ / /

## V. CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff leave to file the First Amended Complaint attached to Plaintiff's Notice of Motion as Exhibit "A"

DATED: April 22, 2010              **MICHEL & ASSOCIATES, PC**

                                   By: /s/C.D. Michel
                                       C.D. Michel
                                       Attorney for Plaintiff


DATED: April 22, 2010              **PAUL NEUHARTH, JR., APC**

                                   By: /s/ Paul Neuharth, Jr.
                                       Paul Neuharth, Jr.
                                       Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD PERUTA,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, WILLIAM D. GORE, INDIVIDUALLY AND IN HIS CAPACITY AS SHERIFF,<br><br>    Defendants. | CASE NO. 09-CV-2371 IEG (BLM)<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 E. Ocean Blvd., Suite 200, Long Beach, California, 90802.

I am not a party to the above-entitled action. I have caused service of:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

James M. Chapin
County of San Diego
Office of County Counsel
1600 Pacific Highway
Room 355
San Diego, CA 92101-2469
(619) 531-5244
Fax: (619-531-6005
james.chapin@sdcounty.ca.gov

Paul Neuharth, Jr.
PAUL NEUHARTH, JR., APC
440 Union Street, Suite 102
San Diego, CA 92101
Telephone:   (619) 231-0401
Facsimile:    (619) 231-8759
pneuharth@sbcglobal.net

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 22, 2010

/S/ C.D. Michel
C. D. Michel
Attorney for Plaintiffs