JOHN J. SANSONE, County Counsel
Answering Defendant of San Diego
By JAMES M. CHAPIN, Senior Deputy (SBN 118530)
1600 Pacific Highway, Room 355
San Diego, CA  92101
Telephone:  (619) 531-5244
james.chapin@sdcounty.ca.gov

Attorneys for Defendants County of San Diego and William D. Gore

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD PERUTA,<br><br>                    Plaintiff,<br><br>     v.<br><br>COUNTY OF SAN DIEGO, WILLIAM D. GORE, INDIVIDUALLY AND IN HIS CAPACITY AS SHERIFF,<br><br>                    Defendants. | USSD No. 09-CV-2371 IEG (BGS)<br><br>**COUNTY OF SAN DIEGO AND WILLIAM D. GORE'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND**<br><br>Date:  June 1, 2010<br>Time: 10:30 a.m.<br>Courtroom: 1<br>Honorable Irma E. Gonzalez<br><br>[Defendants Demand Jury Trial] |

## I
## INTRODUCTION

The Complaint in this action was filed on October 23, 2009.  On February 24, 2010, the Court entered an Order setting dates following the Early Neutral Evaluation.  At that time, there was a single Plaintiff and a single distinct set of allegations relating to the application of Edward Peruta for a concealed weapons permit.  The Court entered orders relating to discovery, experts and other dates based upon the assumption that the case was limited to a single Plaintiff.

On April 22, 2010, the last day for filing an amended complaint, this motion for leave to amend was filed.  The amended complaint proposes to add five new plaintiffs

and makes allegations about the new plaintiffs that raise issues of fact not raised by the original complaint and which compound and confuse the legal issues previously sought to be addressed by this litigation.

Furthermore, one of the new plaintiffs is an association which has no standing to litigate an "as applied" constitutional challenge which is the essence of the proposed amended complaint.

For these reasons and as more fully set forth below, Defendants oppose the motion for leave to amend.

## II

## THE CALIFORNIA RIFLE AND PISTOL ASSOCIATION FOUNDATION LACKS STANDING

All allegations and claims for relief in the proposed amended complaint relate to Defendants' administration of California Penal Code section 12050 and interpretation of residency and good cause requirements in the context of granting and denying permit applications submitted by individuals.  The California Rifle and Pistol Association Foundation ["CRPAF"] cannot apply for a permit and cannot pursue an "as applied" challenge to this statute.

Associational standing permits an organization to litigate as a representative of its members if: "(a) [the organization's] members would otherwise have standing to sue in their own right; (b) the interests [the organization] seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977).

CRPAF cannot satisfy the third prong of the Supreme Court's associational standing test, which mandates that "neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit."  The plaintiffs' as-

///

///

applied claims and the relief they seek, although equitable in nature, both require "individualized proof" specific to each permit application.  *See*, *Ass'n of Christian Schs. Int'l v. Stearns*, 2010 U.S. App. LEXIS 745 (9th Cir. Cal. Jan. 12, 2010).

       Whether an organization satisfies the third *Hunt* prong depends on the claims it asserts and the relief it requests.  The more specific claims and relief are to individual organization members, the less likely it is that the organization has standing.  Courts are likely to grant associational standing where "the [l]aw does not require the participation of individual [association] members, [because] there is complete identity between the interests of the consortium and those of its member[s] . . . and the necessary proof could be presented 'in a group context.'"  *N.Y. State Club Ass'n, Inc. v. City of New York*, 487 U.S. 1, 10 n.4 (1988) (*quoting Hunt*, 432 U.S. at 344).  .

       Second, "the relief sought is only half the story."  *Rent Stabilization Ass'n of City of N.Y. v. Dinkins*, 5 F.3d 591, 596 (2d Cir. 1993).  Even if Plaintiffs' individualized declaratory relief request did not prohibit associational standing, the individualized nature of Plaintiffs' as-applied claims would bar standing.  When the claims require an "ad hoc factual inquiry" for each member represented by the association, the organization does not have associational standing.

       Since each permit application is granted or denied based upon specific, individualized information, and requires a factual inquiry for each applicant, the CPRAF cannot have associational standing in this litigation.

### III

### THE FOUR NEW INDIVIDUAL PLAINTIFFS RAISE WHOLLY NEW FACTUAL AND LEGAL ISSUES

       The proposed amended complaint contains 36 new paragraphs of factual allegations regarding the four new individual plaintiffs.  Defendants are aware that at least some of the allegations are not true.  With this amended pleading, the course of this litigation would expand five-fold from a strictly factual standpoint and significantly from a legal standpoint because of the broad constitutional claims that are made.

# IV
# CONCLUSION

The motion should be denied for lack of associational standing and because the four new individual plaintiffs have unique and different factual circumstances from the original plaintiff which will significantly alter the breadth and scope of this litigation. If any amendment is permitted by the court, the scheduling order should be modified.

DATED:                                JOHN J. SANSONE, County Counsel

By: s/ *James M. Chapin*
JAMES M. CHAPIN, Senior Deputy
Attorneys for Defendants County of San Diego
and William D. Gore
james.chapin@sdcounty.ca.gov