# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD PERUTA,<br><br>                           Plaintiff,<br>   vs.<br><br>COUNTY OF SAN DIEGO; and WILLIAM D. GORE, individually and in his capacity as sheriff,<br><br>                          Defendants. | CASE NO. 09-CV-2371 - IEG (BLM)<br><br>ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT<br><br>[Doc. No. 16] |

Currently before the Court is Plaintiff's Motion for Leave to Amend Complaint. Defendants filed an opposition and Plaintiff replied. Having considered the parties' arguments, and for the reasons set forth below, the Court GRANTS the motion to amend.

**BACKGROUND**

As relevant to this motion, Plaintiff Edward Peruta ("Peruta") filed this lawsuit on October 9, 2009, alleging three causes of action against Defendants County of San Diego and William D. Gore, individually and in his capacity as sheriff. [Doc. No. 1]. Peruta's complaint arose from his attempts to obtain a concealed weapon's permit ("CCW") in San Diego County. Peruta alleged he was denied a CCW by Defendant Gore's predecessor because the San Diego License Division made a finding that he did not have good cause and was not a resident of San Diego–both of which are requirements under Section 12050 of the California Penal Code ("Section 12050").

Defendant Gore filed a Motion to Dismiss Plaintiff's complaint on November 12, 2009, which the Court denied in its entirety on January 14, 2010. [Doc. No. 7]. Since then, Peruta alleges he discovered additional information and developed new legal theories necessitating the filing of an amended complaint. (Motion to Amend, at 2.) Accordingly, Peruta filed the present motion for leave to file an amended complaint on April 22, 2010. [Doc. No. 16]. Defendant filed an opposition, and Peruta replied. [Doc. Nos. 19, 20]. Subsequently, the Court took the motion under submission pursuant to Civil Local Rule 7.1(d)(1). [Doc. No. 21].

## LEGAL STANDARD

Fed. R. Civ. P. 15(a) allows a party to amend its pleading with leave of court after the period for amendment as a matter of course has expired. See FED. R. CIV. P. 15(a)(2). Pursuant to Rule 15(a), "[t]he court should freely give leave when justice so requires." Id. The Ninth Circuit has construed this broadly, requiring that leave to amend be granted with "extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (citation omitted); Poling v. Morgan, 829 F.2d 882, 886 (9th Cir. 1987) (noting "the strong policy permitting amendment" (citation omitted)). This broad discretion "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) (citing Conley v. Gibson, 355 U.S. 41, 47-48 (1957)).

The Supreme Court has articulated five factors that the court should consider in deciding whether to grant leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the party has previously amended its pleadings. Forman v. Davis, 371 U.S. 178, 182 (1962); see also Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003). Not all factors merit equal weight, however. Eminence Capital, 316 F.3d at 1052. "Prejudice is the 'touchstone of the inquiry under rule 15(a)'" and "carries the greatest weight." Id. (citations omitted). Nevertheless, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

## DISCUSSION

In his motion to amend, Peruta alleges that since the filing of the complaint he has learned the identities of other individuals who were unlawfully denied issuance of CCWs by Defendants and who

wish to be included as plaintiffs in this suit. (Michel Decl., ¶¶ 4-5.) Peruta also wishes to add causes of action for violation of Section 12050, the Privileges and Immunities Clause of the United States Constitution, and the requirements of Due Process. (Id.) The amended complaint also seeks a declaration from the Court that the right to self defense constitutes "good cause" for the issuance of a CCW. According to Peruta, none of these amendments would prejudice Defendants.

Defendants oppose the motion to amend on the ground that it "raise[s] issues of fact not raised by the original complaint and which compound and confuse the legal issues previously sought to be addressed by this litigation." (Def. Opp., at 2-3.) Defendants also allege that the California Rifle and Pistol Association Foundation ("CRPAF") lacks standing to be a plaintiff. (Id.)

A.   California Rifle and Pistol Association Foundation

Associational standing permits an organization to litigate as a representative of its members if: "(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 343 (1977). In this case, Defendants argue the CRPAF cannot satisfy the third prong of the associational standing test because Plaintiffs' as-applied claims and the relief they seek, although equitable in nature, both require "individualized proof" specific to each permit application. See Ass'n of Christian Sch. Int'l v. Stearns, 362 Fed. App'x 640 (9th Cir. 2010).

Whether an association satisfies the third prong of the associational standing test depends on the claims it asserts and the relief it requests. See Warth v. Seldin, 422 U.S. 490, 511 (1975). Thus, the Supreme Court has found the third prong to be satisfied where "there is complete identity between the interests of the [association] and those of its [members] with respect to the issues raised in this suit, and the necessary proof could be presented 'in a group context.'" N.Y. State Club Ass'n v. City of N.Y., 487 U.S. 1, 10 n.4 (1988) (quoting Hunt, 432 U.S. at 344).

In the present case, Plaintiffs have sufficiently alleged that the issues raised in the amended complaint can be appropriately adjudicated "in a group context." See id. Specifically, as Plaintiffs note, all of them (including the CRPAF) "claim that Defendants' refusal to accept self-defense as sufficient 'good cause' for a CCW license infringes on the right to bear arms and cannot be

constitutionally justified by the government, and thereby violates the Second Amendment." (Pl. Reply, at 3.) All of Plaintiffs also allege that "the durational residency requirement, adopted as a standard to establish the residency required by the state statute, violates the Second Amendment, Equal Protection, the Right to Travel, and Privileges and Immunities." (Id.) Thus, because Defendants' policy equally affects all applicants and potential applicants, including members of the CRPAF, there appears to be a "complete identity between the interests of the [CRPAF] and those of its [members] with respect to the issues raised in this suit." See N.Y. State Club Ass'n, 487 U.S. at 10 n.4.

Furthermore, contrary to Defendants' arguments, Plaintiffs do not seek a determination of whether any specific permit application was properly granted or denied. Rather, Plaintiffs only seek relief from Defendants' allegedly unconstitutional policy for the public at large. (See Proposed First Amended Complaint, ¶¶ 148-50 [Doc. No. 16-1].) In other words, Plaintiffs' amended complaint raises a "pure question of law," which the CRPAF can litigate without the participation of the individual aggrieved claimants and still ensure that "the remedy, if granted, will insure to the benefit of those members of the association actually injured." See Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Brock, 477 U.S. 274, 287-88 (1986) (finding the union could properly litigate the suit on behalf of aggrieved members, where the suit concerned the Secretary's interpretation of the Trade Act's TRA eligibility provisions, even though the relief requested would leave "any questions regarding the eligibility of individual TRA claimants to the state authorities").

Finally, Defendants' reliance on Ass'n of Christian Sch., 362 Fed. App'x 640, is misplaced. In that case, the Ninth Circuit concluded the association could not satisfy the third prong because "[t]he plaintiffs' as-applied claims and the relief they seek, although equitable in nature, both require 'individualized proof' specific to each rejected course and the school that offered it." Ass'n of Christian Sch., 362 Fed. App'x at 644 (quoting Hunt, 432 U.S. at 343). According to the Ninth Circuit, the district court correctly concluded that "individual course decisions 'are not common to the entire membership.' Relief would not be 'shared by all in equal degree.' Instead, each course decision affects only one ACSI school, and relief would benefit only that school." Ass'n of Christian Sch. Int'l v. Stearns, 678 F. Supp. 2d 980, 985 (C.D. Cal. 2008). By contrast, in the present case, the court's decision on Defendants' application of Section 12050's "good cause" and "residency" requirements

*would* be "shared by all in equal degree" and would benefit all of the applicants and potential applicants, including the CRPAF members.[1] See Brock, 477 U.S. at 287-88. Accordingly, the CRPAF has associational standing to litigate as a representative of its members.

    B.    Four new individual plaintiffs

Defendants also allege the amended complaint "contains 36 new paragraphs of factual allegations regarding the four new individual plaintiffs," which would expand this litigation "five-fold from a strictly factual standpoint and significantly from a legal standpoint because of the broad constitutional claims that are made." (Def. Opp., at 3.) This, however, is not sufficient by itself to deny a motion to amend. As previously noted, leave to amend should be granted with "extreme liberality." Morongo Band of Mission Indians, 893 F.2d at 1079. "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). In this case, the Forman factors weigh in favor of allowing the motion to amend. See Forman, 371 U.S. at 182. First, there is no indication the amendment is being sought in bad faith. Second, because the motion was filed within the time allotted for any amendments, [see Doc. No. 12], there has been no "undue delay." Third, there is no indication the amendment will be futile. Fourth, this is Plaintiffs' first amendment of their complaint.

Finally, there is also no indication the amendment will prejudice Defendants. In considering the potential prejudice of the amendment, the Court considers whether the amended complaint would "greatly change the parties' positions in the action, and require the assertion of new defenses." See Phoenix Solutions, Inc. v. Sony Elec., Inc., 637 F. Supp. 2d 683, 690 (N.D. Cal. 2009) (citing Morongo Band of Mission Indians, 893 F.2d at 1079). In the present case, although the amended complaint adds four new individual plaintiffs, the causes of action alleged and the relief requested are virtually identical to the original complaint. Moreover, Defendants fail to elaborate in their opposition on *how* exactly the addition of new parties will "compound and confuse" the issues in this case. For

---

[1] To the extent Plaintiffs' proposed second cause of action for violation of the Equal Protection Clause of the Fourteenth Amendment requires a limited amount of "individualized proof" as to Peruta, that by itself does not preclude associational standing. See, e.g., Nat'l Ass'n of College Bookstores, Inc. v. Cambridge Univ. Press, 990 F. Supp. 245, 250 (S.D. N.Y. 1997) ("The fact that a limited amount of individuated proof may be necessary does not in itself preclude associational standing." (citing N.Y. State Nat'l Org. of Women v. Terry, 886 F.2d 1339, 1349 (2d Cir. 1989)).

1 the foregoing reasons, the addition of four new individual plaintiffs will not cause "undue prejudice"
2 to Defendants. See DCD Programs, 833 F.2d at 186.

### CONCLUSION

Accordingly, because the CRPAF has associational standing to litigate as a representative of its members and because the addition of four new individual plaintiffs will not unduly prejudice Defendants, the Court **GRANTS** the motion to amend. The Clerk of Court is directed to file Plaintiffs' First Amended Complaint, which is attached as Exhibit A to Plaintiffs' Motion for Leave to Amend Complaint. [Doc. No. 16-1].

**IT IS SO ORDERED.**

DATED: June 25, 2010

_____
IRMA E. GONZALEZ, Chief Judge
United States District Court