1  PAUL H. NEUHARTH, JR., Esq.
   LAW OFFICES OF PAUL H NEUHARTH
2  1140 Union Street, Suite 102
   San Diego, CA  92101
3  T: (619) 231-0401
   F: (619) 231-8759
4  E-mail: pneuharth@sbcglobal.net

5  C. D. MICHEL, Esq.
   MICHEL & ASSOCIATES, P.C.
6  180 East Ocean Boulevard, Suite 200
   Long Beach, California  90802
7  T: (562) 216-4444
   F: (562) 216-4445
8  E-mail: cmichel@michellawyers.com

9  Attorneys for Plaintiff

10 JOHN J. SANSONE, County Counsel
   County of San Diego
11 By JAMES M. CHAPIN, Senior Deputy (SBN 118530)
   1600 Pacific Highway, Room 355
12 San Diego, California  92101-2469
   T: (619) 531-5244
13 F: (619) 531-6005
   E-mail: james.chapin@sdcounty.ca.gov

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDWARD PERUTA, | USSD No. **09-CV-2371 IEG (BGS)** |
| Plaintiff, | |
| v. | **JOINT MOTION FOR A PROTECTIVE ORDER** |
| COUNTY OF SAN DIEGO, WILLIAM D. GORE, INDIVIDUALLY AND IN HIS CAPACITY AS SHERIFF, | |
| Defendants. | |

WHEREAS, the parties believe that discovery in the above-captioned matter will involve the production of documents, material or information, containing private, confidential information about individuals who are not parties to this action and whose

personal information was provided to Defendants with the intention that it remain confidential;

WHEREAS, in light of the foregoing, the parties hereto wish to establish procedures to limit the necessity for objections or subsequent motions seeking to limit discovery, and facilitate the disposition by the Court of disputes or problems that may arise in connection with discovery herein;

IT IS STIPULATED AND AGREED by and between the parties through their respective counsel that:

**I.   DEFINITIONS**.

The following definitions shall apply to this Stipulated Protective Order:

1. The "Litigation" shall refer to the above-captioned matter.

2. "Documents" shall mean all written records, electronically stored information, or graphical material whatsoever including, without limitation, any meaning reasonably given to that term in any written request for production of documents served by any Party herein.

3. "Confidential Information" shall mean:

(a) Any document, material or thing which any Producing Party (as defined herein) designates as "Confidential" or "Confidential – Attorney's Eyes Only" in the manner set forth in this Stipulated Protective Order.  Confidential Information may be found in, without limitation, documents in written or electronic form, answers to interrogatories, requests for admissions, transcribed deposition and other oral testimony, and any portions of such documents which may be attached as exhibits to any motions or other court filings, or introduced as exhibits in any pretrial proceeding;

b) All documents, information or materials designated "Confidential" or "Confidential – Attorney's Eyes Only" in accordance with this Stipulated Protective Order by any Party to this Litigation or by any Producing Party, shall be treated as Confidential Information pursuant to this Stipulated Protective

Order. However, by agreeing to this Stipulated Protective Order, no Party waives the right to challenge any other Party's designation of any document or other material as "Confidential" or "Confidential – Attorney's Eyes Only";

  c) A document may be designated "Confidential" when it is, or contains, information which that Party or witness believes in good faith is or would be subject to protection under the provisions of the California Constitution, Article I, Section 1 or analogous federal statutory or other legal provisions; and

 4. "Producing Party" shall mean any Party to the Litigation producing documents, information or other materials in the Litigation or any other person or entity producing documents, information or other materials in the Litigation who agrees to be bound by the terms of this Stipulated Protective Order.

 5. "Legend" as used herein shall mean a stamp or similar insignia stating "Confidential" or "Confidential – Attorney's Eyes Only" as appropriate. When any document is designated "Confidential" or "Confidential – Attorney's Eyes Only" pursuant to this Stipulated Protective Order, the Legend shall be affixed to all pages of such document to which the designation applies. The "Confidential" or "Confidential – Attorney's Eyes Only" designations shall be deemed to apply to the documents themselves and to information contained therein, other than information which is otherwise available from non-confidential sources.

 6. When reference is made in this Stipulated Protective Order to any document or Party, the singular shall include the plural and the plural shall include the singular.

**II. LIMITATION ON USE.**

 All Confidential Information produced in this case may be used only for purposes of this Litigation. Confidential Information may not be used for any other purpose including, without limitation, any business or commercial purpose, except by consent of the Producing Party.

Confidential Information that is designated "Confidential" and any summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom and from no other source other than information which is otherwise available from non-confidential sources shall be disclosed only to the extent necessary for the prosecution and/or defense of the Litigation and only to:

    1.    Counsel of record in the Litigation, paralegals, legal assistants, secretarial and clerical employees of such counsel, including outside copy services, who have a reasonable need to review the information in connection with the Litigation;

    2.    Independent experts or consultants who are employed or retained by, or consulted about retention on behalf of, any of the parties or counsel of record in the Litigation for the parties hereto to assist in preparation of the Litigation provided that such third party has signed an undertaking in the form of Exhibit "A" hereto.

    3.    Stenographic reporters who are involved in depositions or any hearings or proceedings in the Litigation; and

    4.    The Court and any persons employed by the Court whose duties require access to Confidential Information; and

    5.    The officers, directors, or agents of a Party who are primarily responsible for the Litigation and who shall be designated in writing by the Party prior to any disclosure of "Confidential" Information to such person.

Confidential Information that is designated "Confidential" or "Confidential – Attorney's Eyes Only" and any summaries, charts or notes made therefrom, and any facts or information contained therein and derived therefrom other than information which is otherwise available from non-confidential sources, shall be disclosed only to the extent necessary for the prosecution and/or defense of this Litigation and only to persons listed in paragraphs 1, 2, 3, and 4 above.

All persons as described in paragraph 2 above to whom Confidential Information is disclosed shall be advised of this Stipulated Protective Order and shall agree to be bound by it.  Prior to receiving any Confidential Information, each person as described

1 in paragraph 2 above shall be provided with a copy of this Stipulated Protective Order
2 and shall execute a non-disclosure agreement in the form of Exhibit "A," as well as a
3 resume or statement of qualifications of such person.  No "Confidential" or
4 "Confidential – Attorney's Eyes Only" material will be disclosed to such person if,
5 within seven (7) days after service of the signed undertaking, counsel receiving the
6 signed undertaking serves a Notice of Objection to disclosure of "Confidential" or
7 "Confidential – Attorney's Eyes Only" material to such person setting forth each
8 objection and the basis for such.  The parties agree that they will only interpose good
9 faith objections.  If no Notice of Objection is made within the seven (7) day period,
10 "Confidential" or "Confidential – Attorney's Eyes Only" material may thereafter be
11 disclosed to such person.  If a Notice of Objection is made within seven (7) days, the
12 parties agree to use a good faith effort to overcome the Notice of Objection.  If the
13 parties cannot resolve the objections, "Confidential" or "Confidential – Attorney's Eyes
14 Only" material will not be disclosed to the person, except upon order of the Court.  The
15 parties agree, if at all possible, to seek a prompt telephone conference with the Court for
16 the purpose of resolving the question of disclosure.

**III.    MANNER OR MEANS OF DESIGNATION**.

18    A Producing Party may designate any Document or portion thereof which
19 contains "Confidential" or "Confidential – Attorney's Eyes Only" pursuant to this
20 Stipulated Protective Order by affixing the Legend as provided under paragraph I.5 to
21 any document containing, or which the Producing Party believes contains, Confidential
22 Information.  The ability to designate documents as "Confidential" or "Confidential –
23 Attorney's Eyes Only" under this Stipulated Protective Order is not dependent in any
24 way on the Producing Party's assertion of objections in response to discovery requests
25 or demands and shall not be limited in any way by the failure to assert objections.  If,
26 through inadvertence, a Producing Party produces any document or portion thereof
27 which contains Confidential Information but fails to designate the document as
28 "Confidential" or "Confidential – Attorney's Eyes Only," the Producing Party may

subsequently designate the document as "Confidential" or "Confidential – Attorney's Eyes Only" as long as it does so within a reasonable time upon discovery of its inadvertent failure to designate such documents.

**IV.     DESIGNATION OF TRANSCRIPTS.**

1.      In the case of Confidential Information revealed during a deposition or hearing, if designation of a portion of a transcript, including exhibits, is made by a statement by counsel to that effect on the record, or is otherwise made before the stenographer transcribing such depositions has disseminated to counsel for the parties the transcript of the deposition, the stenographer shall affix the Legend to the cover page and all appropriate pages of the transcript, and to each copy thereof.

2.      In the case of "Confidential-Attorney's Eyes Only" information revealed during a deposition or hearing, if designation of a portion of the transcript, including exhibits, is made by a statement of counsel to that effect on the record, or is otherwise made before the stenographer transcribing such depositions has disseminated to counsel for the parties the transcript of the deposition, the stenographer shall affix the Legend to the cover page and all appropriate pages of the transcript, and to each copy thereof.

At any deposition or hearing during which "Confidential – Attorneys Eyes Only" information is disclosed, Party representatives shall be excluded from the hearing or deposition.

If a deposition or hearing transcript has not previously been designated "Confidential" or "Confidential – Attorney's Eyes Only" prior to its preparation by the stenographer, counsel for a Party may alternatively designate a deposition or hearing transcript or a portion thereof, disclosing, containing or referring to any Confidential Information hereunder as "Confidential" or "Confidential – Attorney's Eyes Only" by informing counsel for all other parties to this action in writing within fifteen (15) days after receipt of the transcript (or such other time as may be agreed), as to the specific pages so deemed, and thereafter such pages shall constitute Confidential Information

///

pursuant to this Stipulated Protective Order.  Upon receipt of such notice, any Party in possession of copies of such designated transcript shall affix the Legend thereto.

**V.   COPIES**.

All copies of any documents containing Confidential Information shall also constitute and be treated as Confidential Information as provided in this Stipulated Protective Order.  Any person making, or causing to be made, copies of any Confidential Information shall make certain that each such copy bears the Legend pursuant to the requirements of this Stipulated Protective Order.

**VI.   LODGING UNDER SEAL**.

In the event a Party wishes to file with the Court any Confidential Information material, the material shall be submitted under seal pursuant to the appropriate rules of court.  No document shall be filed under seal unless counsel secures a court order allowing the filing under seal.  An application to file a document under seal shall be served on opposing counsel, and on the person or entity that has custody and control of the document, if different from counsel.  If counsel or the custodian wishes to oppose the application, he or she must contact the chambers of the judge who will rule on the application to notify the judge's staff that an opposition to the application will be filed.

**VII.   EFFECT OF DESIGNATION**.

Unless and until otherwise ordered by the Court, or otherwise agreed by the Parties, all documents and other discovery material designated "Confidential" or "Confidential – Attorney's Eyes Only" shall be treated as Confidential Information under this Stipulated Protective Order.

**VIII.   OBJECTIONS TO DESIGNATION**.

Any Party (the "Requesting Party") may at any time request in writing that any information or document designated as "Confidential" or "Confidential – Attorney's Eyes Only" be released from the requirements of this Stipulated Protective Order, and, unless otherwise agreed in writing, the Producing Party shall meet and confer with the Requesting Party within ten (10) days of receipt of a written request.  If an agreement

cannot be reached by negotiation and the Court has not provided for a different procedure to handle such disputes, then the Requesting Party may make an application within fifteen (15) days of the meet and confer or at such other time as the designating and challenging Parties may agree, for a ruling from the Court to remove the "Confidential" or "Confidential – Attorney's Eyes Only" designation from such information or document. In the event that such application is made, any relevant information or document can be submitted to the Court under seal for the Court's review, and the terms of this Stipulated Protective Order shall continue to apply to such information or document until the Court rules on the application. However, a Party who does not challenge a Producing Party's designation of a document as "Confidential" or "Confidential – Attorney's Eyes Only" shall not be deemed to have made any independent determination as to whether the designation is appropriate. Unless otherwise ordered by the Court, the Court's ruling that any Confidential Information is not properly designated as "Confidential" or "Confidential – Attorney's Eyes Only" shall not affect any other Confidential Information so designated. The above procedure shall not preclude application to the Court on a more expedited basis as circumstances warrant.

**IX. EVIDENTIARY OBJECTIONS NOT WAIVED.**

Notwithstanding anything to the contrary contained herein, all objections as to the admissibility in evidence of the material subject to this Stipulated Protective Order are reserved and are not waived by any terms of this Stipulated Protective Order.

**X. SUBPOENA OF CONFIDENTIAL INFORMATION.**

If at any time any Confidential Information protected by this Stipulated Protective Order is subpoenaed from a litigant by any court, administrative or legislative body, or is formally requested by any person or entity other than a litigant purporting to have authority to require the production of such information, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to any Producing Party which has designated such information "Confidential" or

"Confidential – Attorney's Eyes Only" so as to advise such person of the need to promptly obtain a protective order or a notice to quash the subpoena. The production of Confidential Information by a third party shall not operate as a waiver of or otherwise limit the protections afforded to Documents which are subject to this Stipulated Protective Order.

**XI.    CONTINUATION OF PROTECTION AFTER DISPOSITION**.

1.    The termination of proceedings in the Litigation shall not relieve the parties from the obligation of maintaining the confidentiality of all Confidential Information produced and designated pursuant to this Stipulated Protective Order, unless otherwise ordered by the Court or stipulated in writing by all parties to this Stipulated Protective Order.

2.    Within sixty (60) days after the final disposition of the Litigation by settlement or by final judgment not subject to any further appeal, the attorneys for the parties shall, either (a) return promptly to the Producing Party from whom it was obtained any document that has been designated "Confidential" or "Confidential – Attorney's Eyes Only" and all copies thereof; or (b) destroy all documents that have been designated "Confidential" or "Confidential – Attorney's Eyes Only" and copies thereof, and to provide a certification of the steps taken to that effect, as requested by the Producing Party or as agreed upon by the parties. Within that time, counsel shall provide each Producing Party a declaration stating that all Confidential Information in their or their client's possession, including copies or summaries thereof, have been returned or destroyed. Notwithstanding this provision, the parties to the Litigation may keep a complete set of deposition transcripts, all documents filed or lodged with the Court, which may include documents designated "Confidential" or "Confidential – Attorney's Eyes Only" and any attorney work product, provided that such information is stored in a manner so as to preserve its confidentiality.

3.    Any action by the court for return or destruction of documents filed under seal shall be preceded by an ex parte motion for an order authorizing the return or

destruction of the documents.  If no such motion is made by any party within sixty (60) days after completion of the proceedings before the trial court for which documents are filed under seal, the trial court is authorized to destroy the documents.

**XII.   MODIFICATIONS TO THIS ORDER.**

This Stipulated Protective Order may be modified by written stipulation signed by all parties, or by counsel for all parties, or by Court order on the Court's own motion made for good cause or in the interest of justice.  Nothing in this Stipulated Protective Order shall prohibit a Party from seeking or receiving further or lesser protection of Confidential Information by stipulation, by application to the Court upon notice, or upon other Order seeking other or additional protective orders.

**XIII.  OTHER PROVISIONS.**

1. Neither the taking of any action in accordance with the provision of this Protective Order, nor the failure to object hereto, shall be construed as a waiver of any claim or defense in the action.  This Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery and, except as expressly provided, shall not relieve any Party or witness of the obligation to produce information sought in the course of discovery.  This Stipulation does not and cannot change, amend or circumvent any court rule or local rule without a separate court order.

2. By executing this order, the Parties agree to be bound by its terms, as of the date of execution, regardless of when, or if, this order is signed by the Court.

3. The Court may impose any sanction for violations of this Stipulated Protective Order which it is empowered to impose for violations of its orders generally.

///
///
///
///
///

4. All parties jointly agree to the contents of this Stipulated Protective Order and no particular Party can be designated as the drafting party against whom any language should be uniquely construed.

Dated: July 8, 2010                         LAW OFFICE OF PAUL H. NEUHARTH

                                            By: s/ *Paul H. Neuharth*
                                            JOHN H, NEUHARTH, J.R,, Esq.
                                            E-mail: pneuharth@sbcglobal.net

Dated: July 8, 2010                         MICHEL & ASSOCIATES, P.C.

                                            By: s/ *C. D. Michel*
                                            C. D. MICHEL, Esq.
                                            E-mail: cmichel@michellawyers.com
                                            Attorneys for Plaintiff

Dated: July 8, 2010                         JOHN J. SANSONE, County Counsel

                                            By: s/ *James M. Chapin*
                                            JAMES M. CHAPIN, Senior Deputy
                                            E-mail: james.chapin@sdcounty.ca.gov
                                            Attorneys for Defendants County of San Diego and William D. Gore

**EXHIBIT A**

I hereby certify that I have carefully read and understand the Joint Motion for Protective Order in the action entitled *Edward Peruta, et al. v. County of San Diego, et al.*, Southern District of California Case No. 09-CV-2371. I agree to use Confidential Information only in connection with this action and not for any purpose including, without limitation, personal use, business, competitive or governmental purpose or function. I understand that my use of any and all documents, information and materials in these litigations are governed by the terms and conditions of the Joint Motion and Order and I hereby certify that I will comply fully with those terms and conditions where applicable. I understand that my failure to do so may be punishable as contempt by the Court. I hereby consent to be subject to the personal jurisdiction of the above-referenced Court, with respect to any proceedings relative to the enforcement of the Order.

Name: _____

Address: _____

_____
Signature