JOHN J. SANSONE, County Counsel
Answering Defendant of San Diego
By JAMES M. CHAPIN, Senior Deputy (SBN 118530)
1600 Pacific Highway, Room 355
San Diego, CA 92101
Telephone: (619) 531-5244
james.chapin@sdcounty.ca.gov

Attorneys for Defendant Sheriff William D. Gore

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD PERUTA, MICHELLE LAXSON, JAMES DODD, DR. LESLIE BUNCHER, MARK CLEARY and CALIFORNIA RIFLE AND PISTOL ASSOCIATION FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, WILLIAM D. GORE, INDIVIDUALLY AND IN HIS CAPACITY AS SHERIFF,<br><br>Defendants. | USSD No. **09-CV-2371 IEG (BLM)**<br><br>**DEFENDANT WILLIAM D. GORE'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>[Defendant Demands Jury Trial] |

Defendant William D. Gore ("Defendant Gore") answers the First Amended Complaint filed herein by admitting, denying and alleging as follows:

1. In response to Paragraphs 6, 7, 8, 9, 10, 11, 14, 19, 20, 21, 22, 24, 25, 26, 27, 28, 29, 30, 32, 33, 34, 35, 39, 40, 41, 42, 43, 44, 45, 46, 47, 51, 52, 53, 55, 56, 57, 58, 68, 75, 76, 89, 96, 101, 108, 138, 141, 143, 144, 145, 146, and 147 of the First Amended Complaint, Defendant Gore lacks sufficient information and belief to admit or deny the allegations contained in those paragraphs, and on that basis, denies each and every allegation contained therein.

///

2.  In response to Paragraphs 13, 16, 18, 38, 50, 59, 61, 62, 64, 65, 66, 67, 72, 74, 92, 100, and 140 of the First Amended Complaint, Defendant Gore admits the allegations contained therein.

3.  In response to Paragraphs 1, 2, 3, 4, 5, 12, 15, 16, 17, 23, 31, 36, 37, 48, 54, 60, 63, 69, 70, 71, 73, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 90, 91, 93, 94, 95, 97, 98, 99, 102, 103, 104, 105, 106, 107, 109, 110, 112, 113, 114, 116, 117, 118, 119, 120, 122, 123, 124, 125, 126, 128, 129, 130, 131, 133, 134, 135 and 136 of the First Amended Complaint, Defendant Gore denies the allegations contained therein.

4.  In response to Paragraph 49 of the First Amended Complaint, defendant Gore admits the allegation as to granting renewal of Cleary's CCW application in November 2007.  Except as expressly admitted, defendant lacks sufficient information and belief to admit or deny the remaining allegations contained said paragraph and on that basis, denies each and every remaining allegation contained therein.

5.  In response to paragraphs 111, 115, 121, 127, 132, 137, 139, and 142 of the First Amended Complaint, Defendant Gore hereby incorporates by reference the responses to Paragraphs 1 through 147 of the First Amended Complaint, as though fully set forth herein.

## AFFIRMATIVE DEFENSES

1.  As a first, separate and distinct affirmative defense, defendant alleges that the First Amended Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

2.  As a second, separate and distinct affirmative defense, defendant alleges that plaintiffs have failed to sue a proper and indispensable party.

3.  As a third, separate and distinct affirmative defense, defendant alleges that the complaint is barred by laches.

4.  As a fourth, separate and distinct affirmative defense, defendant alleges that he is entitled to qualified immunity from liability under title 42, United States Code section 1983 and that plaintiffs' claims do not arise out of any clearly established

constitutional right.

5. As a fifth, separate and distinct affirmative defense, defendant alleges that the action is barred by the statute of limitations.

6. As a sixth, separate and distinct affirmative defense, defendant alleges that the action is barred by plaintiffs' failure to exhaust administrative remedies, including but not limited to, internal administrative procedures and/or statutory administrative procedures and, therefore, this Court lacks jurisdiction over plaintiffs' claims.

7. As a seventh, separate and distinct affirmative defense, defendant alleges that plaintiffs lack standing to maintain this action.

8. As an eighth, separate and distinct affirmative defense, defendant alleges that plaintiffs have an adequate remedy at law.

9. As a ninth, separate and distinct affirmative defense, defendant alleges that the action is moot.

10. As a tenth, separate and distinct affirmative defense, defendant alleges that he is a state actor who is immune from liability under 42 U.S.C. Section 1983.

WHEREFORE, said defendant prays as follows:

1. That the action be dismissed with prejudice;

2. That the request for injunctive relief be denied and plaintiffs take nothing by his action;

3. That defendant recover his costs of suit incurred herein, including attorneys' fees; and

4. For such other and further relief as the Court deems proper and just.

DATED: July 9, 2010                    JOHN J. SANSONE, County Counsel

By: s/ *James M. Chapin*
JAMES M. CHAPIN, Senior Deputy
Attorneys for Defendant Sheriff William D. Gore