C.D. Michel – SBN 144257
Clint B. Monfort - SBN 255609
Sean A. Brady - SBN 262007
cmichel@michellawyers.com
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile:    (562) 216-4445
www.michellawyers.com
Attorneys for Plaintiffs / Petitioners

Paul Neuharth, Jr. (State Bar #147073)
pneuharth@sbcglobal.net
PAUL NEUHARTH, JR., APC
1440 Union Street, Suite 102
San Diego, CA 92101
Telephone: (619) 231-0401
Facsimile:    (619) 231-8759
Attorney for Plaintiff / Petitioner EDWARD PERUTA

# IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

EDWARD PERUTA, MICHELLE
LAXSON, JAMES DODD, DR. LESLIE
BUNCHER, MARK CLEARY, and
CALIFORNIA RIFLE AND PISTOL
ASSOCIATION FOUNDATION

        Plaintiffs,

        v.

COUNTY OF SAN DIEGO, WILLIAM
D. GORE, INDIVIDUALLY AND IN
HIS CAPACITY AS SHERIFF,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**SEPARATE STATEMENT OF
UNDISPUTED FACTS IN SUPPORT OF
PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT**

Date:            November 1, 2010
Time:           10:30 a.m.
Location:       Courtroom 1
Judge:          Hon. Irma E. Gonzalez
Date Action Filed: October 23, 2009

1

09-CV-2371 IEG (BGS)

# I.  INTRODUCTION

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 7.1.f.1, Plaintiffs Edward Peruta, et al. hereby submit the following Separate Statement of Undisputed Facts. These undisputed material facts establish Plaintiffs are entitled to summary judgment as to their First and Second Claims for Relief.

# II.  STATEMENT OF UNDISPUTED FACTS

Plaintiffs contend there is no genuine issue about the following material facts:

| UNDISPUTED FACTS | EVIDENCE |
| --- | --- |
| 1.  With minor exceptions, California law effectively prohibits the unlicensed public carrying of loaded firearms. | Cal. Pen. Code §§ 12031, *et seq.* & 12050(a) |
| 2. The only licensed public carrying of loaded firearms allowed is "concealed carry" (i.e., with a CCW), except in a few sparsely populated counties where one may obtain a license to carry a loaded handgun openly. | Cal. Pen. Code §§ 12025, 12050(a) |
| 3. California law allows for only a Sheriff or Chief of Police to issue a permit to carry a concealed, loaded handgun in public to residents of their jurisdiction or to non-residents who spend a substantial period of time in their principal place of employment or business within that jurisdiction. | Cal. Pen. Code § 12050(a)(1)(B) - (C) |

| **UNDISPUTED FACTS** | **EVIDENCE** |
|---|---|
| 4. Applicants for a permit to carry a concealed handgun must pass a criminal background check. | Cal. Pen. Code § 12052 |
| 5. Applicants for a permit to carry a concealed handgun must successfully complete a handgun training course. | Defendants Gore's Answer to Amend. Comp. ¶ 2 |
| 6. Applicants for a permit to carry a concealed handgun must be found to be of good moral character and to have "good cause" for such a permit by the Sheriff. | Cal. Pen. Code § l2050 (a)(l)(A), (B) |
| 7. In San Diego, Defendant Sheriff William Gore is the sole Issuing Authority. | Cal. Pen. Code §12050(a)(1)(E); Defendants Gore's Answer to Amend. Comp. ¶ 2 |
| 8. Thus, to obtain a CCW in San Diego, one must submit an application to Sheriff Gore. | Cal. Pen. Code § 12050(a) |
| 9. The County's written policy for issuing a CCW states: "Applicants will be required to submit documentation to support and demonstrate their need." | Exhibit "A" |

| **UNDISPUTED FACTS** | **EVIDENCE** |
|---|---|
| 10. The County requires CCW applicants who seek a CCW for purely self-defense purposes (i.e., unrelated to a business/profession) to provide evidence documenting a specific threat of harm to the applicant (e.g., "Current police reports and/or other documentation supporting need (i.e., such as restraining orders or other verifiable written statements))" in order to satisfy the "good cause" requirement of Cal. Pen. Code § 12050. | Exhibits "A", "C", "D" and "E" |
| 11. The County has a separate standard for those seeking a CCW for business purposes (i.e., to protect themselves during business activity) | Exhibits "A" and "C" |

| **UNDISPUTED FACTS** | **EVIDENCE** |
|---|---|
| 12. As evidenced by the County's letters denying Plaintiffs' CCW applications, it is the County's general practice to follow this policy when considering whether to issue a CCW to any particular applicant. (See, for example, Plaintiff Buncher's denial letter, stating: "The documentation you have provided does not indicate you are a specific target or that you are currently being threatened in any manner.  The Sheriff's Department does not issue CCW's based on fear alone."). | Exhibits "G", "M", and "T" and "VV" |
| 13. Despite the County's strict CCW issuance policy, it does not apply it evenly to all applicants, demanding less of some. | Exhibits "F" - "PP" |

| **UNDISPUTED FACTS** | **EVIDENCE** |
|---|---|
| 14. All individual Plaintiffs are residents of San Diego County. No Plaintiff is prohibited under federal or California law from purchasing or possessing firearms. All Plaintiffs fear arrest, prosecution, fine, imprisonment, and other penalties if they carry a handgun without a CCW.  But for being prevented from lawfully obtaining a CCW, and the fear of prosecution and other penalties, each Plaintiff would carry a handgun in public for self-defense on occasions they deem appropriate. | *Declaration of Plaintiff Edward Peruta*, ¶¶ 1-3 *Declaration of Plaintiff Michelle Laxson*, ¶¶ 1-3 *Declaration of Plaintiff James Dodd*, ¶¶ 1-3 |
| 15. Plaintiff California Rifle and Pistol Association Foundation ("CRPAF"), an organization dedicated to educating the public about firearms and protecting the rights thereto, its thousands of supporters and CRPA members in San Diego County are likewise injured by the County's issuance policy and practices for these same reasons. | *Declaration of Plaintiff Silvio Montanarella,* |
| 16. Plaintiffs cannot obtain the permits that state law requires for concealed carry from the County, nor can they generally carry loaded handguns openly under state law. | *Declaration of Plaintiff Edward Peruta,* ¶¶ 3, 7-8, 10, 13 *Declaration of Plaintiff Michelle Laxson,* ¶¶ 6-7 Exhibits "F", "G," "J," & "T" |

| UNDISPUTED FACTS | EVIDENCE |
|---|---|
| 17. All Plaintiffs sought a CCW from the County for self-defense purposes, but were denied or, in the cases of Plaintiffs Laxson and Dodd decided not to apply, because they were dissuaded at their initial interview and/or could not satisfy the requirements of County's unlawful policy. | *Declaration of Plaintiff Edward Peruta,* ¶¶ 8-13 *Declaration of Plaintiff Michelle Laxson,* ¶¶ 4-7<br><br>Exhibits "F", "G" & "T" |
| 18. Curiously, certain HDSA members were granted CCWs by the County despite failing to provide such documentation. For example, in the "good cause" section of their applications, some HDSA members merely stated "personal protection" or "protection" without further explanation or supporting documentation. | Exhibits "U" at 2; "V" at 2; "W" at 5; and "X" at 2. |
| 19. One HDSA member simply stated "personal protection– public figure," without providing any supportive documentation. | Exhibit "Y" at 2. |

09-CV-2371 IEG (BGS)

| UNDISPUTED FACTS | EVIDENCE |
|---|---|
| 20. And, in perhaps the most egregious case, one member did not even provide a statement of "good cause" in his application. | Exhibit "Z" at 2. |
| 21. Further, multiple HDSA members were issued a CCW by the County for "business reasons" who failed to provide any supporting documentation. | Exhibits "AA", "BB", "CC", "DD", "EE", "FF", "GG", "HH", "II", "JJ" & "KK" |
| 22. In fact, one such application simply stated "personal safety, carry large sums of money," and another said he is retired but he needs to accompany his employees to the bank; again, neither providing any supportive documentation. | Exhibits "LL" & "MM" |
| 23. The individual circumstances of these HDSA members who were issued CCWs demonstrates they are treated more favorably by the County than were Plaintiffs as to the issuance of CCWs; and, notes made by employees of the County who process CCW applications as to these particular individuals further support this position. | Exhibits "NN" at 1-2; "W" at 2&6; "OO" at 1-2; and "PP" at 1. |

8                    09-CV-2371 IEG (BGS)

| UNDISPUTED FACTS | EVIDENCE |
|---|---|
| 24. Finally, the account of events related by Plaintiff Mark Cleary as to his process of obtaining a CCW leaves no doubt that the County treats HDSA members differently than the members of the general public. | *Declaration of Plaintiff Mark Cleary* |
| 25. HDSA is a civilian organization whose primary purpose is to finance projects for the San Diego Sheriff's Department. | Exhibit "QQ" & "UU" |
| 26. Membership is achieved by mere sponsorship by a current member or active deputy, providing three letters of reference, passing a background check, making a "donation" and paying annual dues. And, although a background check is required, the California Penal Code already requires one for CCW applicants. | Exhibit "SS" |

09-CV-2371 IEG (BGS)

| **UNDISPUTED FACTS** | **EVIDENCE** |
|---|---|
| 27. Regardless, the County holds HDSA members to different, much more lenient standards than the general public, including Plaintiffs, when issuing CCWs. In fact, not one single HDSA member who, while in good standing, has sought a CCW from the County from 2006 to the present has been denied, while 18 non-members have been denied and an unknown number of others decided not to formally apply based on their initial interview or failure to satisfy the County's strict "good cause" requirement applicable to the general public. | Exhibit "WW" |

Dated: September 3, 2010          MICHEL & ASSOCIATES, PC


                                                    /S/
                                                  C.D. Michel
                                                  Attorney for Plaintiffs

1

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

2

3   EDWARD PERUTA, MICHELLE ) **CASE NO. 09-CV-2371 IEG (BGS)**
    LAXSON, JAMES DODD, DR.  )
4   LESLIE BUNCHER, MARK     ) **CERTIFICATE OF SERVICE**
    CLEARY, and CALIFORNIA   )
5   RIFLE AND PISTOL         )
    ASSOCIATION FOUNDATION   )
6                            )
            Plaintiff,       )
7                            )
         v.                  )
8                            )
    COUNTY OF SAN DIEGO,     )
9   WILLIAM D. GORE,         )
    INDIVIDUALLY AND IN HIS  )
10  CAPACITY AS SHERIFF,     )
                             )
11          Defendants.      )
    _____)

12

IT IS HEREBY CERTIFIED THAT:

13

14      I, the undersigned, am a citizen of the United States and am at least eighteen years
of age.  My business address is 180 E. Ocean Blvd., Suite 200, Long Beach, California,
90802.

15

16      I am not a party to the above-entitled action.  I have caused service of:

17  **SEPARATE STATEMENT OF UNDISPUTED FACTS AND CONCLUSIONS OF
LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY
JUDGMENT**

18

19  on the following party by electronically filing the foregoing with the Clerk of the District
Court using its ECF System, which electronically notifies them.

20  James M. Chapin                    Paul Neuharth, Jr. (State Bar #147073)
    County of San Diego                PAUL NEUHARTH, JR., APC
21  Office of County Counsel           1140 Union Street, Suite 102
    1600 Pacific Highway               San Diego, CA 92101
22  Room 355                           Telephone:   (619) 231-0401
    San Diego, CA 92101-2469           Facsimile:   (619) 231-8759
23  (619) 531-5244                     pneuharth@sbcglobal.net
    Fax: (619)-531-6005
24  james.chapin@sdcounty.ca.gov

25      I declare under penalty of perjury that the foregoing is true and correct.
Executed on September 3, 2010.

26  _____          /s/ C.D. Michel
                               _____
                               C. D. Michel
27                             Attorney for Plaintiffs

28                          11              09-CV-2371 IEG (BGS)