1  JOHN J. SANSONE, County Counsel
   By JAMES M. CHAPIN, Senior Deputy (SBN 118530)
2  1600 Pacific Highway, Room 355
   San Diego, CA  92101
3  Telephone:  (619) 531-5244
   james.chapin@sdcounty.ca.gov
4
   Attorneys for Defendant William D. Gore
5

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD PERUTA, MICHELLE LAXSON, JAMES DODD, DR. LESLIE BUNCHER, MARK CLEARY and CALIFORNIA RIFLE AND PISTOL ASSOCIATION FOUNDATION,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>COUNTY OF SAN DIEGO, WILLIAM D. GORE, INDIVIDUALLY AND IN HIS CAPACITY AS SHERIFF,<br><br>　　　　　Defendants. | USSD No. **09-CV-2371 IEG (BLM)**<br><br>**DEFENDANT WILLIAM D. GORE'S OPPOSITION TO PLAINTIFFS' SEPARATE STATEMENT OF UNDISPUTED FACTS**<br><br>Date: November 1, 2010<br>Time: 10:30 a.m.<br>Courtroom: 1<br>Honorable Irma E. Gonzalez |

| Undisputed Facts & Supporting Evidence | Objections |
|---|---|
| 1.  With minor exceptions, California law effectively prohibits the unlicensed public carrying of loaded firearms.  Cal. Pen. Code §§ 12031, et seq. and 12050(a). | Statement of law not fact.  It is disputed that the exceptions are "minor." |
| 2.  The only licensed public carrying of loaded firearms allowed is "concealed carry" (i.e., with a CCW), except in a few sparsely populated counties where one may obtain a license to carry a loaded handgun openly.  Cal. Pen. Code, §§ 12025, 12050(a). | Statement of law not fact. |

| Undisputed Facts & Supporting Evidence | Objections |
|---|---|
| 3. California law allows for only a Sheriff or Chief of Police to issue a permit to carry a concealed, loaded handgun in public to residents of their jurisdiction or to non-residents who spend a substantial period of time in their principal place of employment or business within that jurisdiction. Cal. Pen. Code, § 12050(a)(1)(B)-(C). | Statement of law not fact. |
| 4. Applicants for a permit to carry a concealed handgun must pass a criminal background check. Cal. Pen. Code, § 12052. | Statement of law not fact. |
| 5. Applicants for a permit to carry a concealed handgun must successfully complete a handgun training course. Defendant Gore's Answer to Amend. Comp. ¶2. | Statement of law not fact. |
| 6. Applicants for a permit to carry a concealed handgun must be found to be of good moral character and to have "good cause" for such a permit by the Sheriff. Cal. Pen. Code, § 12050(a)(1)(A), (B). | Statement of law not fact. |
| 7. In San Diego, Defendant Sheriff William Gore is the sole Issuing Authority. Cal. Pen. Code, § 12050(a)(1)(E); Defendant Gore's Answer to Amend. Comp. ¶2. | Undisputed. |
| 8. Thus, to obtain a CCW in San Diego, one must submit an application to Sheriff Gore. Cal. Pen. Code, § 12050(a). | Undisputed. |
| 9. The County's written policy for issuing a CCW states: "Applicants will be required to submit documentation to support and demonstrate their need." Exhibit A. | Undisputed. |

| | Undisputed Facts & Supporting Evidence | Objections |
|---|---|---|
| | 10. The County requires CCW applicants who seek a CCW for purely self-defense purposes (i.e., unrelated to a business/profession) to provide evidence documenting a specific threat of harm to the applicant (e.g., "Current police reports and/or other documentation supporting need (i.e., such as restraining orders or other verifiable written statements))" in order to satisfy the "good cause" requirement of Cal. Pen. Code, § 12050. Exhibits "A", "B", "C", "D" and "E". | Undisputed. |
| | 11. The County has a separate standard for those seeking a CCW for business purposes (i.e., to protect themselves during business activity). Exhibits "A" and "C". | Disputed. The standard is the same. The nature of the documentation is typically different. Declaration of Blanca Pelowitz, ("Pelowitz Decl.") ¶ 7. |
| | 12. As evidenced by the County's letters denying Plaintiffs' CCW applications, it is the County's general practice to follow this policy when considering whether to issue a CCW to any particular applicant. (See, for example, Plaintiff Buncher's denial letter, stating: "The documentation you have provided does not indicate you are a specific target or that you are currently being threatened in any manner. The Sheriff's Department does not issue CCW's based on fear alone."). Exhibits "G", "M", and "TT" and "VV". | Unknown what "this policy" means. Undisputed that documentation is generally required and that licenses are not issued based on fear alone unless the applicant can document a high risk occupation or a specific personal threat. Pelowitz Decl. ¶¶ 6, 7, 11. |
| | 13. Despite the County's strict CCW issuance policy, it does not apply it evenly to all applicants, demanding less of some. Exhibits "F" and "PP". | Disputed. The referenced exhibits do not support the facts stated. The applications in "U" – "PP" are renewal applications for which supporting documentation was provided with the initial application See, Pelowitz Decl. ¶¶ 4, 7, 11, 16, 22; In any event, most renewal applicants did provide documentation. Defendant's Exhibits 2-15. |

| Undisputed Facts & Supporting Evidence | Objections |
|---|---|
| 14. All individual Plaintiffs are residents of San Diego County. No Plaintiff is prohibited under federal or California law from purchasing or possessing firearms. All Plaintiffs fear arrest, prosecution, fine, imprisonment, and other penalties if they carry a handgun without a CCW. But for being prevented from lawfully obtaining a CCW, and the fear of prosecution and other penalties, each Plaintiff would carry a handgun in public for self-defense on occasions they deem appropriate. Declaration of Plaintiff Edward Peruta, ¶¶ 1-3; Declaration of Plaintiff Michelle Laxson, ¶¶ 1-3; Declaration of Plaintiff James Dodd, ¶¶ 1-3. | Unknown. |
| 15. Plaintiff California Rifle and Pistol Association Foundation ("CRPAF"), an organization dedicated to educating the public about firearms and protecting the rights thereto, its thousands of supporters and CRPA members in San Diego County are likewise injured by the County's issuance policy and practices for these same reasons. Declaration of Plaintiff Silvio Montanarella. | Disputed. There is no competent evidentiary support for this. The subject declaration is based on hearsay and speculation. |
| 16. Plaintiffs cannot obtain the permits that state law requires for concealed carry from the County, nor can they generally carry loaded handguns openly under state law. Declaration of Plaintiff Edward Peruta, ¶¶ 3, 7-8, 10, 13; Declaration of Plaintiff Michelle Laxson, ¶¶ 6-7; Exhibits "F", "G", "J" & "T". | Disputed. Plaintiff Cleary obtained a permit, Declaration of Cleary, par 19; Plaintiff Laxson never applied so it is unknown whether she could qualify, Declaration of Laxson. Plaintiff's Ex. F; Pelowitz Decl. ¶¶ 18, 20. |
| 17. All Plaintiffs sought a CCW from the County for self-defense purposes, but were denied or, in the cases of Plaintiffs Laxson and Dodd decided not to apply, because they were dissuaded at their initial interview and/or could not satisfy the requirements of County's unlawful policy. Declaration of Plaintiff Edward Peruta, ¶¶ 8-13; Declaration of Plaintiff Michelle Laxson, ¶¶ 4-8; Exhibits "F", "G" and "T". | Disputed. Laxson did not apply. Dodd did apply. Undisputed that Peruta did not provide supporting documentation. Pelowitz Decl. ¶¶ 17, 18, 19. |

| Undisputed Facts & Supporting Evidence | Objections |
|---|---|
| 18. Curiously, certain HDSA members were granted CCWs by the County despite failing to provide such documentation. For example, in the "good cause" section of their applications, some HDSA members merely stated "personal protection" or "protection" without further explanation or supporting documentation. Exhibits "U" at 2; "V" at 2; "W" at 5; and "X" at 2. | Disputed. The applications are renewal applications for which supporting documentation was provided with the initial application See Pelowitz Decl. ¶¶ 11, 22; |
| 19. One HDSA member simply stated "personal protection – public figure," without providing any supportive documentation. Exhibit "Y" at 2. | Disputed. The application is a renewal application for which supporting documentation was provided with the initial application. Peter Q. Davis is a well-known public figure in San Diego who ran for mayor. See Pelowitz Decl. ¶¶ 11, 22; |
| 20. And, in perhaps the most egregious case, one member did not even provide a statement of "good cause" in his application. Exhibit "Z" at 2. | Disputed. Plaintiffs have agreed to withdraw this allegation. |
| 21. Further, multiple HDSA members were issued a CCW by the County for "business reasons" who failed to provide any supporting documentation. Exhibits "AA", "BB", "CC", "DD", "EE". "FF", "GG". "HH", "II", "JJ", & "KK". | Disputed. These are renewal applications for which supporting documentation was provided. Pelowitz Decl. ¶ 22; Defendant's Exhibits 2-11. |
| 22. In fact, one such application simply stated "personal safety, carry large sums of money," and another said he is retired but he needs to accompany his employees to the bank; again, neither providing any supportive documentation. Exhibits "LL" and "MM". | Disputed. The applications are renewal applications for which supporting documentation was provided with the initial application See Pelowitz Decl. ¶¶ 11, 22; And new documentation was provided with "LL." Defendant's Exhibit 12. |
| 23. The individual circumstances of these HDSA members who were issued CCWs demonstrates they are treated more favorably by the County than were Plaintiffs as to the issuance of CCWs; and, notes made by employees of the County who process CCW applications as to these particular individuals further support this position. Exhibits "NN" at 1-2; "W" at 2&6; "OO" at 1-2; and "PP" at 1. | Disputed. Pelowitz Decl. ¶¶ 11, 22; Defendant's Exhibits 2-15. |

| Undisputed Facts & Supporting Evidence | Objections |
|---|---|
| 24. Finally, the account of events related by Plaintiff Mark Cleary as to his process of obtaining a CCW leaves no doubt that the County treats HDSA members differently than the members of the general public. Declaration of Plaintiff Mark Cleary. | Disputed. Cleary was not an HDSA member when he successfully obtained a renewal of his license. Declaration of Cleary; Pelowitz Decl. ¶¶ 11, 20, 22; Defendant's Exhibits 2-15. |
| 25. HDSA is a civilian organization whose primary purpose is to finance projects for the San Diego Sheriff's Department. Exhibit "QQ" & "UU". | Undisputed. |
| 26. Membership is achieved by mere sponsorship by a current member or active deputy, providing three letters of reference, passing a background check, making a "donation" and paying annual dues. And, although a background check is required, the California Penal Code already requires one for CCW applicants. Exhibit "SS". | Undisputed. |
| 27. Regardless, the County holds HDSA members to different, much more lenient standards than the general public, including Plaintiffs, when issuing CCWs. In fact, not one single HDSA member who, while in good standing, has sought a CCW from the County from 2006 to the present has been denied, while 18 non-members have been denied and an unknown number of others decided not to formally apply based on their initial interview or failure to satisfy the County's strict "good cause" requirement applicable to the general public. Exhibit "WW". | Disputed. Exhibit WW does not support the factual statement made. See also, Pelowitz Decl. ¶¶ 11, 22; Defendant's Exhibits 2-15. |

DATED: October 4, 2010

JOHN J. SANSONE, County Counsel

By: s/ *James M. Chapin*
JAMES M. CHAPIN, Senior Deputy
Attorneys for Defendant William D. Gore