```
 1  JOHN J. SANSONE, County Counsel
    By JAMES M. CHAPIN, Senior Deputy (SBN 118530)
 2  1600 Pacific Highway, Room 355
    San Diego, CA  92101
 3  Telephone:  (619) 531-5244
    james.chapin@sdcounty.ca.gov
 4
    Attorneys for Defendant William D. Gore
 5
```

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD PERUTA, MICHELLE LAXSON, JAMES DODD, DR. LESLIE BUNCHER, MARK CLEARY and CALIFORNIA RIFLE AND PISTOL ASSOCIATION FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, WILLIAM D. GORE, INDIVIDUALLY AND IN HIS CAPACITY AS SHERIFF,<br><br>Defendants. | USSD No. **09-CV-2371 IEG (BLM)**<br><br>**DEFENDANT WILLIAM D. GORE'S SEPARATE STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date: November 1, 2010<br>Time: 10:30 a.m.<br>Courtroom: 1<br>Honorable Irma E. Gonzalez |

Defendant submits this separate statement of undisputed material facts and supporting evidence in support of his motion for summary judgment.

| Undisputed Facts | Supporting Evidence |
|---|---|
| 1. Sheriff William Gore is responsible for administering the program for the licensing of persons to carry concealed weapons in San Diego County. ("CCW license") | 1. Penal Code section 12050; Declaration of Blanca Pelowitz ("Pelowitz Decl") ¶¶ 1-2. |
| 2. State law sets forth the general criteria that applicants for concealed weapon licenses must meet.  This requires that applicants be of good moral character, a | 2. Penal Code section 12050; Pelowitz Decl. ¶ 6. |

1  resident of the County they apply in, demonstrate good cause and take a firearms course.

3.  Blanca Pelowitz has been the licensing manager since 2002, has been delegated the responsibility for CCW licensing by the Sheriff and makes all determinations on initial applications for CCW licenses

3.  Pelowitz Decl. ¶¶ 1, 2, 4, 11.

4.  The "residency" requirement is generally defined by this County to be any person who maintains a permanent residence or spends more than six months of the taxable year within the County if the applicant claims dual residency.  San Diego County uses the term "resident" as outlined in Penal Code section 12050(D), and not "domicile."  Part-time residents who spend less than six months in the County are considered on a case-by-case basis, and CCW licenses have been issued in such circumstances.

4.  Pelowitz Decl. ¶ 8.

5.  The "good cause" requirement is defined by this County to be a set of circumstances that distinguish the applicant from the mainstream and causes him or her to be placed in harm's way.  Simply fearing for one's personal safety alone without documentation of a specific threat is not considered good cause.

5.  Pelowitz Decl. ¶ 7.

6.  There is no special treatment for members of the Honorary Deputy Sheriffs Association or for Sheriff's campaign donors

6.  Pelowitz Decl. ¶ 22; see also Defendant's exhibits 2-18.

7.  In 2006, as a courtesy for applicants, the Department initiated an interview process to assist both applicants and line staff in determining pre-eligibility.

7.  Pelowitz Decl. ¶ 11.

| | | |
|---|---|---|
| 1 | During this phase applicants will discuss reasons and situations with line staff and staff is trained to make notes of all comments made by the applicant during the interview.  Staff assists in determining what documentation may be required of the applicant.  If the clerk is able to determine that good cause is questionable, clerks are able to give an educated guess based on the scenarios described by applicants.  The next phase involves applicants gathering their documentation, attending the 8-hour firearms course and returning to submit the written application, fees, and documentation. During this process applicants will be fingerprinted, photographed, signatures will be obtained and applicants are instructed to go to Sheriff's Range for a weapons safety checked and to complete a final qualify-shoot.  Once this phase is complete, the file and all documents are forwarded to the Background Unit for the comprehensive background and verification process. The investigator will provide a recommendation and forward to the Manager who will make the decision to issue or deny and will include any reasonable restrictions and/or instructions to staff. | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | 8.  CCW license holders can renew licenses up to 30 days prior to the expiration date.  All renewals must complete a firearms course, a qualify-shoot and firearm safety inspection.  Renewals are issued on the spot if absent any negative law enforcement contacts, crime cases, arrests and there no changes from the initial application as to the reasons.  No review by supervisor or | 8.  Pelowitz Decl. ¶ 12. |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

managers is needed for the renewal process unless there have been changes to the reason.  Applicants still need to provide some form of documentation to support his or her continued need but not to the extent of the initial application. Applicants sign under penalty of perjury that all prior conditions exist.

| | |
|---|---|
| 9. There is an administrative reconsideration process for CCW applicants.  When taking administrative action to deny, suspend or revoke a CCW license, an upper command concurrence through the Law Enforcement Service Bureau is required before taking action.  All actions require the Manager to prepare a brief synopsis of the proposed action and recommendation. Command will either concur or request additional information.  If concurrence is provided, the denial, suspension or revocation letter is mailed out.  The individual is given the opportunity to request an appeal of the decision by writing to the Assistant Sheriff of the Law Enforcement Service Bureau.  The appeal is heard by the Assistant Sheriff of the Bureau who will make the determination to overturn or uphold decision. | 9. Pelowitz Decl. ¶ 14. |
| 10. Edward Peruta was denied a license to carry a concealed weapon because he failed to provide any documentation establishing good cause.  Residency was not a factor in his denial which was based solely on the lack of good cause. | 10, Pelowitz Decl. ¶ 17. |
| 11. Michelle Laxson did not apply for a CCW license.  She was interviewed by staff but declined to complete and application and did not return . | 11. Pelowitz Decl. ¶ 18. |

12. James Dodd has submitted an application which is still pending at this time.

12. Pelowitz Decl. ¶ 19.

13. Mark Cleary's renewal application was denied based on lack of supporting documentation relating to his employment in March of 2010. Cleary requested a reconsideration appeal and the decision to deny the license was overturned by Command after information about his employment was confirmed. He was issued a CCW license for a new term in June of 2010.

13. Pelowitz Decl. ¶ 20; Plaintiffs' Exhibit "F."

14. Leslie Buncher was a physician who held a valid CCW license during the period of 1971 to 2003. In 2008 Dr. Buncher reapplied for a license. It was denied because he was no longer a practicing physician and the reasons he listed related to his former medical practice. Dr. Buncher declined to go through the reconsideration appeal process.

14, Pelowitz Decl. ¶ 21.

DATED: October 4, 2010

JOHN J. SANSONE, County Counsel

By: s/ *James M. Chapin*
JAMES M. CHAPIN, Senior Deputy
Attorneys for Defendant William D. Gore