C.D. Michel – SBN 144257
Clint B. Monfort – SBN 255609
Sean A. Brady – SBN 262007
cmichel@michellawyers.com
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Blvd., Suite 200
Long Beach, CA 90802
Telephone: (562) 216-4444
Facsimile:     (562) 216-4445
Attorneys for Plaintiffs / Petitioners

Paul Neuharth, Jr. – SBN 147073
pneuharth@sbcglobal.net
PAUL NEUHARTH, JR., APC
1140 Union Street, Suite 102
San Diego, CA 92101
Telephone:    (619) 231-0401
Facsimile:     (619) 231-8759
Attorney for Plaintiffs / Petitioners

## UNITED STATES DISTRICT COURT

## SOUTHERN  DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD PERUTA, MICHELLE LAXSON, JAMES DODD, DR. LESLIE BUNCHER, MARK CLEARY, and CALIFORNIA RIFLE AND PISTOL ASSOCIATION FOUNDATION<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, WILLIAM D. GORE, INDIVIDUALLY AND IN HIS CAPACITY AS SHERIFF,<br><br>Defendants. | ) CASE NO: 09-CV-2371 IEG (BGS)<br>)<br>) **PLAINTIFFS' OBJECTION TO EVIDENCE**<br>) **OFFERED IN SUPPORT OF DEFENDANT'S**<br>) **MOTION FOR SUMMARY JUDGMENT**<br>)<br>) Date:        November 15, 2010<br>) Time:        10:30 a.m.<br>) Location:    Courtroom 1<br>) Judge:       Hon. Irma E. Gonzalez<br>)<br>) Date Action Filed: October 23, 2009<br>)<br>)<br>)<br>) |

1    Plaintiffs Edward Peruta, Michelle Laxson, James Dodd, Dr. Leslie Buncher, Mark Cleary, and

2    California Rifle and Pistol Association Foundation (collectively "Plaintiffs") hereby object to the

3    following evidence presented by Defendant William Gore in connection with his motion for summary

4    judgment set for hearing on November 15, 2010 before this court:

5    Declaration of Franklin E. Zimring in support of Defendant's Motion for Summary Judgment

6    dated September 30, 2010 ("Zimring Declaration"),

7    Objection 1:   page 4, lines 12-16;

8    Objection 2:   page 5, lines 8-16

9    Objection 3:   page 5, lines 20-25;

10   Objection 3:   page 6, line 1;

11   Objection 4:   page 7, lines 13-20;

12   Objection 5:   page 8, lines 14-17;

13   Objection 6:   page 8, lines 20-21;

14   Objection 7:   page 8, lines 23-25;

15   Objection 8:   page 9, lines 2-6; and

16   Objection 9:   page 9, lines 6-22.

17   This evidence is objected to on the grounds that is inadmissible legal opinion under the Federal

18   Rules of Evidence ("FRE").

19   **ARGUMENT**

20   **I.     The Court May Only Consider Admissible Evidence in Ruling on a Motion for Summary Judgment**

21

22   When ruling on a motion for summary judgment, the court may consider "the pleadings, the

23   discovery and disclosure materials on file, and any affidavits"[1] in the case, but when ruling on a motion

24   for summary judgment, the court may only consider admissible evidence. *See Orr v. Bank of Am.*, 285

25   F.3d 764, 773 (9th Cir. Cal. 2002) ("A trial court can only consider *admissible* evidence in ruling on a

26   motion for summary judgment.") (emphasis added)  *See also*  Fed. R. Civ. P. 56(e); *Beyene v. Coleman*

27

28   _____

[1]  Fed. R. Civ. Pro. 56(c)(2).

1  *Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988)). "At the summary judgment stage, the trial court

2  does not focus on the admissibility of the *form* in which the evidence is offered. Instead, the court

3  focuses on the admissibility of its *contents*." *Fraser v. Goodale* (9th Cir. 2003) 342 F3d 1032, 1036 ,

4  *cert. denied sub nom. United States Bancorp v. Fraser*, 541 US 937 (2004) (emphasis added).

5       Plaintiffs issues lie not with the *form* of the Zimring Declaration, but with its *contents*, which are

6  inadmissible.

7       Affidavits and declarations in connection with a motion for summary judgment are only

8  admissible if the affiant or declarant would be permitted to testify as to the content of the affidavit as

9  trial. *See Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992). Since the aforementioned portions

10  of the Zimring Declaration are merely inadmissible legal opinions and/or matters that Mr. Zimring lacks

11  personal knowledge of, under the FRE, Mr. Zimring would not be allowed to testify to these matters at

12  trial.

13  **II.   Expert Testimony Containing or Constituting Legal Opinion or Conclusion is
    Inadmissible under the Federal Rules of Evidence**

14

15       The standards governing admissibility are those set forth in the FRE.  See *Orr*, *supra* p. 2.

16  Testimony that constitutes a legal conclusion, or the legal implications of evidence is inadmissible

17  under FRE 704. *See United States v. Boulware*, 558 F.3d 971, 975 (9th Cir.  2009); *United States v.*

18  *School*, 166 F.3d 964, 973 (9th Cir. 1999).

19       "A witness cannot be allowed to give an opinion on a question of law. . . . In order to justify

20  having courts resolve disputes between litigants, it must be posited as an a priori assumption that *there*

21  *is one, but only one, legal answer for every cognizable dispute. There being only one applicable legal*

22  *rule for each dispute or issue, it requires only one spokesman of the law, who of course is the judge. . . .*

23  To allow anyone other than the judge to state the law would violate the basic concept." *Specht v.*

24  *Jensen*, 853 F.2d 805, 807 (10th Cir. Colo. 1988) (quoting Stoebuck, *Opinions on Ultimate Facts:*

25  *Status, Trends, and a Note of Caution*, 41 Den. L. Cent. J. 226, 237 (1964)) (emphasis added).

26       The Ninth Circuit has also excluded legal expert testimony concerning both what the law is and

27  how it should be applied to the facts of a case as well as barring expert testimony that serves as nothing

28  more than general opining about legal conclusions. *See, Aguilar v. International Longshoreman's Union*

1 | *Local # 10*, 966 F.2d 443 (9th Cir. 1992); *see also Scholl*, *supra* p.3.

2 | It is for the court to state the applicable law for the jury, and allowing expert legal opinion on

3 | questions of law interferes with the judge's role as the "sole arbiter of the law." *See, Pinal Creek Group*

4 | *v. Newmont Mining Corp.*, 352 F. Supp. 2d 1037, 1043 (D. Ariz. 2005). Additionally, courts have

5 | prohibited expert opinion that applies the law to the facts, as this usurps the role of the jury. *See Marx &*

6 | *Co. v. Diners' Club, Inc.*, 550 F.2d 505, 508-11 (2d Cir. 1977). *McDevitt v. Guenther*, 522 F. Supp. 2d

7 | 1272, 1292-1293 (D. Haw. 2007). *See also  Pinal Creek Group* at 1043-1044 ("In addition to

8 | prohibiting legal expert testimony which defines the governing law, courts have also prohibited legal

9 | expert opinion which applies the law to the facts.  .... although Fed. R. Evid. 702 allows for expert

10 | testimony if "scientific, technical, or other specialized knowledge will assist the trier of fact," this rule

11 | does not permit expert opinion concerning legal matters.").

12 | In fact, expert reports of law professors like Mr. Zimring have been excluded where those

13 | reports "offer[ed] nothing other than a discussion of the law and an application of the law, [and] [t]he

14 | report reads more like a legal brief than an expert report." *Id.* at 1044.

15 | **III.    Witnesses May Only Testify As To Matters They Have Personal Knowledge Of**

16 | Affidavits and declarations submitted in connection with a motion for summary judgment must

17 | be prepared by an individual with knowledge of the facts. *See Richardson v. Oldham*, 12 F.3d 1373,

18 | 1378 (5th Cir. 1994). Under FRE 602, witnesses are prohibited from testifying as to matters that they

19 | lack personal knowledge of. The personal knowledge standard of FRE 602 is also applicable to

20 | affidavits and declarations submitted in connection with motions for summary judgment. (*See* FRCP

21 | 56(e) which requires, in part, that:  "A supporting or opposing affidavit must be made on personal

22 | knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to

23 | testify on the matters stated." See also,  *FDIC v. New Hampshire Ins. Co.*, 953 F.2d 478 (9th Cir. 1991)

24 | "Declarations and other evidence of the moving party that would not be admissible are subject to a

25 | timely objection and may be stricken.")

26 | ///

27 | ///

28 | ///

Based on the foregoing, Plaintiffs' objections are as follows:

**OBJECTION NO. 1:** Zimring Declaration, page 4, lines 12-16

**Text Objected to:**

"The governmental interest in restricting the use of guns in violent crime is in reducing the number of deaths and life-threatening injuries that are produced when guns rather than less deadly weapons became instruments of robbery and assault. This interest is clear, appropriate and important for both the State of California and the County of San Diego."

**Grounds for Objection:**

Improper legal opinion. No foundation. Speculation.

Mr. Zimring is not and would not be able to testify as to what the "governmental interest" is and whether or not that interest is "clear, appropriate, and important."  This text constitutes a legal opinion and conclusion.

**OBJECTION NO. 2:** Zimring Declaration, page 5, lines 8-16

**Text Objected to:**

"But California, like most U.S. states, allows competent adults to own handguns if they have no major record of criminal conviction.

Because California does not restrict eligibility of most citizens to own handguns  or the volume of guns owned, the state's first line of defense against the use of such weapons in street crime is a series of restrictions on the time, place and manner of handgun use. California law prohibits the carrying of concealed deadly weapons without a special permit. The state law delegates the authority to establish standards and make individual decisions to county law enforcement. The goal here is to distinguish uses of handguns that do not pose a special threat to the public (such as storage and use in the owner's home) from uses that pose greater threats to public safety (such as the carrying of concealed weapons in streets and public places)."

**Grounds for Objection:**

Improper legal opinion. No foundation. Speculation.

Mr. Zimring is not and would not be able to testify as  to what the goal of state law or what the "governmental interest" is in terms of handgun regulations. This text constitutes a legal opinion and

1   conclusion.

2   **OBJECTION NO. 3:** Zimring Declaration, page 5, lines 20-25; page 6, line 1

3   **Text Objected to:**

4   "Of course not all of those carrying concealed handguns intend to use them as instruments of

5   public harm. But the existence of a loaded weapon is a hidden danger. California's emphasis on

6   controlling this risky use of guns rather than restricting ownership itself is exactly opposite to the policy

7   formerly pursued by Washington, D.C. and disapproved in the *Heller* decision in 2008. The distinction

8   between restricting ownership and restricting dangerous uses is fundamental in the design of firearms

9   control.

10   **Grounds for Objection:**

11   Improper legal opinion. No foundation. Speculation.

12   Mr. Zimring is not and would not be able to testify as to whether the state of California's

13   firearms policies are in line with the *Heller* decision or make an interpretation of the law as laid out by

14   *Heller*. This text constitutes a legal opinion and conclusion.

15   **OBJECTION NO. 4:** Zimring Declaration, page 7, lines 13-20

16   **Text Objected to:**

17   "The stringent requirements that California and San Diego County impose on persons wishing to

18   have permits to carry loaded and concealed guns have two strategic objectives. The first and most

19   important is to restrict drastically the number of persons secretly armed on the streets of San Diego

20   County-to just over a thousand in a county of over three million population in 2009, as shown in Figure

21   1 (attached as Appendix B).

22   Figure 1 shows the current control of the volume of California concealed weapons (CCW)

23   permits and the huge stakes of shifting to the standards asserted as rights by the plaintiffs in this

24   litigation."

25   **Grounds for Objection:**

26   Improper legal opinion. No foundation. Speculation.

27   Mr. Zimring is not and would not be able to testify as to what the "strategic objectives" of the

28   State of California and the Defendants' requirements for issuance of concealed carry weapons permits

1    are.  This text regarding the "governmental interest" constitutes a legal opinion and conclusion.

2    <u>**OBJECTION NO. 5:**</u> Zimring Declaration, page 8, lines 14-17

3    **Text Objected to:**

4    "The State of California and the County of San Diego believe that it would threaten the public

5    health and safety to have hundreds of thousands of people in San Diego carrying loaded handguns that

6    the people who share the streets and stores and parks of  San Diego cannot see."

7    **Grounds for Objection:**

8    Improper legal opinion. No foundation. Speculation.

9    Mr. Zimring is not and would not be able to testify as to what the "governmental interest" of the

10    State of California and Defendant San Diego County as to the health and safety of their citizens are.

11    This text constitutes a legal opinion and conclusion. Additionally, Mr. Zimring is not a member of the

12    legislature, a state government official, or an employee of the County of San Diego, therefore he is not

13    and would not be competent to testify as to what the State of California and Defendant County of San

14    Diego believe. This text constitutes a matter outside both the personal knowledge and legal purview of

15    Mr. Zimring.

16    <u>**OBJECTION NO. 6:**</u> Zimring Declaration, page 8, lines 20-21

17    **Text Objected to:**

18    "San Diego has never tried to restrict home possession, so it obviously believes that public

19    places call for different presumptive policies ...."

20    **Grounds for Objection:**

21    No foundation. Speculation.

22    Mr. Zimring is not an employee of the County of San Diego, therefore he is not and would not

23    be competent to testify as to what Defendant County of San Diego believes. This text constitutes a

24    matter outside the personal knowledge of Mr. Zimring.

25    <u>**OBJECTION NO. 7:**</u> Zimring Declaration, page 8, lines 23-25

26    **Text Objected to:**

27    "The central question is whether public concealed weapons can be restricted even if possession

28    in the home is protected by *Heller*."

1   **Grounds for Objection:**

2       Improper legal opinion. No foundation. Speculation.

3       Mr. Zimring is a judge, and therefore he is not and would not be competent or qualified to testify

4   as to what the central questions and/or issues of this case are, which is a matter for the court to decide.

5   This text constitutes a legal opinion and conclusion.

6         **OBJECTION NO. 8:** Zimring Declaration, page 9, lines 2-6

7   **Text Objected to:**

8       "The right of home possession announced in the *Heller* case does not require citizens to

9   purchase and own handguns in their houses but rather confers on individuals the right to decide for

10   themselves if the benefits of gun possession in the home outweigh the risks. So the Second Amendment

11   liberty announced in *Heller* puts the homeowner in a position of power to determine what risks to take."

12   **Grounds for Objection:**

13       Improper legal opinion. No foundation. Speculation.

14       Mr. Zimring is not a judge, therefore he is not and would not be competent or qualified to testify

15   as to what provisions *Heller* confers on individuals with regard to their Second Amendment rights,

16   which is a matter for the court to decide. This text constitutes a legal opinion and conclusion.

17         **OBJECTION NO. 9:** Zimring Declaration, page 9, lines 16-22

18   **Text Objected to:**

19       "So government must be involved in public space regulation in a way that is not necessary in the

20   privacy of individual homes. This is why concealed weapons laws are the oldest form of legal

21   regulation of gun use and the most common. There is a public choice that must be made to reduce the

22   number of persons carrying concealed weapons by limiting licenses. But without a general rule on the

23   standard for licenses, there is no way that individual preferences for or against high rates of permits can

24   be translated into a regulatory framework."

25   **Grounds for Objection:**

26       Improper legal opinion. No foundation. Speculation.

27       Mr. Zimring is not a judge, therefore he is not and would not be competent or qualified to testify

28   as to what the standard for issuance of CCW permits should be, which is a matter for the court to

1   decide. This text constitutes a legal opinion and conclusion.

2   **IV.     CONCLUSION**

3         Plaintiffs will respectfully request the court at the hearing on the motion to sustain the above

4   objection(s) and to strike the evidence above.

5    Dated: October 18, 2010              **MICHEL & ASSOCIATES, PC**

6

7                                      /s/C.D. Michel
8                                      C. D. MICHEL
                                       Attorney for Plaintiffs
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12

| | |
|---|---|
| EDWARD PERUTA, MICHELLE LAXSON, JAMES DODD, DR. LESLIE BUNCHER, MARK CLEARY, and CALIFORNIA RIFLE AND PISTOL ASSOCIATION FOUNDATION<br><br>        Plaintiffs,<br><br>    v.<br><br>COUNTY OF SAN DIEGO, WILLIAM D. GORE, INDIVIDUALLY AND IN HIS CAPACITY AS SHERIFF,<br><br>        Defendants. | ) CASE NO. 09-CV-2371 IEG (BGS)<br>)<br>) **CERTIFICATE OF SERVICE**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age.  My business address is 180 E. Ocean Blvd., Suite 200, Long Beach, California, 90802.

I am not a party to the above-entitled action. I have caused service of:

**PLAINTIFFS' OBJECTION TO EVIDENCE OFFERED IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

James M. Chapin
County of San Diego
Office of County Counsel
1600 Pacific Highway
Room 355
San Diego, CA 92101-2469
(619) 531-5244
Fax: (619-531-6005
james.chapin@sdcounty.ca.gov

Paul Neuharth, Jr. (State Bar #147073)
PAUL NEUHARTH, JR., APC
1140 Union Street, Suite 102
San Diego, CA 92101
Telephone:    (619) 231-0401
Facsimile:    (619) 231-8759
pneuharth@sbcglobal.net

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 18, 2010.

                    /s/ C.D. Michel
                    C. D. Michel
                    Attorney for Plaintiffs