**EXHIBIT A**

1  C. D. Michel – SBN 144258
   Clint B. Monfort - SBN 255609
2  Sean A. Brady - SBN 262007
   cmichel@michellawyers.com
3  MICHEL & ASSOCIATES, P.C.
   180 E. Ocean Blvd., Suite 200
4  Long Beach, CA 90802
   Telephone: (562) 216-4444
5  Facsimile:   (562) 216-4445
   www.michellawyers.com
6  Attorneys for Plaintiffs / Petitioners

7  Paul Neuharth, Jr. (State Bar #147073)
   pneuharth@sbcglobal.net
8  PAUL NEUHARTH, JR., APC
   1440 Union Street, Suite 102
9  San Diego, CA 92101
   Telephone: (619) 231-0401
10 Facsimile:   (619) 231-8759
   Attorney for Plaintiffs / Petitioners

11

12                  **IN THE UNITED STATES DISTRICT COURT**

13                     **SOUTHERN DISTRICT OF CALIFORNIA**

14

15  EDWARD PERUTA, MICHELLE         )   **CASE NO: 09-CV-2371 IEG (BGS)**
    LAXSON, JAMES DODD, DR. LESLIE  )
16  BUNCHER, MARK CLEARY, and       )   **PLAINTIFFS' SUR-REPLY IN**
    CALIFORNIA RIFLE AND PISTOL     )   **OPPOSITION TO DEFENDANT'S REPLY**
17  ASSOCIATION FOUNDATION          )   **IN SUPPORT OF DEFENDANTS' MOTION**
                                    )   **FOR SUMMARY JUDGMENT**
18          Plaintiffs,             )   **[PROPOSED]**
                                    )
19      v.                          )
                                    )   Date:     November 15, 2010
20  COUNTY OF SAN DIEGO, WILLIAM D. )   Time:     10:30 a.m.
    GORE, INDIVIDUALLY AND IN HIS   )   Location: Courtroom 1
21  CAPACITY AS SHERIFF,            )   Judge:    Hon. Irma E. Gonzalez
                                    )
22          Defendants.             )   Date Action Filed: October 23, 2009
                                    )

23

24

25

26

27

28

                                        1                       09-CV-2371 IEG (BGS)

# ARGUMENT

## I. UNLOADED AND OPEN CARRY IS *NOT* A CONSTITUTIONAL METHOD OF CARRY UNDER THE SECOND AMENDMENT, NOR IS IT VIABLE FOR SELF-DEFENSE PURPOSES

In their Motion for Partial Summary Judgment, Plaintiffs explained that they: "do not claim a right to publicly carry handguns in a concealed manner *per se*, only a right to carry handguns in a manner specified by the Legislature, which, in California, is licensed, concealed carry." Pls.' Mot. Partial Summ. J. at 23:5-8.  Despite this clear statement, the County repeatedly argued why bans on *concealed* carry of firearms are constitutional. The County now apparently realizes that those arguments are irrelevant, and that its claim that *Heller* limits Second Amendment rights to the home is unpersuasive. So now the County argues that carrying a firearm *unloaded* and openly ("UOC") with the ammunition nearby – which California allows in *some* places under *some* conditions[1] – is a method of carrying that satisfies the Second Amendment requirement that people be allowed to carry a firearm for self-defense in *some* manner. The County contends that Plaintiffs should have explained why UOC "combined with the exceptions in [Penal Code §] 12031" is inadequate for self-defense. *See* Defendant's Reply in Support of Defendant's Motion for Summary Judgment at 2:4-6.  But, the County never raised this argument in its Opposition/Cross-Motion, and this is the County's burden to establish that this method satisfies the Second Amendment. Nonetheless, the argument is easily dismissed.

### A. *Heller* Makes Clear that Requiring UOC for Bearing Arms Is Inadequate for *Immediate* Self-Defense

The ordinance struck down in *Heller* required firearms in the home to be "unloaded and dissembled or bound by a trigger lock or similar device." *District of Columbia v. Heller*, 128 S. Ct. 2783, 2788 (U.S. 2008).  The Supreme Court ruled that requirement as violative of the Second Amendment because it renders a firearm inoperable "for the purpose of *immediate* self-defense" (emphasis added). *Id.* at 2821-2822.  A requirement that firearms be carried unloaded – even if

---

[1] Penal Code § 12025 prohibits the possession of concealed weapons in public, and Penal Code § 12031 prohibits the possession of loaded weapons in public.  So unloaded, completely unconcealed firearms, or firearms carried in an exposed belt holster, are legal to carry in certain public places in limited circumstances.

ammunition is accessible to the carrier – would likewise render those firearms inoperable "for the purpose of *immediate* self-defense."

It takes nearly the same amount of time and effort, and in some cases more, to remove a handgun from a holster, remove either a magazine (for a semi-automatic handgun) or a speed-loader (for a revolver), open the action, load the firearm, close the action and engage the target, as it does to remove a trigger lock and engage a target. (*See generally* Declaration of Stephen Helsley). Even without expert opinion, this is common sense. A need to exercise the fundamental right to self-defense can arise in a split second. Loading a firearm under life and death pressure is difficult and - even for the trained and well-practiced - time-consuming; taking precious seconds when they count most. Would police or private security submit to such a restriction? An unloaded firearm is essentially useless for self-defense, except perhaps as a club.

The County provides no testimony, reference material, or legal authority to support its proposition that carrying a firearm unloaded with ammunition nearby is a constitutionally sufficient alternative to carrying a loaded firearm as a means of self-defense. But *Heller* itself cites several state court cases which upheld prohibitions on carrying firearms *concealed*, as long as carrying firearms *openly* was permitted. *Heller* at 2794, n.9. None of those cases even suggest that *unloaded*, open carry fulfills the requirement that law-abiding persons be allowed to carry arms for self-defense. (*See State v. Chandler*, 5 La. Ann. 489 (1850); *Nunn v. State*, 1Ga. 243 (1846); *Andrews*, 50 Tenn. 165 (1871); and *State v. Reid*, 1 Ala. 612 (1840). In fact, *Reid* suggests the exact opposite, stating: "A statute which, under the pretence of regulating, amounts to a destruction of the right, *or which requires arms to be so borne as to render them wholly useless for the purpose of defence*, would be clearly unconstitutional." *Id. at* 616-17 (emphasis added).

**B.      UOC Has Many Statutory Limitations That Make it Impractical**

**1.      Those Who UOC Are Statutorily Subject to Suspicionless Search**

Penal Code § 12031(e) expressly authorizes law enforcement to stop any person an officer sees in possession of a firearm in a public place[2] and to inspect the firearm to determine whether it is loaded. If an officer has reasonable cause to believe a firearm carried in a public place is loaded, the officer can

---

[2] *See* Penal Code § 12031(f) and *People v. Vega* (1971) 18 Cal. App.3d 954, 958, for the definition of "public place."

arrest the person carrying the firearm, even if no crimes is actually committed. (Penal Code § 12031(a)(5)(A)(ii).)[3]  Those carrying firearms pursuant to a CCW are not subject to such statutory searches.

### 2.     There Are Many Places Where UOC is Not Allowed

Both California (Penal Code § 626.9) and federal (18 U.S.C. §§ 921(a)(25); 922(q) & 924(a)) law make it generally illegal to possess a firearm, that is not in a locked container and unloaded, in any place the person knows, or reasonably should know, is within 1,000 feet of the grounds of any public or private school that teaches any grade between kindergarten through 12.  Violation of either the state or the federal version of this law can be charged as a felony. (*See* Penal Code § 626.9(f); 18 U.S.C. § 924(a)(4).)  Those carrying a firearm pursuant to a valid CCW are exempted from these laws. (*See* Penal Code § 626.9(l); 18 U.S.C. §§ 921(a)(25); 922(q).)

Also, many cities and counties have ordinances prohibiting firearms in certain areas, most commonly in public parks.  Alameda County has banned firearms on all county owned property. *See* Ex. "A" Supp. Pls.' Consolidated Opp/Reply. Those carrying a firearm pursuant to a valid CCW are typically exempted from these local restrictions. (*e.g., Id.*).

### 3.     UOC is Impractical

Those who UOC must either possess the firearm *completely* unconcealed, or carrry it in a belt holster, lest they violate Penal Code § 12025.  And under Penal Code § 12031(e), they must submit to an inspection of their firearm by every law enforcement officer they come into contact with who requests one. They must also research the location of every school zone, and plan routes of travel around them (which in metropolitan areas is virtually impossible) or risk felony prosecution (and thus a loss of *all* firearms rights); they must research and comply with the local ordinances relating to carrying firearms for every city and county they visit or risk prosecution thereunder; then they have to take the precious time to load their firearm (no easy task if involved in a life and death confrontation, provided it is possible at all).  Contrary to the County's assertion, UOC is an unwieldy practice hardly befitting of a fundamental, enumerated right the *Heller* Court referred to as "the true palladium of liberty," (See *Heller.* at 2805 (quoting St. George Tucker's version of Blackstone's Commentaries), and is not an

---

[3] Probable cause exists if the person carrying the firearm refuses to allow a requesting officer to inspect it. (Penal Code § 12031(e) .)

adequate substitute for CCW under the Second Amendment.

## II. THE CCW CASES PENDING BEFORE THE NINTH CIRCUIT ARE NOT INSTRUCTIVE

The County cites to unpublished district court decisions and mischaracterizes them as: "*two recent* California federal cases" (emphasis added) that have rejected challenges to "concealed weapons regulations" at the trial level: *Mehl v. Blanas*, 2008 U.S. Dist. LEXIS 8349 (E.D. Cal. 2008) and *Rothery v. Blanas*, U.S. District Court for the Eastern District of California, No. CIV. S 08-02064. *See* Def.'s Reply Supp. Mot. Summ. J. at 3:18-24. But, only *one* of those cases, *Rothery*, addressed a Second Amendment question. Both case were pre-*McDonald*, *Mehl* was even pre-*Heller*. These are not "recent" cases. Nor are they particularly instructive.

The plaintiffs' Second Amendment claim in *Mehl* was never decided by that court because the plaintiffs in that case, it being pre-*Heller* (February of 2008), conceded that Ninth Circuit precedent barred any Second Amendment claim prior to Sacramento County's motion to dismiss being ruled on.[4] Thus, *Mehl* did not address any Second Amendment question, and even if it had, it would have been of little value, being decided pre-*Heller*.

*Rothery* involved an almost identical challenge to that in *Mehl*, even the defendants and the attorneys were the same.[5] Also, like *Mehl*, Sacramento County's motion to dismiss was granted.  But unlike *Mehl*, the court did decide the Second Amendment issue, opining that no such claim is available. But the ruling on the Second Amendment claim was pre-*McDonald*, and the judge relied almost exclusively on *Nordyke v. King*[6] in concluding "there is no constitutional right to carry a concealed weapon."[7]  But, the *Nordyke* case has been vacated, and is no longer good law. See Pls.' Consolidated Opp./Reply 5:15-22 & n.9.

---

[4] *See* Memorandum and Order Granting Defendant's Motion for Summary Judgment, *Mehl v. Blanas*, (No. 03-2682) (E.D. Cal. Feb. 5, 2008).

[5] *See* Transcript of Court's Rulings on Motions to Dismiss, *Rothery v. Blanas*, at 1:9-16 (No. 08-2064) (July 15, 2009).

[6] *See* Mem. and Order Granting Def.'s Mot. Summ. J., at 2:15-19 and 6:10-14 and 11:15-23, *Mehl v. Blanas*, (No. 03-2682) (E.D. Cal. Feb. 5, 2008)

[7] *See* Tr. Ct.'s Rulings on Mots. to Dismiss, *Rothery v. Blanas*, at 8:17-21 (No. 08-2064) (July 15, 2009).

1  Further, in granting Sacramento's motion to dismiss, the judge repeatedly said there is no
2  constitutional right to carry a "concealed" weapon, basing his decision on the language from *Heller* that
3  most 19th-Century courts held prohibitions on carrying concealed weapons to be lawful, and taking the
4  position that the right to arms is limited to the home.[8]  This Court has already correctly rejected both of
5  those propositions, appropriately so in light of *McDonald.*. *See* Order Denying Defendant's Motion to
6  Dismiss, *Peruta v. County of San Diego*, 678 F. Supp. 2d 1046, at 1051 (No. 09-2371) ("*Heller* does not
7  preclude Second Amendment challenges to laws regulating firearm possession outside of home.") and
8  1053-1054 (where this Court recognized *Heller's* distinction between presumptively lawful restrictions,
9  like concealed carry bans when alternative methods of carry are allowed, and unconstitutional total bans
10 on carrying firearms outside the home for self-defense.).

### III. FOR SUMMARY JUDGMENT PURPOSES THERE ARE AT BEST DISPUTED MATERIAL FACTS STILL UNRESOLVED

Discovery in this case has not concluded. No depositions have been taken. Plaintiffs believe there are minimal factual issues involved in establishing the Second Amendment violation alleged. By this motion they sought to avoid protracted and expensive litigation and discovery on factual issues that may have less significance depending on the Court's ruling on the Second Amendment claim. But the Court may disagree, or find that there are factual issues left to be resolved relating to the other claims. In which case, and considering the minimal discovery completed so far, if the court is inclined to deny Plaintiffs' motion it should do so wholly, or in part, *without* prejudice.

**Date:** November 8, 2010

**MICHEL & ASSOCIATES, P.C.**                    **PAUL NEUHARTH, JR., A.P.C.**

/s/ C. D. Michel                                  /s/ Paul Neuharth, Jr. *as authorized on 10/8/10*

C. D. Michel                                      Paul Neuharth, Jr. A.P.C.
E-mail: cmichel@michellawyers.com                 E-mail: pneuharth@sbcglobal.net
Attorneys for Plaintiffs                          Attorneys for Plaintiffs

---

[8] *See* Tr. Ct.'s Rulings on Mots. to Dismiss, *Rothery v. Blanas*, at 12 (No. 08-2064) (July 15, 2009).

# IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD PERUTA, MICHELLE LAXSON, JAMES DODD, DR. LESLIE BUNCHER, MARK CLEARY, and CALIFORNIA RIFLE AND PISTOL ASSOCIATION FOUNDATION,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, WILLIAM D. GORE, INDIVIDUALLY AND IN HIS CAPACITY AS SHERIFF,<br><br>Defendants. | CASE NO. 09-CV-2371 IEG (BGS)<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 E. Ocean Blvd., Suite 200, Long Beach, California, 90802.

I am not a party to the above-entitled action. I have caused service of:

**PLAINTIFFS' SUR-REPLY IN OPPOSITION TO DEFENDANT'S REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [PROPOSED]**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

James M. Chapin
County of San Diego
Office of County Counsel
1600 Pacific Highway
Room 355
San Diego, CA 92101-2469
(619) 531-5244
Fax: (619) 531-6005
james.chapin@sdcounty.ca.gov

Paul Neuharth, Jr. (State Bar #147073)
PAUL NEUHARTH, JR., APC
1140 Union Street, Suite 102
San Diego, CA 92101
Telephone:  (619) 231-0401
Facsimile:  (619) 231-8759
pneuharth@sbcglobal.net

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 8, 2010.

        /s/  C.D. Michel
        C. D. Michel
        Attorney for Plaintiffs